IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No: 3:19-cv-00679 ) Judge William L. Campbell Jr. ) |
| WAYNE LAPIERRE, NATIONAL RIFLE ASSOCIATION OF AMERICA, and NRA FOUNDATION, INC. | ) Magistrate Judge Jefferey S. Frensley ) ) ) |
| Defendants. | ) |

# MEMORANDUM OF LAW IN SUPPORT OF WAYNE LAPIERRE'S MOTION TO DISMISS

W. Allen McDonald
LACY, PRICE & WAGNER PC
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865)-246-0800

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer (admitted *pro hac vice*)
750 Lexington Avenue, 14th Floor
New York, NY 10022
(212)-489-1400

*ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA AND WAYNE LAPIERRE*

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | STATEMENT OF RELEVANT FACTS | 3 |
| III. | ARGUMENT | 5 |
| | A. Legal Standard for Motion to Dismiss. | 5 |
| | B. Because Dell'Aquila Fails to Satisfy Rule 9(b) Pleading Requirements, All of His Claims Must Be Dismissed. | 5 |
| | C. Dell'Aquila Fails to Allege Common-Law Fraud (Or Fraudulent Inducement). | 6 |
| |     1. Falsity | 7 |
| |     2. Knowledge and Intent | 8 |
| |     3. Reliance | 9 |
| |     4. Injury | 9 |
| | D. Dell'Aquila Fails to Allege a RICO Violation. | 9 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**

*Baugh v. Novak*,
 340 S.W.3d 372 (Tenn. 2011)............................................................................................7, 8

*Blount Fin. Serv., Inc. v. Walter E. Heller & Co.*,
 819 F.2d 151 (6th Cir. 1987) ........................................................................................2, 5, 6

*Coffey v. Foamex L.P.*,
 2 F.3d 157 (6th Cir. 1993) .....................................................................................................7

*Graham v. American Cyanamid Co.*,
 350 F.3d 496 (6th Cir. 2003) .................................................................................................9

*Hayes v. Burns*,
 2013 WL 4501464 (M.D. Tenn. Aug. 22, 2013) ..............................................................2, 5, 6

*Heinrich v. Waiting Angels Adoption Servs., Inc.*,
 668 F.3d 393 (6th Cir. 2012) .................................................................................................9

*Kantz v. Rubin Lublin, PLLC*,
 2015 WL 1543531 (M.D. Tenn. Apr. 6, 2015)..........................................................2, 5, 7, 10

*Moon v. Harrison Piping Supplies*,
 465 F.3d 719 (6th Cir. 2006) .................................................................................................9

*Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.*,
 447 F.3d 923 (6th Cir. 2006) .................................................................................................7

*Smith v. Bank of America Corp*,
485 Fed. Appx. 749, 752 (6th Cir. 2012)................................................................................5

*United States v. Frost*,
 125 F.3d 346 (6th Cir. 1997) ..............................................................................................2, 9

*Walburn v. Lockheed Martin Corp.*,
 431 F.3d 966 (6th Cir. 2005) ..........................................................................................2, 6, 7

*Zielger v. State of Michigan*,
 90 Fed. Appx. 808 (6th Cir. 2004).........................................................................................1

**Statutes**

18 USC § 1341................................................................................................................2, 4, 9

18 USC § 1962(c) ..................................................................................................................9

Not-For-Profit Corporation Law § 720 ......................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 9(b) .............................................................................. 2, 5, 9, 10

Federal Rule of Civil Prrocedure 12(b)(6) ...................................................................................... 5

Federal Rule of Civil Procedure 23(a) ............................................................................................ 1

Federal Rule of Civil Procedure 23(b) ............................................................................................ 1

# I.

## PRELIMINARY STATEMENT

Earlier this year, Plaintiff David Dell'Aquila ("Dell'Aquila") embarked on a self-described "grass-roots effort" to impose changes of his own upon the National Rifle Association of America (the "NRA").[1] At first, Dell'Aquila threatened to withhold donations from the NRA until his agenda was adopted.[2] When that effort failed—likely for lack of support—Dell'Aquila filed this putative class action against the NRA, the NRA Foundation ("NRAF"), and NRA Executive Vice President and CEO Wayne LaPierre ("LaPierre," and collectively "Defendants"). Dell'Aquila's underlying grievances against the NRA's leadership are not only misguided but irrelevant here. To enlist the time and resources of this Court, Dell'Aquila must do more than offer vague, salacious accusations—he must satisfy federal pleading standards, including the heightened standards applicable to his fraud and RICO claims. Dell'Aquila cannot do so.

