UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID DELL'AQUILA, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-cv-00679 |
| WAYNE LAPIERRE, the NATIONAL RIFLE ASSOCIATION OF AMERICA, and the NRA FOUNDATION, INC., | ) ) ) ) ) | Judge Campbell Magistrate Judge Frensley JURY DEMAND |
| Defendants. | ) | |

### DEFENDANT NRA FOUNDATION, INC.'S
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant NRA Foundation, Inc. (the "NRA Foundation") respectfully moves this Court to dismiss Plaintiff's Amended Complaint (D.E. 5) with prejudice. As explained more fully in the accompanying Memorandum, the Court should dismiss Plaintiff's case against the NRA Foundation for three independent reasons:

**First,** Plaintiff lacks standing. Under Tennessee law, a nonprofit corporation's authority to act may only be challenged by the Attorney General, a director, or member(s) in a derivative proceeding. Plaintiff is none of things. Moreover, Plaintiff gave the NRA Foundation unrestricted donations, and donors of unrestricted charitable funds lack standing to challenge how those funds are administered.

**Second,** Plaintiff's Amended Complaint does not satisfy heightened pleading standards applicable to his fraud and RICO claims. All of Plaintiff's claims center around the allegation that

the NRA Foundation made supposedly false "solicitations"—but he never specifies those statements, identifies the speaker(s), or alleges where/when the statements were made. His Amended Complaint therefore fails to meet Rule 9(b)'s particularity requirements.

**Third,** Plaintiff's Amended Complaint does not plausibly allege the elements of his fraud and RICO claims. He does not allege the NRA Foundation knowingly made any false representations. He also fails to allege any specific affirmative misrepresentations or identifies any basis for inferring scienter (as required under RICO).

Accordingly, Plaintiff cannot obtain relief against the NRA Foundation under any set of facts consistent with his allegations. This Court should therefore dismiss all claims against the NRA Foundation.

Dated: December 30, 2019

Respectfully Submitted,

**NEAL & HARWELL, PLC**

 /s/ *Aubrey B. Harwell, Jr.*
Aubrey B. Harwell, Jr. (BPR # 2559)
John E. Quinn (BPR # 12220)
William J. Harbison II (BPR # 33330)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
aharwell@nealharwell.com
jquinn@nealharwell.com
jharbison@nealharwell.com

*Counsel for Defendant NRA Foundation, Inc.*

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court on December 30, 2019, using the CM/ECF system, which will send notification to all counsel of record as listed below.

| *Attorneys for the NRA and LaPierre Defendants:* | *Attorney for Plaintiff:* |
|---|---|
| LACY, PRICE & WAGNER, P.C.<br>Wallace A. McDonald (BPR # 16210)<br>249 N. Peters Road, Suite 101<br>Knoxville, TN 37926<br>(865) 246-0800<br>amcdonald@lpwpc.com<br><br>BREWER, ATTORNEYS & COUNSELORS<br>William A. Brewer (admitted *pro hac vice*)<br>750 Lexington Ave., 14th Floor<br>New York, NY 10022<br>(212) 527-3024<br>wbb@brewerattorneys.com | SCHUCHARDT LAW FIRM<br>Elliott J. Schuchardt (BPR # 27016)<br>6223 Highland Place Way, Suite 201<br>Knoxville, TN 37919<br>(865) 304-4374<br>elliott016@gmail.com |

                                                 /s/ Aubrey B. Harwell, Jr.