**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

DAVID DELL'AQUILA, on behalf of
himself and all others similarly situated,

               Plaintiffs,

v.

WAYNE LaPIERRE, the NATIONAL
RIFLE ASSOCIATION OF AMERICA,
and NRA FOUNDATION, INC.,

               Defendants.

Case No. 3:19-cv-00679

Judge William L. Campbell, Jr.

Magistrate Jefferey S. Frensley

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT**

The Plaintiff, David Dell'Aquila, by and through his attorney, Elliott J. Schuchardt, files this brief in support of his motion for leave to amend the complaint in this case. In support hereof, the Plaintiff states as follows:

**Argument**

**I.**    **It is proper for the Court to allow the Plaintiff to file an amended complaint.**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading once as a matter of course, after being served with a motion to dismiss pursuant to Rule 12(b).

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff would like to amend the complaint, in order to respond to the pending Rule 12(b) motion. However, Plaintiff has previously amended his complaint, in response to new facts that became known approximately one month ago. The Plaintiff is therefore respectfully requesting leave of court, to file an amended complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure authorizes this Court to allow the Plaintiff to file an amended complaint. According to such rule, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2019). In Foman v. Davis, 371 U.S. 178 (1962), the U.S. Supreme Court stated:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Id. at 182 (internal citations omitted).

Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment. Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999).

According to the Sixth Circuit, "the thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading." Jet, Inc. v. Sewage Aeration Sys., 165 F.3d 419, 425 (6th Cir. 1999) (quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982); Air Evac EMS, Inc. v. Tennessee Bd. of Emergency Med. Servs., No. CV 3:06-0239, 2006 WL 8457713, at *1 (M.D. Tenn. Aug. 24, 2006).

In this case, the Plaintiff has not yet amended his complaint in response to the issues raised in Defendants' preliminary objections. As noted below, the proposed amended complaint addresses all of the issues raised by Defendants, in their preliminary objections.

2

This is the Plaintiff's first request for leave to amend, in response to preliminary objections. No party will be unduly delayed or prejudiced by an amended complaint.

## II. The Plaintiff's proposed amended complaint states a valid cause of action against Defendants.

Each of the three defendants has filed a motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The amended complaint cures all of the Defendants' complaints concerning the prior version of the complaint.

### A. The proposed amended complaint addresses Defendants' concerns regarding specificity.

For example, Defendants contend that the complaint is not sufficiently specific, and that it therefore does not meeting the specificity requirements for pleading fraud, set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Defendants also contend that the complaint is not sufficiently "plausible," to satisfy the plausibility requirement set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The proposed amended complaint addresses these concerns of the Defendants. The amended complaint lists each donation made by Plaintiff Dell'Aquila and the date of each such payment. The amended complaint also list the donations made by three new donors, Lorannda Borja, Todd Chesney and Brent Weber, who are typical of the members of NRA Class and the NRA Foundation Class, which the complaint proposes to create. The complaint lists the exact amount of each donation, and the date of each donation.

The amended complaint also provides the exact language of solicitations made by Defendants, during the applicable solicitation periods.

Defendants also contend that the Plaintiff has not adequately pled a claim under RICO. The amended complaint addresses these concerns, and clarifies how Defendants are bound by, and violated the RICO statute.

**B.    Plaintiff Dell'Aquila has standing to assert claims for fraud.**

Defendants also contend that Plaintiff Dell'Aquila does not have standing to file this case. For example, the NRA Foundation contends that only the Attorney General or a director of the applicable charity has "standing to challenge the actions of the charity."

This not an accurate statement of the law, or the facts of this case.

Plaintiff Dell'Aquila is not seeking to control the actions of Defendants.  He is seeking repayment of donations fraudulently induced by Defendants' misrepresentations.  The case is based on common law fraud.

The case law indicates that it is proper for a donor to sue a charity, when the donation has been induced by means of fraudulent representations.

For example, in Marcus v. Jewish National Fund (Keren Keyemeth Leisrael), Inc., 158 A.D.2d 101 (N.Y. App. 1990), a group of persons who had donated money to the Jewish National Fund, contending that the Fund had committed fraud by claiming that it distributed the funds in both Israel and the territories acquired during the Six-Day War.  The complaint stated claims for 1) common law fraud, (2) misrepresentation, and (3) false advertising.  The New York appellate court held that the complaint stated a valid claim for common law fraud.  Id. at 889-90. The Court explained its reasoning as follows:

> Plaintiffs' pleadings contain all of the elements necessary to assert a cause of action for both common law fraud and misrepresentation, including the precise fraudulent practices and misrepresentations of which they complain. Contrary to the holding of the Supreme Court that the first two causes of action are defective in failing to particularize which alleged false advertisements plaintiffs relied upon in making their donations, plaintiffs

4

<span style="text-decoration: underline">were under no obligation to correlate certain contributions with specific</span>
<span style="text-decoration: underline">advertisements</span>.

