# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    - against -<br><br>WAYNE LAPIERRE, NATIONAL RIFLE ASSOCIATION OF AMERICA, and NRA FOUNDATION, INC.<br><br>    Defendants. | No: 3:19-cv-00679<br>Judge William L. Campbell Jr. |

## REPLY TO PLAINTIFF'S OPPOSITION TO WAYNE LAPIERRE'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Having failed to state any claims upon which relief can be granted, Plaintiff donors may not control exactly how the NRA and NRAF spend unrestricted contributions. In defending its Complaint, the Opposition merely repeats the same deficient allegations and unsubstantiated conclusions in the Complaint. Plaintiffs fail to adequately allege facts that satisfy the elements of a fraud claim, including falsity, knowledge, intent, reliance, and injury. Plaintiffs similarly fail to state a claim for a RICO violation, arising from the same underlying deficient allegations of mail fraud. Having failed to satisfy the pleading standards for these stated counts, Plaintiffs, whose donations were subject to no restrictions or contractual terms, have no standing to sue Mr. LaPierre for the internal corporate processes and decision-making of the NRA and NRAF. The Complaint must be dismissed.

# ARGUMENT

A.   **Plaintiffs misstate and misapply the governing law.**

As a threshold issue, Plaintiffs incorrectly state that "New York law determines the liability of the NRA and Wayne LaPierre," citing the "internal affairs doctrine."[1] Then Plaintiffs cite a litany of cases from New York and Tennessee law.[2]

In any event, because Tennessee has the most significant relationship to the alleged fraud, including where the alleged injury occurred, Tennessee law governs Plaintiffs' substantive common law fraud cause of action.[3] RICO claims are based on federal statute and must also satisfy the requirements of the underlying fraud. The Federal Rules and federal case law interpreting those rules govern all procedural issues, including heightened pleading for claims arising from fraud and the court's evaluation of a motion to dismiss.[4]

B.   **Plaintiffs Fail to Plead Claims for Fraud and RICO.**

*Fraud*

In the Complaint, Plaintiffs fail to allege the elements of fraud. Plaintiffs' Opposition simply restates verbatim the allegations in the Complaint and make the conclusory statement, without explanation, that these allegations do properly plead a claim for fraud.[5]

---

[1] The internal affairs doctrine, which provides that internal corporate matters should be resolved in accordance with the law of the state of incorporation, applies to "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders"- Plaintiffs are none of these.

[2] Citing NY law for particularity pleading standard; both New York and Tennessee state law for common law fraud. *See, e.g.,* Opp. at 5,7 11.

[3] *See Glennon v. Dean Witter Reynolds, Inc.*, 1994 WL 757709, at *5 (Dec. 15, 1994).

[4] *See* 4501, The Law Applied in Federal Courts, 19 Fed. Prac. & Proc. Juris (3d ed.) (Wright & Miller).

[5] *See* Opp. at 12-14.

First, Plaintiffs fail to allege <u>falsity</u> of the alleged representations. The alleged misrepresentations at issue are *only* those specifically pleaded with time, manner, and content in the Complaint.[6] The statements attributed to Mr. LaPierre contain no promise on behalf of Mr. LaPierre as to how any donated funds will ultimately be used by Defendants and therefore cannot be false.[7] Plaintiffs' musings regarding the NRA's "core mission," repetitiously stated by Plaintiffs without any reference to any source do not constitute a basis for any alleged fraud and should be ignored by the Court in evaluating the existence of such a claim.[8] The alleged solicitations by Defendants that Plaintiffs do point to are simply not false. Rather, the majority of the expenditures of donated funds—even specifically those expenditures complained of in the Complaint—comport with the purposes represented: helping and advancing various goals of the NRA.[9]

Second, Plaintiffs fail to plead with particularity Mr. LaPierre's <u>knowledge</u> or <u>intent</u> with respect to any alleged misrepresentation. Plaintiffs must allege that, at the time the alleged representations were made, Mr. LaPierre knew that they were false.[10] Instead, Plaintiffs point to their conclusory allegation that "LaPierre . . . knew."[11] Many of the expenditures complained of were not in contemplation at the time of the alleged

---

[6] Rule 9(b).

[7] *See* LaPierre Memorandum of Law at 8, 13.

[8] The Complaint also includes an allegation of "exposure to marketing messages," which of course fails to meet Rule 9(b) specificity requirements for fraud.

[9] I.e., "Your support will help us defend your Second Amendment freedom . . ."; ". . . dues will help . . .trainings . . . programs"; "Contributions raised will be used to advance the mission of the NRA." *See* Opp. at 2.

[10] *See Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.,* 447, F.3d 923, 931 (6th Cir. 2006).

[11] Opp at 13.

3

misrepresentation and therefore cannot be the basis of a fraudulent act. Moreover, the expenditures clearly fulfill the objectives as allegedly represented.

