# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> WAYNE LAPIERRE, NATIONAL RIFLE ASSOCIATION OF AMERICA, and NRA FOUNDATION, INC. <br><br> Defendants. | No: 3:19-cv-00679 <br> Judge William L. Campbell Jr. |

## REPLY TO PLAINTIFF'S OPPOSITION TO THE NRA'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Having failed to state any claims upon which relief can be granted, Plaintiff donors may not control exactly how the NRA spends unrestricted contributions. In defending its Complaint, the Opposition merely repeats the same deficient allegations and unsubstantiated conclusions in the Complaint. Plaintiffs fail to adequately allege facts that satisfy the elements of a fraud claim, including falsity, knowledge, intent, reliance, and injury. Plaintiffs similarly fail to state a claim for a RICO violation, arising from the same underlying deficient allegations of mail fraud. Having failed to satisfy the pleading standards for these stated counts, Plaintiffs, whose donations were subject to no restrictions or contractual terms, have no standing to sue the NRA for internal corporate processes and decision-making. The Complaint must be dismissed.

# ARGUMENT

## A. Plaintiffs misstate and misapply the governing law.

As a threshold issue, Plaintiffs incorrectly state that "New York law determines the liability of the NRA and Wayne LaPierre," citing the "internal affairs doctrine."[1] Then Plaintiffs cite a litany of cases from New York and Tennessee law.[2]

In any event, because Tennessee has the most significant relationship to the alleged fraud, including where the alleged injury occurred, Tennessee law governs Plaintiffs' substantive common law fraud cause of action.[3] RICO claims are based on federal statute and must also satisfy the requirements of the underlying fraud. The Federal Rules and federal case law interpreting those rules govern all procedural issues, including heightened pleading for claims arising from fraud and the court's evaluation of a motion to dismiss.[4]

## B. Plaintiffs Fail to Plead Claims for Fraud and RICO.

*Fraud*

In the Complaint, Plaintiffs fail to allege the elements of fraud. Plaintiffs' Opposition simply restates verbatim the allegations in the Complaint and make the conclusory statement, without explanation, that these allegations do properly plead a claim for fraud.[5]

---

[1] The internal affairs doctrine, which provides that internal corporate matters should be resolved in accordance with the law of the state of incorporation, applies to "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders" - Plaintiffs are none of these.

[2] Citing NY law for particularity pleading standard; both New York and Tennessee state law for common law fraud. *See, e.g.,* Opp. at 5,7 11.

[3] *See Glennon v. Dean Witter Reynolds, Inc.*, 1994 WL 757709, at *5 (Dec. 15, 1994).

[4] *See* 4501, The Law Applied in Federal Courts, 19 Fed. Prac. & Proc. Juris (3d ed.) (Wright & Miller).

[5] *See* Opp. at 12-14.

First, Plaintiffs fail to allege falsity of the alleged representations. The alleged misrepresentations at issue are *only* those specifically pleaded with time, manner, and content in the Complaint.[6] Thus, Plaintiffs' musings regarding the NRA's "core mission," repetitiously stated by Plaintiffs without any reference to any source do not constitute a basis for any alleged fraud and should be ignored by the Court in evaluating the existence of such a claim.[7] The alleged solicitations that Plaintiffs do point to are simply not false. Rather, the majority of the NRA's expenditures of donated funds - even specifically those expenditures complained of in the Complaint - comport with the purposes represented: helping and advancing various goals of the NRA.[8]

Second, Plaintiffs fail to plead with particularity the NRA's knowledge or intent with respect to any alleged misrepresentation. Plaintiffs must allege that, at the time the alleged representations were made, the NRA knew that they were false.[9] Instead, Plaintiffs point to their conclusory allegation that "the NRA knew."[10] Many of the expenditures complained of were not in contemplation at the time of the alleged misrepresentation and therefore cannot be the basis of a fraudulent act. Moreover, the NRA's expenditures clearly fulfill the objectives as allegedly represented.

---

[6] Rule 9(b).
[7] The Complaint also includes an allegation of "exposure to marketing messages," which of course fails to meet Rule 9(b) specificity requirements for fraud.
[8] I.e., "Your support will help us defend your Second Amendment freedom . . ."; ". . . dues will help . . . trainings . . . programs"; "Contributions raised will be used to advance the mission of the NRA." *See* Opp. at 2.
[9] *See Power & Telephone Supply Co., Inc. v. SunTrust Banks, Inc.,* 447, F.3d 923, 931 (6th Cir. 2006).
[10] Opp at 13.

