# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,

Plaintiffs,

- against -

NATIONAL RIFLE ASSOCIATION OF AMERICA.

Defendant.

No: 3:19-cv-00679

Judge William L. Campbell Jr.

Magistrate Judge Chip Frensley

## NRA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant National Rifle Association of America (the "NRA"), by and through undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint [Doc. 43]:

### Parties & Jurisdiction

1. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 1.
2. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 2.
3. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 3.
4. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 4.
5. The NRA denies that Wayne LaPierre is a Defendant in this case because the claims against him have been dismissed. The NRA admits the remaining allegations in Paragraph 5.
6. Admitted.

1

7. The allegations in Paragraph 7 refer to claims that have been dismissed and require no response.

8. Admitted.

## Background

9. Admitted.

10. Denied. The NRA is America's leading provider of gun-safety and marksmanship education for civilians and law enforcement. It is also the foremost defender of the Second Amendment of the United States Constitution.

11. The NRA admits that it encourages donations by many channels, including by use of web pages, email, and mail. The NRA admits that its website contains the quoted text. The NRA denies the remaining allegations in Paragraph 11.

12. The NRA denies the allegations in the first sentence of Paragraph 12. The NRA admits the allegations in the second and last sentences of Paragraph 12. The NRA admits that a lifetime membership costs $1,500.

13. The NRA admits that its website contains the quoted text. The NRA denies the remaining allegations in Paragraph 13.

14. The NRA admits that its website contains a "Uniform Disclosure Statement." The NRA admits that it has provided copies of the "Uniform Disclosure Statement" to donors. The NRA admits that the "Uniform Disclosure Statement" contains the quoted text. The NRA denies the remaining allegations in Paragraph 14.

15. The NRA admits that donations to the NRA are not tax deductible. The NRA denies the remaining allegations in Paragraph 15.

16. Admitted.

17. The allegations in Paragraph 17 refer to claims that have been dismissed and require no response.
18. The allegations in Paragraph 18 refer to claims that have been dismissed and require no response.
19. The allegations in Paragraph 19 refer to claims that have been dismissed and require no response.
20. The allegations in Paragraph 20 refer to claims that have been dismissed and require no response.
21. The NRA admits that the three statements identified in the preceding paragraphs appeared on the NRA website for at least part of the time between November 30, 2015 through January 26, 2019. The NRA denies the remaining allegations in Paragraph 21.
22. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 22.
23. The NRA admits that the quoted text appears on the website cited by Plaintiffs and appears to show that the quoted text appeared on the NRA website on February 2, 2016. The NRA denies the remaining allegations in Paragraph 23.
24. The NRA admits that Wayne LaPierre has served as the Executive Vice President and Chief Executive Officer of the NRA since 1991. Wayne LaPierre is no longer a Defendant in this case.
25. The NRA admits that Wayne LaPierre has encouraged donations to the NRA. The NRA admits that, on July 21, 2014, an email was sent from Wayne LaPierre's email address to NRA members that contained the quoted text. The NRA denies the remaining allegations in Paragraph 25.

26. The NRA admits that, on July 18, 2019, an email was sent from Wayne LaPierre's email address to NRA members that contained the quoted text. The NRA denies the remaining allegations in Paragraph 26.

27. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 27.

28. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 28.

29. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 29.

30. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 30.

31. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 31.

32. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 32.

33. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 33.

34. The NRA admits that it has provided copies of the "Uniform Disclosure Statement" to members. The NRA lacks sufficient information to admit or deny the remaining allegations in Paragraph 34.

35. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 35.

36. Denied.

37. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 37.

38. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 38.

39. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 39.

40. The NRA lacks sufficient information to admit or deny the allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. The NRA admits that, on April 17, 2019, an article appeared in the New Yorker with the quoted text. The NRA denies the remaining allegations in Paragraph 47.

48. The NRA admits that it received a letter, dated April 18, 2019, signed by Oliver North, that refers to the allegations contained in Paragraph 48. The NRA denies the remaining allegations in Paragraph 48.

49. The NRA admits that Ackerman McQueen, Inc. made allegations as referenced in Paragraph 49. The allegation in the second sentence characterizes a document to which no response is required. The NRA denies the remaining allegations in Paragraph 49.

50. The NRA admits that Oliver North made allegations as alleged in the preceding paragraphs. The NRA denies the remaining allegations in Paragraph 50.

51. The NRA admits that the NRA Board of Directors received a letter, dated April 25, 2019, signed by Oliver North, that stated his alleged intention to form a "Crisis Management Committee" with the stated purpose of investigating the allegations referenced in Paragraph 51. The NRA denies the remaining allegations in Paragraph 51.

52. Denied.

53. Denied.

54. Denied.

## Class Action Allegations

55. The NRA admits that Plaintiffs bring this action on behalf of themselves and a single nationwide putative class. The NRA denies the remaining allegations in Paragraph 55.

56. Denied.

57. The allegations in Paragraph 57 refer to claims that have been dismissed and require no response.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. The allegations in Paragraph 62 refer to claims that have been dismissed and require no response.

