UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL RIFLE ASSOCIATION
BUSINESS EXPENDITURES LITIGATION                         MDL No. 2979

ORDER DENYING TRANSFER

**Before the Panel**:[*] The National Rifle Association (NRA)—plaintiff in two actions and defendant in a third—moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Texas or, alternatively, states in its reply brief that it is unopposed to centralization in the Northern District of New York. This litigation currently consists of four actions pending in three districts, as listed on Schedule A. Defendant in the Northern District of Texas *Stinchfield* action supports the motion. All remaining responding parties oppose centralization, including (1) the New York Attorney General, who is defendant to the Northern District of New York action; (2) plaintiffs in the Middle District of Tennessee action; and (3) the Ackerman parties,[1] who are defendants in one Northern District of Texas action and one of which is plaintiff in another.

On the basis of the papers filed and the hearing session held,[2] we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The NRA argues that the actions share factual questions regarding the NRA's governance, policies, procedures, and spending; its fiduciary relationships; the manner in which it has used its donations; and "efforts by various adversaries to commandeer the NRA's assets and the NRA's future." The NRA also argues that the actions flow from the NRA's efforts to prepare itself for the New York Attorney General's investigation of the NRA.

There may be factual overlap among some of the actions as to particular expenditures by the NRA and its relationship with Ackerman, but it appears to be limited and overshadowed by the many individual questions presented by the alleged facts, claims, and parties in each action. For example, in the Northern District of Texas *Ackerman* action, the NRA alleges that Ackerman's

---

[*]   One or more Panel members who could be members of the putative class in this litigation have renounced their participation in this class and have participated in this decision.

[1]   Ackerman McQueen, Inc. (Ackerman), Mercury Group, Inc., Henry Martin, Melanie Montgomery, William Winkler, and Jesse Greenberg.

[2]   In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of January 28, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2979 (J.P.M.L. Jan. 11, 2021), ECF No. 40.

website presents a false association between itself and the NRA. The *Ackerman* action also will examine the parties' obligations under their services agreement, including the applicability of a confidentiality provision. The other Northern District of Texas action (*Stinchfield*) is a straightforward defamation action in which the NRA is not named as a party. *Stinchfield* centers on a narrow issue: whether the defendant—a former NRATV host—falsely stated in an affidavit that Ackerman made misrepresentations to the NRA about NRATV and its viewership metrics. In the Northern District of New York action (*James*), the NRA alleges the New York Attorney General's investigation and an underlying New York state court enforcement action[3] constitute retaliation for the NRA's political advocacy and selective enforcement of New York's not-for-profit law. That state court action concerns far broader allegations that the NRA is not serving the interests of its members and advancing its charitable mission. It asserts that the NRA was not governed properly, failed to follow state and federal laws, failed to institute an effective compliance program, and filed false regulatory statements. Finally, plaintiffs in the Middle District of Tennessee action (*Dell'Aquila*) claim the NRA fraudulently induced donations to the organization. *Dell'Aquila* is the only action brought as a putative class action and, therefore, will entail class certification proceedings not applicable to the other three actions. In these circumstances, we are not persuaded that the purported factual overlap is sufficient to overcome the differences in these actions, which each will involve some different discovery and pretrial proceedings.

The differences in these actions also extend to their procedural postures. The two Northern District of Texas actions are less complex and, therefore, likely to resolve sooner without the added burden of additional parties and proceedings. Discovery currently is set to close in *Stinchfield* this month and, as to the claims against the Ackerman parties in *Ackerman*, this June. Trials in both actions are set for 2021—*Stinchfield* in May and *Ackerman* in September. In contrast, while discovery was set to close in *Dell'Aquila* in August 2021, trial in that action was not scheduled until approximately one year later. The NRA's recent Chapter 11 bankruptcy filing is likely to further impact the disparities in progression among these cases. The Middle District of Tennessee has stayed and administratively closed *Dell'Aquila* and the Northern District of Texas has closed the counterclaims against the NRA in *Ackerman* pursuant to 11 U.S.C. § 362.

We have held that where, as here, "only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Hyundai & Kia GDI Engine Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341, 1343 (J.P.M.L. 2019). And parties should attempt informal means of coordination "before resorting to Panel intervention." *In re Gap, Inc., COVID-19 Lease Payment Litig.*, __ F. Supp. 3d __, 2020 WL 5884789, at *2 (J.P.M.L. Oct. 2, 2020). There are just four actions pending in three districts, and proponents have not demonstrated any attempt at informal coordination or transfer via other means before seeking Section 1407 centralization. The NRA claims there exist "other, related actions that are likely to be removed to federal court." But it appears the New York state court enforcement action will remain in state court, as that court recently denied defendants' motion to dismiss on *forum non conveniens* grounds. The Panel has

---

[3] *See People v. Nat'l Rifle Ass'n of Am., et al.*, Index No. 451625/2020 (Sup. Ct. N.Y. Cnty.).

- 3 -

been "disinclined to take into account the mere possibility of future filings in [its] centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013). The NRA and the Ackerman parties each are represented by common counsel in all actions in which they are parties, and the *Stinchfield* defendant is represented by counsel affiliated with the NRA's counsel. This "should facilitate informal coordination of this relatively small number of actions." *In re Covidien Hernia Mesh Prod. Liab. Litig.*, MDL No. 2953, 2020 WL 4670694, at *2 (J.P.M.L. Aug. 7, 2020).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: NATIONAL RIFLE ASSOCIATION
BUSINESS EXPENDITURES LITIGATION**      MDL No. 2979

## SCHEDULE A

<u>Northern District of New York</u>

NATIONAL RIFLE ASSOCIATION OF AMERICA v. JAMES, C.A. No. 1:20-00889

<u>Middle District of Tennessee</u>

DELL'AQUILA v. LAPIERRE, ET AL., C.A. No. 3:19-00679

<u>Northern District of Texas</u>

NATIONAL RIFLE ASSOCIATION OF AMERICA v. ACKERMAN MCQUEEN,
    INC., ET AL., C.A. No. 3:19-02074
ACKERMAN MCQUEEN, INC. v. STINCHFIELD, C.A. No. 3:19-03016