IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Defendant. | No: 3:19-CV-00679<br>Judge William L. Campbell Jr.<br><br>Magistrate Judge Chip Frensley |

## DEFENDANT NRA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41 AND LOCAL RULE 41

Pursuant to the Federal Rule of Civil Procedure ("FRCP") 41(b) and the Local Rule for the United States District Court for the Middle District of Tennessee ("Local Rule") 41.01(a)(1), Defendant the National Rifle Association of America (the "NRA") submits this memorandum of law in support of its Motion to Dismiss the Second Amended Complaint of Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber, (and on behalf of themselves and all other similarly situated - collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs commenced this putative class action asserting claims for fraud and RICO violations against the NRA, its CEO Wayne LaPierre, and the NRA Foundation in 2019. By September 2020, only a single claim for fraud against the NRA remained, which the NRA vigorously denies. As a result of the NRA's involvement in bankruptcy proceedings in the Northern District of Texas, in January 2021 through May 11, 2021, this proceeding was

automatically stayed, and the case was administratively closed by order of the Court. Beginning on May 12, 2021, Plaintiffs had the ability to move to reopen the case. They failed to do so.

Nearly a year later, the case remains administratively closed, because Plaintiffs have failed to take any action in the case. As a result, the NRA moves to dismiss the case with prejudice. In the alternative, the NRA seeks dismissal without prejudice. The relief the NRA seeks is suitable because: (i) Plaintiffs' actions demonstrate willfulness and fault; (ii) Plaintiffs' conduct is prejudicial to the NRA; (iii) Plaintiffs' are on notice that their conduct could lead to dismissal; and (iv) dismissal best serves the appropriate interests in this case.

## PROCEDURAL BACKGROUND

On August 6, 2019, alleged NRA donor David Dell'Aquila filed a putative class action against the NRA, Wayne LaPierre, and the NRA Foundation on behalf of all donors located in the United States, claiming fraud and violations of RICO based on misuse of NRA funds. Dkt. 1. Importantly, this lawsuit was part of "grass-roots" campaign waged by Dell'Aquila, in which Dell'Aquila sought attention from news outlets to spread his message.[1] On October 11, 2019, Dell'Aquila filed his First Amended Complaint, and Defendants were served. In November and December of 2019, each Defendant moved to dismiss the First Amended Complaint. Dkts. 20, 32, 35. On January 2, 2020, Dell'Aquila, through counsel, filed a motion for leave to amend the First Amended Complaint, which the court granted. Dkt. 37, 42. The Second Amended Complaint added three additional Plaintiffs, Lorannda Borja, Todd Chesney, and Brent Weber, all on behalf

---

[1] Danny Hakim, "NRA Donor Directs a Revolt Against a Radioactive Leader," NYTIMES (July 2, 2019), https://www.nytimes.com/2019/07/02/us/nra-donors-wayne-lapierre.html; Mark Maremont, "NRA Donor Files Suit Over CEO's Expenses," THE WALL STREET JOURNAL (Aug. 7, 2019), https://www.wsj.com/articles/nra-donor-files-suit-over-ceos-expenses-11565221846

of the above-described putative class, as well as additional allegations in support of the claims asserted. Dkt. 37-1.

On February 19, 2020, the NRA, NRA Foundation, and Mr. LaPierre each moved to dismiss the lawsuit in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction, 12(b)(6) for failure to state a claim upon which relief can be granted, and 9(b) for failure to comply with the heightened pleading required for fraud claims. Dkts. 46, 48, 50. On September 30, 2020, the Court granted the motions to dismiss of Mr. LaPierre and the NRA Foundation in their entirety, at which point they were no longer Defendants in the case. Dkt. 64. The Court granted the NRA's motion to dismiss Plaintiffs' RICO claim, and denied the NRA's motion to dismiss Plaintiffs' fraud claim. Dkt. 64, 65. The NRA filed its Answer and Affirmative Defenses. Dkt. 66.

After the exchange of initial disclosures and written discovery, on January 15, 2021, the NRA filed a Notice and Suggestion of Bankruptcy in connection with a bankruptcy proceeding in the Northern District of Texas. Dkt. 69 §§ E, G; Dkt. 71. On January 19, 2021, the Court so-ordered the automatic stay pursuant to 11 U.S.C. § 362 and directed the Clerk to administratively close the case. Dkt. 72. In addition, the Court directed the NRA to file a status update within ten days of the conclusion of the bankruptcy proceedings, after which time Plaintiffs were invited move to reopen the case. *Id*. On May 18, 2021, the NRA filed a status report, notifying the Court and Plaintiffs that the bankruptcy proceeding was concluded. Dkt. 75. As of the date of this filing, Plaintiffs have not moved to reopen the case.

