IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| - against - | ) No: 3:19-CV-00679<br>) Judge William L. Campbell Jr. |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | ) Magistrate Judge Chip Frensley<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF DELL'AQUILA'S RESPONSE TO COURT'S ORDER OF JULY 5, 2022**

David Dell'Aquila, filing as a *pro se* litigant, files this Response to Court's Order of July 5, 2022. Dell'Aquila does not herein attempt to represent the other Plaintiffs which would be inappropriate for a non-lawyer *pro se* Plaintiff.

Plaintiff Dell'Aquila and Co-Plaintiffs have been put in a terrible position by former counsel. Plaintiffs were finalizing negotiations with Boies Schiller Flexner of New York to take on this litigation with Schuchardt staying on as local counsel. Plaintiffs were advised by letter on August 26, 2021 that Boies Schiller Flexner terminated its representation of the Plaintiffs in this case due to Schuchardt's conduct. (Exhibit 1, Boies Schiller Flexner Letter). On September 3, 2021, Schuchardt was advised that he was suspended from the practice of law in the Middle District of Tennessee. (Exhibit 2, Clerk of MDTN Court of September 3, 2021). The Court's suspension letter went on to state that Mr. Schuchardt had been under a mandatory obligation to report his suspension from the practice of law in the Eastern District of Tennessee when it took

effect which was shortly after the inception of this case.

Since being advised of Schuchardt's suspension, Plaintiffs have attempted to hold Schuchardt accountable to his contract with them. The Plaintiffs believe that Schuchardt should have provided Plaintiffs with replacement counsel under the same contingency agreement that he had made with Plaintiffs. Schuchardt has failed to honor his contract with the Plaintiffs by providing replacement counsel and subsequently filed a Motion to Withdraw on April 20, 2022. Plaintiffs have since been seeking counsel to represent them in this matter. It is necessary that the Plaintiffs retain counsel under a contingency contract similar to the contract they had with Schuchardt. To date, after contacting many attorneys and law firms, Plaintiffs have been unable to secure counsel.

Plaintiffs' actions do not demonstrate bad faith, willfulness, or fault. Plaintiffs have and continue to seek alternate counsel since the withdrawal of counsel May 13, 2022. Plaintiffs have not previously dismissed this action. If the Court is persuaded to grant Defendants a dismissal pursuant to Fed. R. Civ. Pro. 41, the Plaintiffs state that a dismissal without prejudice pursuant to Fed. R. Civ. Pro. 41(a) would be the most appropriate.

Plaintiffs have not willfully failed to prosecute this action in a manner that would justify dismissal with prejudice pursuant to Fed. R. Civ. Pro. 41(b). Schuchardt did not move to withdraw from this case until April 20, 2022, after the filing of the Defendants' Motion to Dismiss on April 11, 2022. The Order granting Schuchardt's Motion to Withdraw was entered May 13, 2022. Plaintiffs have in good faith over the past two months actively attempted to obtain new counsel.

Plaintiffs understand that they need to move to reopen this case from being administratively closed and respond to Defendants Motion to Dismiss. Those are legally complicated procedures which could have a devastating effect on the rights of the Plaintiffs if they were to ineffectively

proceed *pro se*. Plaintiffs are reluctantly willing to proceed *pro se*, if necessary, until they are able to secure appropriate counsel. This litigation involves complicated legal issues that are best brought forward by competent counsel.

Plaintiff Dell'Aquila prays that the Court allow Plaintiffs another continuance in order to obtain competent counsel. In the alternative, that the Court enter an Order of dismissal without prejudice pursuant to Fed. R. Civ. Pro 41(a).

Respectfully Submitted,
By _____
*Pro Se Plaintiff*
862 Bresslyn Rd.
Nashville, TN 37205
615-924-4295

## CERTIFICATE OF SERVICE

I, David Dell'Aquila, hereby certify that I caused a true and correct copy of the foregoing to be delivered to the Clerk of the Court on July 25TH, 2022 by hand delivery or USPS and to the following pursuant to efile notification.

LACY, PRICE & WAGNER PC
W. Allen McDonald
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
(865)-246-0800

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer (admitted pro hac vice)
750 Lexington Avenue, 14th Floor
New York, NY 10022 (212)-489-1400
ATTORNEYS THE NATIONAL RIFLE ASSOCIATION OF AMERICA

_____
David Dell'Aquila