IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID DELL'AQUILLA, LORANNDA BORJA, TODD CHESNEY, AND BRENT WEBER, and on behalf of Themselves and all others similarly situated,<br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA<br>    Defendant. | Civil Action No.: 3:19-cv-679<br>Judge Campbell/Frensley<br>Jury Demand |

## AMENDED CASE MANAGEMENT ORDER

    A.    JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332.

    B.    BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Plaintiff's Second Amended Complaint presented claims under RICO and for common law fraud against multiple defendants. Pursuant to the Court's 9/30/20 Memorandum Opinion the only theory which remains in the case is a putative class action claim for common law fraud against Defendant National Rifle Association. Plaintiffs alleges that the Defendant made false statements to solicit donations from Plaintiffs and the members of the putative class. Dkt. 3.

For Defendant: Denies any and all liability.

    C.    ISSUES RESOLVED: Jurisdiction

    D.    ISSUES STILL IN DISPUTE: Venue, liability and damages.

    E.    INITIAL DISCLOSURES: The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

    F.    CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The Parties

shall file a joint status report regarding the progress of discovery by **December 1, 2022.**

G. DISCOVERY: The Court will delay the setting of deadlines for discovery and other matters until a later date.

Written discovery (consisting of initial interrogatories, initial requests for admission, and initial document requests) has already been served and subsequent requests should proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: The Court will delay setting a deadline for any motions to amend until a later date. Any motion to amend must be accompanied

by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I. CLASS CERTIFICATION MOTION: Plaintiffs shall file their motion for class certification on or before **March 27, 2023**. Defendant shall respond by **April 28, 2023** and Plaintiff shall reply by **May 12, 2023**.

J. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The Court will delay setting a deadline for any disclosure and depositions of expert witnesses until a later date. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

K. TELEPHONE STATUS CONFERENCE: A status conference shall be held telephonically on **February 22, 2023 at 9:00 a.m.** to address: the issue of class certification, status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

L. DISPOSITIVE MOTIONS: The Court will delay setting a deadline for any dispositive motions until a later date. Responses to dispositive motions shall be filed within 28

days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages without leave of court. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages without leave of court.

M.     ELECTRONIC DISCOVERY: The parties agree to the default standards set forth in Administrative Order No. 174-1.

N.     MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O.     REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS: Any party requesting that documents or portions of documents be sealed, including, without limitation, for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07

4

of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons.

    P.    **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of this action is expected to last approximately five (5) trial days. The Court will delay requesting a trial date until a later date.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**