IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br>    *Plaintiffs*<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA<br>    *Defendant*. | Case No. 3:19-cv-679<br><br>Judge William L. Campbell<br><br>Mag. Judge Chip Frensley |

## MOTION TO AMEND CASE MANAGEMENT ORDER TO ALLOW CONFERRAL REGARDING DISCOVERY DISPUTES OVER VIDEO CONFERENCE

Named Plaintiffs, David Dell'Aquila *et al.* ("Plaintiffs"), by and through their undersigned counsel, respectfully move the Court to amend the Case Management Order to allow the parties to confer via video conference before bringing discovery disputes to the Court. In support, Plaintiffs state:

1. The Case Management Order provides, "No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s)." Dkt. 103.

2. Plaintiffs respectfully request amendment of the Case Management Order to permit the parties to bring discovery disputes to the Court when the parties remain at impasse after conferring face-to-face via video conference. Alternatively, Plaintiffs request that the Case Management Order be amended to require that in-person meetings to confer about discovery disputes be held in Nashville, Tennessee, where the Court is located, with each side bearing its own costs.

1

3.      Under the particular circumstances of this case, the amendment Plaintiffs seek would facilitate an efficient discovery process. The amendment also would eliminate a party's ability to delay the progress of the case and impose substantial costs on the other side by withholding validly requested documents and information and then demanding an in-person meeting in the location the withholding party's counsel resides.

4.      First, counsel for the parties are located in different states. Lead counsel for Plaintiffs resides in Chicago, Illinois, and additional counsel for Plaintiffs resides in Colorado. Counsel for Defendant is located in New York. Second, Defendant NRA has told Plaintiffs that if Plaintiffs seek documents or a response to discovery from Defendant that Defendant has withheld, Plaintiffs' counsel must travel to New York to confer in person—unless Plaintiffs pay for defense counsel's costs and time to travel.

5.      The result is that Defendant has no incentive to confer in good faith when it can impose time and travel costs on Plaintiffs by refusing to produce validly requested discovery.

6.      Unfortunately, this dynamic is already playing out. The parties met and conferred over video conference on November 7, 2022 concerning certain discovery disputes. During that meeting, Plaintiffs raised with Defendant NRA the fact that, to date, NRA has produced zero documents in this case in response to Plaintiffs' first set of requests for production and interrogatories. NRA has not even produced any of the documents referenced in its own Rule 26(a)(1) disclosures, which it identifies as "documents regarding the solicitation of donations," "communications between Plaintiffs and Defendant regarding donations," "documents regarding the use of NRA funds," and "documents regarding NRA vendor and third-party expenses passed-through or otherwise charged to the NRA." Although NRA did agree to produce documents in response to one of Plaintiff's requests for production, NRA flatly refused to comply with another

2

request for production and an interrogatory, both of which concern the NRA's solicitation of donations and donations made during the class period. These discovery requests pertain directly to the fraud alleged by Plaintiffs and the putative class members in their Second Amended Complaint and are central to this case. Defendant NRA also refuses to produce any documents referenced in its Rule 26(a)(1) disclosures.

7. Defendant NRA's flat refusal meant the parties were unable to resolve their dispute concerning Plaintiffs' request for production and interrogatory about donor solicitations. Since then, Defendant has not indicated in any way that an in-person meeting could move it from its stonewalling position, yet it insists on an in-person conferral in New York. Plaintiffs believe that such a meeting would serve only to cause delay and impose unnecessary costs.

8. The parties met and conferred about this motion, and Defendant NRA opposes this motion.

WHEREFORE, Plaintiffs respectfully request that the Court amend the Case Management Order to allow the parties to have video-conference conferrals before raising discovery disputes with the Court. Alternatively, Plaintiffs request that the Case Management Order be amended to require that in-person conferrals be held in Nashville, Tennessee, so that the costs of engaging in discovery disputes will be borne equally by both sides.

Respectfully submitted,

s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*

Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900

mike@loevy.com
jon@loevy.com

Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

John R. Wingo (BPR #016955)
401 Commerce Street, Suite 800
Nashville, TN 37219
O: (615) 782-2263
john.wingo@stites.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 9th day of November, 2022, a true and exact copy of the foregoing Motion was electronically filed with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system upon all counsel of record.

s/ Elizabeth Wang
One of Plaintiffs' Counsel

5

Case 3:19-cv-00679   Document 106   Filed 11/09/22   Page 5 of 5 PageID #: 1125