# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID DELL'AQUILLA, et al** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: 3:19-cv-679** |
| | ) | **Judge Campbell/Frensley** |
| **NATIONAL RIFLE ASSOCIATION OF** | ) | |
| **AMERICA** | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is a Motion to Amend the Case Management Order to Allow Conferral Regarding Discovery Disputes Over Video Conference. Docket No. 106. In the alternative, the Plaintiffs ask the Court to require that any in person meetings regarding discovery disputes be held in Nashville, Tennessee, with each side to bear their own costs associated with attending the conference. The Motion is **GRANTED IN PART**.[1]

This Court requires and the Case Management Order provides that "[n]o discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any disputes." Docket No. 103. This provision recognizes that most discovery disputes can be resolved if the Parties actually make the effort to do so. The requirement that lead counsel participate in the meet and confer efforts assures that the task will not be delegated to lawyers who may not understand the issues in dispute as well as face competing motivations. The requirement that the meeting be in person is to assure there

---

[1] Local Rule 7.01(b) permits the Court to act on a motion prior to the time allowed for response. The Court does not believe it necessary to wait 21 days for this matter to be briefed in light of the issues.

will be a complete and thorough discussion of the issues with the opportunity for contemporaneous feedback and to eliminate the potential confusion often associated with written communications often passing like ships in the night. Finally, the requirements of such an in person meeting requires counsel to consider the costs of such a meeting to their clients and determine the position they will take regarding the disputes.

While this Court relaxed the in person requirement during the pandemic, the above considerations outweigh the current declining threat associated with COVID-19. Absent some unique issue or exceptional circumstance, the Court will not modify the requirement of lead counsel to participate in an in person meet and confer prior to bringing any discovery disputes to the Court for resolution.

Where such a meet and confer occurs will generally be left to the agreement of the parties. However, to the extent that the Parties cannot agree about where to conduct a meet and confer, such meet and confer shall occur in the Middle District of Tennessee at a location designated by the requesting party. Each party shall bear their own costs associated with participating in the meet and confer absent further order from the Court.

The Plaintiff's Motion to Amend the Case Management Order to Allow Conferral Regarding Discovery Disputes Over Video Conference (Docket No. 106) is **GRANTED IN PART** as set forth herein.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**