On behalf of himself and two putative classes,[3] Dell'Aquila asserts that he donated to the NRA and the NRAF based upon allegedly-false "solicitations" (made by unspecified persons, at unspecified times and places) that donor funds would be used to advance certain charitable purposes.[4] He also names LaPierre as an individual Defendant. Without alleging that Defendants failed to fund those charitable purposes, Dell'Aquila accuses LaPierre of fraud and racketeering

---

[1] Danny Hakim, "NRA Donor Directs a Revolt Against a 'Radioactive Leader," NYTIMES (July 2, 2019), https://www.nytimes.com/2019/07/02/us/nra-donors-wayne-lapierre.html.
[2] *See id*.
[3] Although a Rule 23 motion for class certification is not before the court, both of Dell'Aquila's classes, comprised of every American donor to the NRA or the NRAF since January 1, 2015, respectively, cannot meet the requirements imposed by the Federal Rules of Procedure. The putative classes fail all Rule 23(a) requirements and the predominance and superiority factor pursuant to Rule 23(b) on which Plaintiff bases them. Among other reasons, the putative classes fail because Dell'Aquila is a non-attorney, *pro se* plaintiff and therefore cannot adequately represent the classes. *See Zielger v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004).
[4] Amended Complaint ¶ 11.

based upon alleged expenditures for other, "alternative" purposes, including legal fees, advertising, and employee travel.[5] Dell'Aquila does not allege that the ordinary operational expenditures he attacks were inadequately disclosed in the NRA's or NRAF's financial statements.[6] Nor does he allege that donations raised for specific programs or purposes were diverted.[7]

Dell'Aquila fails to state a claim upon which relief can be granted for against LaPierre for fraud and violations of RICO, respectively. First, Dell'Aquila fails to plead any misrepresentations with the particularity required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").[8] He fails to allege a single, specified misrepresentation by Defendants. That failure is fatal to both his fraud and RICO claims.[9] Second, the Amended Complaint is devoid of allegations sufficient to satisfy the elements of a claim of fraud, including falsity of representation, knowledge, intent, reliance, or injury.[10] Third, Dell'Aquila fails to properly plead RICO violations, as he fails to allege the elements of mail fraud pursuant to 18 USC § 1341.[11] The Amended Complaint falls short of its pleading requirements for each cause of action and, therefore, must be dismissed.

---

[5] Dell'Aquila bases his allegations in part on the inaccurate and self-serving assertions of former NRA President Lt. Col. Oliver North, who was ousted in the wake of an alleged extortion scheme attempted upon LaPierre for money in exchange for control of the NRA. The coup and the relationship between Lt. Col. North and the NRA have been the subject of extensive media coverage and lawsuits currently pending in various jurisdictions.
[6] *See generally,* Amended Complaint.
[7] *See generally, id*.
[8] *See Hayes v. Burns*, 2013 WL 4501464, at *5 (M.D. Tenn. Aug. 22, 2013) (fraud); *Blount Fin. Serv. Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987) (RICO).
[9] *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 2005); *Blount*, 819 F.2d at 152.
[10] *Kantz v. Rubin Lublin, PLLC*, 2015 WL 1543531, at *6 (M.D. Tenn. Apr. 6, 2015).
[11] *See United States v. Frost*, 125 F.3d 346, 354 (6th Cir. 1997).

2

## II.

## STATEMENT OF RELEVANT FACTS

Plaintiff Dell'Aquila is allegedly an NRA donor.[12] In early Summer of 2019, Dell'Aquila embarked on a "grass-roots effort" to effect change at the NRA.[13] As part of this effort, he appealed to other donors to withhold donations pending those "changes" coming into effect.[14] Importantly, he sought attention from news outlets to spread his message.[15] Having failed to dissuade NRA members from standing with its elected leaders, in early August of 2019, Dell'Aquila filed this lawsuit, earning more press coverage.[16]

In his Amended Complaint, Dell'Aquila alleges that Defendants solicited donations from himself and the members of two putative classes, consisting of all donors to the NRA and NRAF between January 1, 2015, and today.[17] Without specifying the identity of the speaker, the place of any statements, or the manner in which any such statements were conveyed, Dell'Aquila alleges that Defendants advised that the donations would be used for "gun safety education; to promote shooting sports and hunter safety; to foster wildlife conservation; and to protect gun ownership rights in the United States," which he refers to as the "NRA's core mission." (the "Solicitations").[18] These are Dell'Aquila's only allegations regarding a fraudulent statement (repeated in each Count). He alleges that, in reliance on the Solicitations, Plaintiffs donated to the NRA and NRAF.[19]

---

[12] *See* Amended Complaint ¶ 7.
[13] Hakim, NYTIMES (July 2, 2019).
[14] *See id*.
[15] *Id*.
[16] Mark Maremont, "NRA Donor Files Suit Over CEO's Expenses," THE WALL STREET JOURNAL (Aug. 7, 2019), https://www.wsj.com/articles/nra-donor-files-suit-over-ceos-expenses-11565221846.
[17] *See* Amended Complaint ¶ 11.
[18] *Id.* ¶¶ 42, 49, 57, 68.
[19] *See id.* ¶¶ 44, 51, 59, 70.