Id. at 890 (emphasis added). *This case is particularly relevant, given that the NRA is chartered in the State of New York.*

Thus, it is abundantly clear that charities are not immune from lawsuits alleging that the charity has committed fraud. In fact, certain courts have welcomed attorneys as being "private attorney generals," to enforce the law with respect to charities.

For example, in Smithers v. St. Luke-Roosevelt Hospital, 281 A.D.2d 127 (N.Y. 1st. Dep. 2001), a donor sued to enforce a restrictive covenant in a charitable gift. The defendant charity, St. Luke-Roosevelt Hospital, moved to dismiss on grounds of standing. The defendant contended that only the state attorney general had authority to enforce the restrictive covenant. The New York court held that the plaintiff did have standing to enforce the restrictive covenant. Specifically, the court explained as follows:

> The donor of a charitable gift is in a better position than the Attorney General to be vigilant and, if he or she is so inclined, to enforce his or her own intent.

Id. at 435.

In this case, Plaintiff Dell'Aquila is not seeking to control the behavior of the Defendants. He is simply alleging a claim for loss caused by fraudulent solicitations. <span style="text-decoration: underline">Both the NRA and the NRA Foundation maintained statements on their websites claiming that *all donated funds* would be used for the advertised purposes of such organizations</span>.

For example, the NRA's website contains a "Uniform Disclosure Statement" concerning the activities of the organization. The NRA also provides a printed copy of the Uniform Disclosure Statement to donors by means of the United States mails. Specifically, the Uniform Disclosure Statement states as follows:

5

> On behalf of The National Rifle Association of America, Inc. (NRA), 11250 Waples Mill Road, Fairfax, Virginia, 22030, this charitable solicitation is being made by the NRA. <u>Contributions raised will be used to advance the mission of the NRA</u>.

(emphasis added).

The website for the NRA Foundation contains a "Donor Bill of Rights." It states that all donors to the NRA Foundation have the following rights:

> To be informed of the organization's mission, of the way the organization intends to use donated resources, and of its capacity to use donations effectively for their intended purposes.

> To be informed of the identity of those serving on the organization's governing board and to expect the board to exercise prudent judgment in its stewardship responsibilities.

> To have access to the organization's most recent financial statements.

> <u>To be assured your gifts will be used for the purposes for which they are given</u>.

(emphasis added).

Thus, both the NRA and the NRA Foundation made representations that donations to these organizations would not go astray. As noted in the complaint, the Plaintiffs have evidence that the donations have, in fact, gone materially astray.

There is nothing in the Tennessee non-profit law which states that a charitable corporation is immune from a lawsuit alleging fraud. It is therefore proper for the Court to allow the Plaintiff to amend the complaint, and state a more specific case.

6

WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests that this Honorable Court enter an order authorizing the Plaintiff to file an amended complaint in this case.

Respectfully submitted,

By: /s/ Elliott Schuchardt
  Elliott J. Schuchardt
  B.P.R. No. 027016

SCHUCHARDT LAW FIRM
6223 Highland Place Way, Suite 201
Knoxville, TN 37919
Phone: (865) 304-4374
E-mail: elliott016@gmail.com

*Counsel for the Plaintiff, David*
* Dell'Aquila*

## <u>CERTIFICATE OF SERVICE</u>

I, Elliott J. Schuchardt, hereby certify that I served a true and correct copy of the foregoing Brief in Support of Motion for Leave to Amend Complaint on the following persons on this 2nd day of January 2020 by means of the Court's CM / ECF system:

William A. Brewer, Esq.
Email: wbb@brewerattorneys.com
*Counsel for Wayne LaPierre and*
*National Rifle Association*

Wallace A. McDonald
Email: amcdonald@lpwpc.com
*Counsel for Wayne LaPierre and*
*National Rifle Association*

Aubrey B. Harwell , Jr., Esq.
Email: aharwell@nealharwell.com
*Counsel for NRA Foundation, Inc.*

John E. Quinn
Email: jquinn@nealharwell.com
*Counsel for NRA Foundation, Inc.*

William J. Harbison , II, Esq.
Email: jharbison@nealharwell.com
*Counsel for NRA Foundation, Inc.*

/s/ Elliott Schuchardt
Elliott J. Schuchardt