Third, Plaintiffs fail to allege that they <u>reasonably relied</u> upon Mr. LaPierre's alleged representations.[12] Mr. LaPierre's statements do not indicate that donated funds would be used for any purpose at all. Plaintiffs' reliance on them therefore makes no sense. Even assuming *arguendo* that Mr. LaPierre did indicate some alleged future use of funds, no reasonable individual could reasonably believe that any nonprofit would not use at least some funds on the areas identified in the Complaint, "[s]ince donors are assuredly aware that a portion of their donations may go to solicitation costs and other administrative expenses," including advertising, marketing, and legal expenses.[13]

Plaintiffs' New York "line of cases," addressing fraud and breach of contract arising from donations, do not help Plaintiffs - because Plaintiffs failed to plead the causes of action those cases require.[14] In *Marcus*, plaintiffs alleged that defendant charity had advertised for over 20 years that it had been using the funds for a specific use when in fact the nonprofit had *not* been allocating funds to that use at all.[15] Here, by contrast, Plaintiffs allege that Defendants have been using a portion of funds for purposes that Plaintiffs do not necessarily like; however, they do not allege (and cannot) that Defendants have not allocated (substantial) funds to the exact uses represented. Further, *Smithers*, in sharp contrast to the case before this court, involved donations with restrictive contractual terms, whereas here Plaintiffs' donations have no restrictions or covenants tied to them.

---

[12] *See Coffey v. Foamex LP*, 2 F.3d 157, 162 (6th Cir. 1993).
[13] *Riley v. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781, 804 (1988).
[14] Tennessee, not New York, state law applies to Plaintiffs' fraud claims.
[15] *Marcus v. Jewish Nat'l Fund, Inc.*, 158 A.D.2d 101 (N.Y. App. Div. 1990).

*RICO*

Plaintiffs' RICO claim is predicated on the same underlying alleged fraud that Plaintiffs fail to adequately plead. In addition, Plaintiffs fail to plead the elements of mail fraud, which is necessary to survive a motion to dismiss. Plaintiffs' response is that the Complaint "does adequately plead *scienter*."[16] Mr. LaPierre directs the court to the fulsome discussion of why Plaintiffs' Complaint falls woefully short of each of these necessary aspects of a RICO claim in its moving papers.[17]

**C. Without pleading the violation of some independent duty (such as fraud), Plaintiffs have no standing to challenge the Defendants' internal corporate processes.**

While Plaintiffs' lawsuit—incorrectly—seeks to assert control over the internal processes of the NRA and NRAF via deficient fraud allegations, Plaintiffs do not have standing to challenge such internal affairs. This is precisely Mr. LaPierre's standing argument: As Defendants' moving papers make clear, Plaintiffs fail to state claims for fraud and violation of RICO. Without the existence of such a tort, Plaintiffs have no standing to challenge the Defendants' internal affairs simply because they have donated. Plaintiffs are not "officers, directors, or shareholders" of the NRA or NRAF.[18] That Plaintiffs donated does not give them the requisite status with respect to governance or decision-making.[19]

---

[16] Opp. at 17, 20.
[17] *See* LaPierre Memorandum of Law at 16-17.
[18] Edgar v. MITE Corp., 457 U.S. 624, 645 (1982).
[19] *See* NPCL 720.

5

## CONCLUSION

For the foregoing reasons, Mr. LaPierre respectfully requests that the Court dismiss the Amended Complaint in its entirety.

By:   */s/ W. Allen McDonald*
    LACY, PRICE & WAGNER PC
    W. Allen McDonald
    249 N. Peters Rd., Suite 101
    Knoxville, TN 37923
    (865)-246-0800

    BREWER, ATTORNEYS & COUNSELORS
    William A. Brewer IV (admitted *pro hac vice*)
    750 Lexington Avenue, 14th Floor
    New York, NY 10022
    (212)-489-1400

    *ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA*

**CERTIFICATE OF SERVICE**

I certify that I caused a true and correct copy of the foregoing to be filed electronically using the Court's CM/ECF system, which will send notification to all counsel of record as listed below.

William A. Brewer, Esq.
Email: wbb@brewerattorneys.com
*Co-Counsel for Wayne LaPierre and National Rifle Association*

Aubrey B. Harwell , Jr., Esq.
Email: aharwell@nealharwell.com
*Counsel for NRA Foundation, Inc.*

John E. Quinn
Email: jquinn@nealharwell.com
*Counsel for NRA Foundation, Inc.*

William J. Harbison , II, Esq.
Email: jharbison@nealharwell.com
*Counsel for NRA Foundation, Inc.*

Elliott J. Schuchardt
Email: elliott016@gmail.com
*Counsel for Plaintiffs*

    Date: March 18, 2020

                               */s/ W. Allen McDonald*

7

Case 3:19-cv-00679   Document 61   Filed 03/18/20   Page 7 of 7 PageID #: 353