Third, Plaintiffs fail to allege that they <u>reasonably relied</u> upon the NRA's alleged representations.[11] The NRA's solicitations indicate that donated funds would be used to "help" or "advance" certain purposes. Plaintiffs do not allege, nor could they, that the NRA has not done so. Plaintiffs do not allege that the NRA ever represented that it would use every single dollar donated for any specific purposes. Indeed, no reasonable individual could reasonably believe that any nonprofit would do that "[s]ince donors are assuredly aware that a portion of their donations may go to solicitation costs and other administrative expenses," including advertising, marketing, and legal expenses.[12]

Plaintiffs' New York "line of cases," addressing fraud and breach of contract arising from donations, do not help Plaintiffs - because Plaintiffs failed to plead the causes of action those cases require.[13] In *Marcus*, plaintiffs alleged that defendant charity had advertised for over 20 years that it had been using the funds for a specific use when in fact the nonprofit had *not* been allocating funds to that use at all.[14] Here, by contrast, Plaintiffs allege that the NRA has been using a portion of its funds for purposes that Plaintiffs do not necessarily like; however, they do not allege (and cannot) that the NRA has not allocated (substantial) funds to the exact uses represented. Further, *Smithers*, in sharp contrast to the case before this court, involved donations with restrictive contractual terms, whereas here Plaintiffs' donations have no restrictions or covenants tied to them.

---

[11] *See Coffey v. Foamex LP*, 2 F.3d 157, 162 (6th Cir. 1993).
[12] *Riley v. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781, 804 (1988).
[13] Tennessee, not New York, state law applies to Plaintiffs' fraud claims.
[14] *Marcus v. Jewish Nat'l Fund, Inc.,* 158 A.D.2d 101 (N.Y. App. Div. 1990).

4

*RICO*

Plaintiffs' RICO claim is predicated on the same underlying alleged fraud that Plaintiffs fail to adequately plead. In addition, Plaintiffs fail to plead the elements of mail fraud or the existence of a RICO enterprise, both independently necessary to survive a motion to dismiss. Plaintiffs' response is that the Complaint "does adequately plead *scienter*" and that "it is proper for the Court to reject" Defendants' "enterprise" argument.[15] The NRA directs the court to its fulsome discussion of why Plaintiffs' Complaint falls woefully short of each of these necessary aspects of a RICO claim in its moving papers.[16]

**C. Without pleading the violation of some independent duty (such as fraud), Plaintiffs have no standing to challenge the NRA's internal corporate processes.**

While Plaintiffs' lawsuit – incorrectly - seeks to assert control over the internal processes of the NRA via deficient fraud allegations, Plaintiffs do not have standing to challenge such internal affairs. This is precisely the NRA's standing argument: As Defendants' moving papers make clear, Plaintiffs fail to state claims for fraud and violation of RICO. Without the existence of such a tort, Plaintiffs have no standing to challenge the NRA's internal affairs simply because they have donated. Plaintiffs are not "officers, directors, or shareholders" of the NRA.[17] That Plaintiffs donated to the NRA does not give them the requisite status with respect to the NRA's governance or decision-making pursuant to the laws of New York, its state of incorporation.[18]

---

[15] Opp. at 17, 20.
[16] *See* Defendants' Memorandum of Law at 12-14.
[17] Edgar v. MITE Corp., 457 U.S. 624, 645 (1982).
[18] *See* NPCL 720.

# CONCLUSION

For the foregoing reasons, the NRA respectfully requests that the Court dismiss the Amended Complaint in its entirety.

By:     */s/ W. Allen McDonald*
LACY, PRICE & WAGNER PC
W. Allen McDonald
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865) 246-0800

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer IV (admitted *pro hac vice*)
750 Lexington Avenue, 14th Floor
New York, NY 10022
(212) 489-1400

*ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA*

# CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing to be filed electronically using the Court's CM/ECF system, which will send notification to all counsel of record as listed below.

William A. Brewer, Esq.
Email: wbb@brewerattorneys.com
*Co-Counsel for Wayne LaPierre and*
*National Rifle Association*

Aubrey B. Harwell , Jr., Esq.
Email: aharwell@nealharwell.com
*Counsel for NRA Foundation, Inc.*

John E. Quinn
Email: jquinn@nealharwell.com
*Counsel for NRA Foundation, Inc.*

William J. Harbison , II, Esq.
Email: jharbison@nealharwell.com
*Counsel for NRA Foundation, Inc.*

Elliott J. Schuchardt
Email: elliott016@gmail.com
*Counsel for Plaintiffs*

Date: March 18, 2020

               */s/ W. Allen McDonald*