63. Denied.

64. The allegations in Paragraph 64 refer to claims that have been dismissed and require no response.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT I

### Fraud

**Dell'Aquila, Borja, Chesney and Weber and NRA Class v. LaPierre and the NRA**

69. The NRA incorporates by reference its responses to the preceding paragraphs.

70. The NRA admits that, during the time period November 30, 2015 to January 26, 2019, it encouraged donations. The NRA lacks sufficient information to admit or deny the remaining allegations in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT II

### Fraud

### Dell'Aquila and NRA Foundation Class v. LaPierre and the NRA Foundation

78. The NRA incorporates by reference its responses to the preceding paragraphs.

79. The allegations in Paragraph 79 refer to claims that have been dismissed and require no response.

80. The allegations in Paragraph 80 refer to claims that have been dismissed and require no response.

81. The allegations in Paragraph 81 refer to claims that have been dismissed and require no response.

82. The allegations in Paragraph 82 refer to claims that have been dismissed and require no response.

83. The allegations in Paragraph 83 refer to claims that have been dismissed and require no response.

84. The allegations in Paragraph 84 refer to claims that have been dismissed and require no response.

85. The allegations in Paragraph 85 refer to claims that have been dismissed and require no response.

86. The allegations in Paragraph 86 refer to claims that have been dismissed and require no response.

## COUNT III

## Violation of RICO

## Dell'Aquila, Borja, Chesney, Weber and the NRA Class v. LaPierre and the NRA

87. The NRA incorporates by reference its responses to the preceding paragraphs.

88. The allegations in Paragraph 88 refer to claims that have been dismissed and require no response.

89. The allegations in Paragraph 89 refer to claims that have been dismissed and require no response.

90. The allegations in Paragraph 90 refer to claims that have been dismissed and require no response.

91. The allegations in Paragraph 91 refer to claims that have been dismissed and require no response.

92. The allegations in Paragraph 92 refer to claims that have been dismissed and require no response.

93. The allegations in Paragraph 93 refer to claims that have been dismissed and require no response.

94. The allegations in Paragraph 94 refer to claims that have been dismissed and require no response.

95. The allegations in Paragraph 95 refer to claims that have been dismissed and require no response.

96. The allegations in Paragraph 96 refer to claims that have been dismissed and require no response.

97. The allegations in Paragraph 97 refer to claims that have been dismissed and require no response.

98. The allegations in Paragraph 98 refer to claims that have been dismissed and require no response.

99. The allegations in Paragraph 99 refer to claims that have been dismissed and require no response.

100. The allegations in Paragraph 100 refer to claims that have been dismissed and require no response.

## COUNT IV

## Violation of RICO

## Dell'Aquila and NRA Foundation Class v. LaPierre and the NRA Foundation

101. The NRA incorporates by reference its responses to the preceding paragraphs.

102. The allegations in Paragraph 102 refer to claims that have been dismissed and require no response.

103. The allegations in Paragraph 103 refer to claims that have been dismissed and require no response.

104. The allegations in Paragraph 104 refer to claims that have been dismissed and require no response.

105. The allegations in Paragraph 105 refer to claims that have been dismissed and require no response.

106. The allegations in Paragraph 106 refer to claims that have been dismissed and require no response.

107. The allegations in Paragraph 107 refer to claims that have been dismissed and require no response.

108. The allegations in Paragraph 108 refer to claims that have been dismissed and require no response.

109. The allegations in Paragraph 109 refer to claims that have been dismissed and require no response.

110. The allegations in Paragraph 110 refer to claims that have been dismissed and require no response.

111. The allegations in Paragraph 111 refer to claims that have been dismissed and require no response.

112. The allegations in Paragraph 112 refer to claims that have been dismissed and require no response.

113. The allegations in Paragraph 113 refer to claims that have been dismissed and require no response.

114. The allegations in Paragraph 114 refer to claims that have been dismissed and require no response.

## **Affirmative Defenses**

### **First Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of waiver.

### Second Affirmative Defense

Plaintiffs' claim is barred by the doctrine of estoppel.

### Third Affirmative Defense

Plaintiffs' claim is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiffs' claim is barred by the doctrine of laches.

### Jury Demand

The NRA hereby demands a trial by jury on all claims and issues so triable

WHEREFORE, the NRA respectfully requests that this court dismiss this action in its entirety with prejudice, with Plaintiffs to bear the costs of all parties, and any other just and equitable relief this court deems appropriate.

By: *W. Allen McDonald*
W. Allen McDonald
LACY, PRICE & WAGNER PC
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865)-246-0800

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer IV (admitted *pro hac vice*)
750 Lexington Avenue, 14th Floor
New York, NY 10022
(212)-489-1400

*ATTORNEYS FOR THE NATIONAL RIFLE ASSOCIATION OF AMERICA*

**CERTIFICATE OF SERVICE**

I, W. Allen McDonald, hereby certify that I served a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint on the following parties on October 19, 2020 by means of the Court's CM/ECF system, which will send notification to all counsel of record as listed below.

William A. Brewer, Esq.
Email: wbb@brewerattorneys.com
*Co-Counsel for Wayne LaPierre and*
*National Rifle Association*

Aubrey B. Harwell , Jr., Esq.
Email: aharwell@nealharwell.com
*Counsel for NRA Foundation, Inc.*

John E. Quinn
Email: jquinn@nealharwell.com
*Counsel for NRA Foundation, Inc.*

William J. Harbison , II, Esq.
Email: jharbison@nealharwell.com
*Counsel for NRA Foundation, Inc.*

Elliott J. Schuchardt
Email: elliott016@gmail.com
*Counsel for Plaintiffs*

    Date:  October 19, 2020

                           */s/ W. Allen McDonald*