Pursuant to Local Rule 7.01(a)(1), Defendant's counsel attempted to meet and confer in good faith with Plaintiffs' counsel regarding the relief sought. On April 6, 2022, Defendant's

counsel called Elliot Schuchardt, who is listed as attorney of record for Plaintiffs.[2] When Defendant's counsel asked Mr. Schuchardt whether he still represents Plaintiffs, he stated that he does not represent Plaintiffs at this time.[3] He went on to reference issues regarding his lack of admittance to this Court, the exact facts and circumstances regarding which Defendant's counsel is not familiar.[4] Nevertheless, Defendant's counsel conveyed that Defendant would move to dismiss the case pursuant to FRCP 41 and Local Rule 41.01.[5] In response, Mr. Schuchardt stated that although he did not represent Defendants, it was his position that he opposed the motion.[6] Because Local Rule 7.01(a)(1) only requires counsel to meet and confer "in cases in which all parties are represented by counsel," Defendant's counsel did not reach out to the Plaintiffs individually.

The NRA now files this motion to dismiss.

## ARGUMENT

### I. FRCP 41(b) and Local Rule 41.01(a)

FRCP 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute claims or to comply with the Rules of any order of the Court."[7] "Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary."[8] Courts look to four factors for guidance when

---

[2] Declaration of W. Brewer, dated April 11, 2022, ¶ 5.
[3] *Id.* ¶ 6.; *see also* Order, dated September 1, 2021, Dkt. 76 (referring to a letter from Mr. Schuchardt to the Court, referring to Plaintiff Dell'Aquila as a "former client," and advising counsel of his obligations under Local Rule 83.01(g)).
[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 7.
[7] *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008).
[8] *Bourque v. Bank of America, N.A.*, 2019 WL 923789, at *2 (M.D. Tenn. Jan. 18, 2019) (citing *Schafer*, 529 F.3d at 736), *report and recommendation adopted by* 2019 WL 914121 (M.D. Tenn. Feb. 24, 2019).

determining whether dismissal under Rule 41(b) is appropriate: (1) willfulness, bad faith, or fault of plaintiff; (2) prejudice to defendant; (3) whether plaintiff was warned that a failure to cooperate could lead to dismissal; and (4) availability and appropriateness of other sanctions.[9] No factor is outcome determinative, and "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."[10]

Local Rule 41.01 provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily disposed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a).

## II. Plaintiffs' Claims Should Be Dismissed Pursuant to FRCP 41(b)

### A. *Bad Faith, Willfulness, or Fault*

"A plaintiff's actions demonstrate bad faith, willfulness, or fault where they display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings."[11] Plaintiffs pursued this litigation from initial service of the complaint up until the NRA filed its Notice and Suggestion of Bankruptcy.[12] Since the automatic stayed lifted in May 2021, however, Plaintiffs have taken no action with respect to the litigation.[13] Plaintiffs' failure to "move this case forward since that date appears to be of [their] own making."[14] Plaintiffs' conduct shows willfulness or fault, and therefore supports dismissal.[15]

---

[9] *Valentine v. Ford*, 2021 WL 4502343, at *1 (M.D. Tenn. 2021) (citing *Schafer*, 529 F.3d at 737), *report and recommendation adopted by* 2021 WL 4480505 (M.D. Tenn. Sep. 30, 2021).
[10] *Id*.
[11] *Bourque*, 2019 WL 923789, at *2 (internal quotes and citations omitted).
[12] *See supra*, 3.
[13] *See supra*, 3.
[14] *Bourque*, 2019 WL 923789, at *2.
[15] *Id*. (failure to respond to judicial processes "or otherwise move this case forward . . . is indicative of willfulness or fault"); *Valentine*, 2021 WL 4502343, at *2 (willfulness or fault

B. *Prejudice to Defendant*

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which plaintiff was legally obligated to provide."[16] The NRA was forced to expend time and resources in this case, including two rounds of motion to dismiss briefing, as well as the exchange of initial disclosures and written discovery.[17] In light of Defendant's required expenditure of resources on these legal processes, Plaintiffs failure to prosecute the case is prejudicial.[18]

Indeed, "all parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as Plaintiffs have here, prejudices the parties and reflects the type of situation where the Court should intervene."[19]

This factor favors dismissal.