3

Dell'Aquila alleges that he learned this information through media sources and an investigation conducted by the NRA's former President, Lt. Col. Oliver North ("North").[20] The facts and circumstances surrounding these events are the subject of pending litigation.[21]

In support of his assertion that the Solicitations were intentionally false, Dell'Aquila alleges that Defendants used "significant portions of the donated funds for purposes unrelated" to the uses conveyed in the Solicitations.[22] As examples of allegedly fraudulent spending by Defendants, Dell'Aquila makes conclusory allegations regarding a number of expenditures, including: (1) fees and costs for legal services; (2) fees and costs for advertising and marketing services; (3) travel costs; and (4) charitable contributions, among others.[23]

Based on these allegations, Dell'Aquila asserts claims for fraud and racketeering, specifically mail fraud pursuant to 18 USC § 1341.

On August 6, 2019, Dell'Aquila filed this lawsuit on behalf of himself and all those similarly situated, forming two putative classes. On October 11, 2019, Dell'Aquila amended his complaint. On November 15, 2019, counsel accepted service on behalf of Wayne LaPierre. On November 22, 2019, the court granted LaPierre's motion for an extension and so-ordered December 16, 2019, as the due date for LaPierre's response to Dell'Aquila's Amended Complaint. LaPierre now files this motion to dismiss the Amended Complaint in its entirety.

---

[20] *See id.* ¶¶ 12-19.
[21] *See* National Rifle Association of America v. Ackerman McQueen, Inc. et al. Civil Action No. 3:19-cv-02074-G (United States District Court for the Northern District of Texas – Dallas Division); National Rifle Association of America v. Ackerman McQueen, Inc. et al., Case No. CL19001757, CL19002067 (Va. Cir. Ct. Alexandria).
[22] Amended Complaint ¶ 13.
[23] *See id*. ¶¶ 45, 52, 60, 71.

4

## III.

## ARGUMENT

A.  **Legal Standard for Motion to Dismiss.**

A complaint only survives a Rule 12(b)(6) motion to dismiss "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[24] Although the court must accept plaintiff's allegations as true on a motion to dismiss, the court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."[25]

B.  **Because Dell'Aquila Fails to Satisfy Rule 9(b) Pleading Requirements, All of His Claims Must Be Dismissed.**

Where a plaintiff asserts a claim for fraud or a RICO claim sounding in fraud, plaintiff must state with particularity the circumstances constituting the alleged fraud pursuant to Rule 9(b) or be dismissed.[26] In order to satisfy Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."[27]

The allegations for each claim in the Amended Complaint fail each aspect of the Rule 9(b) pleading requirements. Dell'Aquila bases his claims of fraud and mail fraud on an unspecified Solicitation, which he slavishly repeats for each Count, alleging that LaPierre "advised Plaintiffs that their funds would be used for gun safety education; to promote shooting sports and hunter safety; to foster wildlife conservation; and to protect gun ownership rights in the United States,"

---

[24] *Kantz*, 2015 WL 1543531, at *7 (quoting *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (internal citations and quotations omitted)).
[25] *Kantz*, 2015 WL 1543531, at *7 (citing *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal citations and quotations omitted)).
[26] *See Hayes*, 2013 WL 4501464, at *5 (fraud); *Blount*, 819 F.2d at 152 (RICO).
[27] *Smith v. Bank of America Corp,* 485 Fed. Appx. 749, 752 (6th Cir. 2012) (internal citations and quotations omitted).