C. *Prior Notice of the Potential for Dismissal*

Whether a plaintiff is aware that failure to cooperate could lead to dismissal is a consideration in favor of dismissal.[20] FRCP 41(b) and Local Rule 41.01(a) put all litigants in the Middle District of Tennessee on notice that the Court may dismiss inactive civil cases.[21]

This factor further supports dismissal.

D. *Appropriateness of Other Sanctions*

---

shown where "it does not appear that Plaintiff has taken any action with respect to this litigation").

[16] *Bourque*, 2019 WL 923789, at *3 (internal citations and quotations omitted).

[17] *See supra*, 3.

[18] *Bourque*, 2019 WL 923789, at *3 ("prejudice typically arises in the discovery context"); *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *3 (W.D. Tenn. Apr. 22, 2013) (finding expenditure of "time and money pursuing [plaintiff's] required initial disclosures and deposition testimony" prejudicial).

[19] *Peck v. David Randolph Smith & Associates*, 2021 WL 804186 (M.D. Tenn. Jan. 19, 2021).

[20] *Bourque*, 2019 WL 923789, at *3.

[21] *Id.*

Dismissal with prejudice is available and appropriate here.[22] In the alternative, dismissal without prejudice is also available.[23] Dismissal without prejudice "balances the Court's interest in sound judicial case and docket management with the public policy interest in the disposition of cases on their merits." [24] Dismissal without prejudice is particularly appropriate in cases of prolonged inactivity.[25]

In sum, Plaintiffs' claims should be dismissed.[26]

### III. In the Alternative, Plaintiffs' Claims Should Be Dismissed Pursuant to Local Rule 41.01(a)

As explained above, Plaintiffs have not taken any action in the proceeding since January 2021. Plaintiffs conduct amounts to unreasonable delay and warrants dismissal pursuant to Local Rule 41.01(a).[27]

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court order that the case be dismissed with prejudice. In the alternative, Defendant respectfully requests that the Court order that the case be dismissed without prejudice.

---

[22] *See* FRCP 41(b) (involuntary dismissal for failure to prosecute may operate as an adjudication on the merits); *see also* Local Rule 41.01(a).

[23] Local Rule 41.01(a).

[24] *Bourque*, 2019 WL 923789, at *3 (internal citations and quotations omitted).

[25] *Id.*; *Peck*, 2021 WL 804186, at *3; *Valentine*, 2021 WL 4502343, at *3.

[26] That Plaintiffs may now be *pro se* does not change this outcome. "While pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is not cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. The lenient treatment of pro se litigants has limits." *Weir v. Centurion*, 2021 WL 4267294, at *2 (M.D. Tenn. 2021) (internal citations omitted), *report and recommendation adopted* by 2021 WL 5165930 (M.D. Tenn. 2021).

[27] *Whitsett v. CoreCivic, Inc*., 2018 WL 5619346, at *2 (M.D. Tenn. 2018) (recommending dismissal without prejudice where plaintiff "ha[d] not filed anything in this case in almost a year, which amounts to unreasonable delay under Local Rule 41.01(a)") *accepted and ordered*, 2018 WL 6605081 (M.D. Tenn.).

Dated: April 11, 2022                    Respectfully submitted,

                                         By: _/s/ W. Allen McDonald_____

                                         LACY, PRICE & WAGNER PC
                                         W. Allen McDonald
                                         249 N. Peters Rd., Suite 101
                                         Knoxville, TN 37923
                                         (865)-246-0800

                                         BREWER, ATTORNEYS & COUNSELORS
                                         William A. Brewer (admitted *pro hac vice*)
                                         750 Lexington Avenue, 14th Floor
                                         New York, NY 10022
                                         (212)-489-1400
                                         *ATTORNEYS THE NATIONAL RIFLE*
                                         *ASSOCIATION OF AMERICA*

## **CERTIFICATE OF SERVICE**

I, W. Allen McDonald, hereby certify that I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court on April 11, 2022, using the CM/ECF system, which will send notification to all counsel of record as listed below.

William A. Brewer, Esq.
750 Lexington Avenue, 14th Floor
New York, NY 10022
Email: wbb@brewerattorneys.com
*Co-Counsel for National Rifle Association*

Elliott J. Schuchardt
SCHUCHARDT LAW FIRM
6223 Highland Place Way, Suite 201
Knoxville, TN 37919
Phone: (865) 304-4374
Email: elliott016@gmail.com
*Counsel for Plaintiffs*

  Date: April 11, 2022

               */s/ W. Allen McDonald*