5

which he refers to collectively as the "NRA's core mission."[28] He alleges that, after Plaintiffs donated, Defendants used these funds for "alternative purposes," of which he identifies a handful.[29]

Dell'Aquila fails to specify the "time, place, and content" of the allegedly fraudulent misrepresentations.[30] A paraphrase of Dell'Aquila's understanding of the NRA's goals or "core mission" is not a "specifically identified statement" made to Dell'Aquila upon which he may base a claim for fraud.[31] He identifies no speakers. To the extent Dell'Aquila identifies Wayne LaPierre as a speaker, the allegations still fail to identify the time and manner of the alleged misrepresentation made by LaPierre. Lastly, Dell'Aquila offers no explanation beyond "broad and conclusory allegations" that the NRA or the NRAF are not fulfilling their core missions in allocating resources as their Boards and management saw fit.[32] Dell'Aquila fails to plead with particularity the fraud underlying the alleged common law fraud and mail fraud, requiring dismissal of those claims.[33]

## C. Dell'Aquila Fails to Allege the Elements of Common-Law Fraud (Or Fraudulent Inducement).

Although the Amended Complaint contains Counts for "Fraud," the assertions are more properly claims for fraudulent inducement. Under Tennessee law, a plaintiff asserting a claim for fraudulent inducement must establish that defendant "(1) made a false statement concerning a fact material to the transaction (2) with knowledge of the statement's falsity or utter disregard for its

---

[28] Amended Complaint ¶¶ 42, 49, 57, 68.
[29] *See id*. ¶¶ 45, 52, 60, 71.
[30] *Walburn.*, 431 F.3d at 972; *Blount*, 819 F.2d at 152.
[31] *See Walburn*, 431 F.3d at 972 (pleading insufficient where it failed to specify the time, place, and content of the falsifications).
[32] *Id.*
[33] Dell'Aquila's *pro se* status does not save him. *See Hayes,* 2013 WL 4501464, at *5 ("Despite their pro se status, in the absence of particularized factual allegations supporting viable civil claims, Plaintiffs' disjointed legal arguments cannot salvage their complaint even under the most liberal construction") (dismissing fraud claims) (internal citations and quotations omitted).

6

truth (3) with the intent of inducing reliance on the statement, (4) the statement was reasonably relied upon, and (5) an injury resulted from this reliance."[34] "Conclusory statements of reliance are not sufficient to explain with particularity how a plaintiff detrimentally relied on the alleged fraud."[35] Further, "reliance on a fraudulent misrepresentation must be reasonable; if one knows the truth and is not deceived, he is not defrauded."[36]

Where a fraud claim relates to the alleged promise of some future action by defendants, there must be a "misrepresentation[] made without the present intention to carry it out."[37] "Neither the failure to in fact keep the promise, nor the plaintiff's subjective impression will demonstrate that there was no present intention to carry out the promise."[38] Even if Dell'Aquila adequately pleaded a fraudulent misrepresentation, he fails to properly plead the elements of a fraud claim.

1. **Falsity**

It is impossible to assess the veracity of the representation upon which Dell'Aquila bases this action because he does not identify an actual statement which is allegedly fraudulent. Notwithstanding that fatal pleading deficiency, Dell'Aquila's conclusory assertion that the Solicitations were false because Defendants spent resources in a way that Dell'Aquila does not believe meets the NRA's "core mission" is also insufficient.[39] Not one of the "statements" identified by Dell'Aquila addresses how the NRA and NRAF must allocate resources—that is up to their respective Boards of Directors and management, subject to their fiduciary duties and other

---

[34] *Baugh v. Novak*, 340 S.W.3d 372, 388 (Tenn. 2011).
[35] *Kantz*, 2015 WL 1543531, at *6 (internal citations and quotations omitted).
[36] *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (internal citations and quotations omitted).
[37] *Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).
[38] *Id.*
[39] *Walburn.*, 431 F.3d at 972 ("broad and conclusory allegations" regarding alleged falsifications are "legally insufficient").

7

applicable law.[40] For this same reason, to the extent Dell'Aquila seeks to hold LaPierre liable for the expenditures of the NRA and NRAF, his claims are insufficiently pleaded and must fail. Indeed, Dell'Aquila alleges that the NRA and the NRAF made certain expenditures, not LaPierre.[41]

Even if the representation or statement was pleaded adequately (and existed exactly as Dell'Aquila pleaded), Dell'Aquila would still fail to meet the falsity requirement because he fails to allege why the expenditures do not meet the uses conveyed in the Solicitations. Though Dell'Aquila may disagree with Defendants' expenditures, Defendants' decision to devote certain resources as they see fit is not actionable fraud. Moreover, although Dell'Aquila points to a handful of specific expenditures of which he apparently does not approve, the vast majority of expenditures may very well fit his definition of the NRA's "core mission" and, therefore, representations regarding their intended use are not "false" (again, according to his definitions, which are not actionable statements) and cannot constitute fraud.

### 2. **Knowledge and Intent**

Dell'Aquila fails to allege in more than a passing, conclusory assertion that LaPierre knew of and intended the alleged falsity of his statements.[42] He does not allege that LaPierre acted with an utter disregard for their truth, or that he intended to induce his reliance upon such alleged misrepresentations.[43] Moreover, he does not allege, as he must, that LaPierre made a representation that at the time he did not intend to carry out.[44]

---

[40] *See* Amended Complaint ¶¶ 42, 49, 57, 68.
[41] *See id*. ¶¶ 45, 52, 60, 71.
[42] *See id.* ¶ 12.
[43] S*ee Baugh*, 340 S.W.3d at 388.
[44] *See SunTrust*, 447 F.3d at 931.

8

### 3. Reliance

Dell'Aquila fails to adequately allege that he reasonably relied upon what he describes as the NRA's "core mission." All nonprofits have expenditures to which, in the sound discretion of management, they must devote resources in order to function.[45]

### 4. Injury

Dell'Aquila asserts in conclusory fashion that he has been injured by Defendants' expenditures. Where there is no fraudulent misrepresentation, there can be no causation. Even assuming Dell'Aquila adequately pleaded a misrepresentation, which he does not, and assuming that he actually and reasonably relied upon that representation, it is only the specific monies donated by Dell'Aquila and allegedly misapplied by Defendants that would qualify as the harm—a small sum.[46]

The Amended Complaint's Counts for Fraud must therefore be dismissed.

### D. Dell'Aquila Fails to Allege a RICO Violation.

In order to plead a RICO violation under 18 USC § 1962(c), a plaintiff must adequately allege that defendant conducted an enterprise through a pattern of racketeering activity.[47] A RICO violation may be predicated on mail fraud. To state a claim for a mail fraud in violation of RICO pursuant to 18 USC § 1341, a plaintiff must allege (1) a scheme to defraud involving the use of mail (2) for the purpose of executing the scheme.[48] In pleading the predicate fraudulent misrepresentations, a plaintiff must meet the Rule 9(b) pleading standard, including time, place, and content.[49] A plaintiff alleging mail fraud "must also demonstrate *scienter* to establish a scheme

---

[45] *See, e.g.,* Not-For-Profit Corporation Law § 720 (directors and officers must discharge their duties in good faith).
[46] *See Graham v. American Cyanamid Co.*, 350 F.3d 496, 507 (6th Cir. 2003).
[47] *See Moon v. Harrison Piping Supplies*, 465 F.3d 719, 723 (6th Cir. 2006).
[48] *See Frost*, 125 F.3d at 354.
[49] *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012).

9

to defraud, which is satisfied by showing the defendant acted either with a specific intent to defraud or with recklessness with respect to potentially misleading information."[50] In addition, the predicate act must be a "proximate cause" of the injury.[51]

Dell' Aquila fails to adequately allege the predicate acts of mail fraud, which is required to survive a motion to dismiss.[52] As discussed above, Dell'Aquila fails to meet Rule 9(b) particularity requirements for alleging the requisite predicate fraudulent statements. Dell'Aquila's failure to adequately allege the underlying fraudulent activity is fatal to his claim.[53] Further, the Amended Complaint's sole allegation of state of mind is that "the proposed uses of the donated funds were intentionally and materially false."[54] This conclusory allegation does not adequately plead recklessness or specific intent and is a classic example of a "legal conclusion masquerading as [a] factual allegation" and "will not suffice."[55] Lastly, Dell'Aquila clearly fails to allege, and cannot establish, proximate cause. Where, as here, there is no satisfactory allegation of a predicate fraudulent act, there can of course be no direct causal link between the defendant's conduct and the alleged injury.

The Amended Complaint's Counts for Violations of RICO must therefore be dismissed.

## IV.

## CONCLUSION

For the foregoing reasons, Wayne LaPierre respectfully requests that the Court dismiss the Amended Complaint in its entirety.

---

[50] *Id.* at 404.
[51] *Id.* at 405.
[52] *See id.* at 405.
[53] *See* Section B, *supra.*
[54] Amended Complaint ¶ 12.
[55] *Kantz*, 2015 WL 1543531, at *7.

10

By:     */s/ W. Allen McDonald*
LACY, PRICE & WAGNER PC
W. Allen McDonald
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865)-246-0800

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer (admitted *pro hac vice*)
750 Lexington Avenue, 14th Floor
New York, NY 10022
(212)-489-1400

*ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA AND WAYNE LAPIERRE*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's electronic filing system. A copy was also sent via U.S. Mail to the following:

DAVID DELL'AQUILA
862 BRESSLYN RD.
NASHVILLE, TN 37205

Date: December 16, 2019

                                                        */s/ W. Allen McDonald*
                                                        W. Allen McDonald