IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, et al., on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA<br><br>               Defendant. | Case No. 3:19-cv-00679<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Jefferey S. Frensley |

## JOINT STATUS REPORT REGARDING DISCOVERY PROGRESS

Plaintiffs David Dell'Aquila, Loranda Borja, Todd Chesney, and Brent Weber (collectively, "Plaintiffs") and Defendant the National Rifle Association of America ("Defendant" or the "NRA") (collectively, the "parties") submit the following Joint Status Report pursuant to the Amended Case Management Order filed September 26, 2022. *See* Dkt. No. 103, p. 2, § F.

    a. **Plaintiffs**

The parties each served one round of discovery in 2020, prior to the administrative suspension of the case. Plaintiffs have also served a second round of requests for production on Defendant, which are due December 17, 2022.

At present, the parties are engaged in a meet and confer process over the 2020 discovery responses and Defendant's Rule 26(a)(1) disclosures. Plaintiffs initiated the process on October 11, 2022, asking Defendant to meet by phone within 10 days to discuss Plaintiffs' concerns. Defense Counsel's first available date was November 1, 2022. The parties agreed to exchange letters about their respective discovery concerns on November 27. Defendant timely sent its letter. Plaintiff sent its (short) letter stating concerns about Defendant's failure to have produced any

1

documents at all, but admittedly did not do so until October 31. Defendant canceled the conference on that ground and insisted on rescheduling for November 7.

At the November 7 conference, the parties discussed the fact that Defendant has produced zero documents in the case, neither in response to requests for production, nor in accordance with obligations under Rule 26(a)(1). Defendant agreed to produce copies of communications that it sent to the four named Plaintiffs but objected to producing any communications to the putative class members. Defendant asked Plaintiffs to supplement their interrogatory answer concerning insurance agreements and their responses to some of Defendant's requests for production and requests for admission. Plaintiffs agreed to review these responses and get back to Defendant.

Given that Defendant maintained its position refusing discovery that Plaintiffs believed necessary for class certification, Plaintiffs raised the issue of amending the Case Management Order to relieve the parties of the requirement to meet in-person before filing motions to compel. Defendant objected and insisted that Plaintiffs' Counsel fly to Defense counsel's location in New York or pay for Defense Counsel to fly to them to meet face-to-face before moving to compel. Accordingly, Plaintiffs filed a motion to amend the Case Management Order, which the Court granted in part by allowing the parties to meet in the Middle District of Tennessee.

On November 23, 2022, immediately following the Court's order, Plaintiffs requested that Defendant meet in Nashville at some point within the two weeks following Thanksgiving and provided 12 dates when they were available to travel for the meeting. Defendants responded that they would only schedule a phone conference and declined to put an in-person meeting on the calendar in case phone call does not resolve all disputes. The parties have scheduled December 2, 2022 for the phone call.[1]

---

[1] Plaintiffs provided Defendant the foregoing content on November 23, seeking Defendant's revisions for a joint report. Towards the close of day on November 30, Defendant sent instead the following five pages

2

Case 3:19-cv-00679   Document 110   Filed 12/01/22   Page 2 of 8 PageID #: 1132

### b. **Defendant the NRA**

#### 1. Background

On October 11, 2022, Plaintiffs' counsel requested to confer via videoconference. On October 13, 2022, Plaintiffs' counsel asked the NRA's counsel if the NRA would agree to exchange letters outlining discovery disputes by October 27, 2022 and then engage in a Zoom videoconference on November 1, 2022 at 9:30 a.m. MT. The NRA's counsel agreed to participate in this preliminary meet and confer (not final in light of the CMO's requirements). On October 27, 2022, the NRA emailed Plaintiffs' counsel a detailed letter outlining Plaintiffs' numerous objections and document production deficiencies. On October 31, 2022, the NRA's counsel emailed Plaintiffs' counsel stating that because they had not received any letter from Plaintiffs, the Zoom scheduled for November 1, 2022, should be adjourned pending Plaintiffs' provision of a letter outlining their obligations to the NRA's discovery responses. On October 31, 2022, at 11:12 p.m., Plaintiffs' counsel emailed a letter to the NRA's counsel and disingenuously accused the NRA of bad faith for insisting that Plaintiffs' counsel provide notice of the issues raised and Plaintiffs' complaints regarding Defendant's discovery responses. Nevertheless, Plaintiffs' counsel asked that the conferral occur instead on November 7, 2022, at 7 a.m. MT, to which the NRA agreed. On November 7, 2022, counsel for the parties participated in the Zoom. During the Zoom, both parties raised concerns regarding the purported deficiencies in the opposing parties' discovery responses. During the Zoom, which lasted a total of 12 minutes, Plaintiffs' counsel

---

titled "Defendant the NRA" as a separate statement. As the Court will see, Defendant is arguing both sides' as-yet-unfiled discovery motions. Plaintiffs hotly contest Defendant's representations below and believe it is inappropriate to lodge such arguments as Defendant has yet to comply with the meet and confer rule, the purpose of which is to promote potential agreements and save the Court (and the parties) unnecessary work. In case the Court wishes to wade in now, Plaintiffs attach an addendum summarizing their response. Plaintiffs will lay out their positions in fulsome briefs, to the extent necessary, following the parties' discovery conference.

3

displayed a lack of good faith with respect to its approach not only to seeking discovery from the NRA but also responding to the NRA's discovery requests.

### 2. Plaintiffs' Discovery Requests

Plaintiffs' counsel took issue with the NRA's initial disclosures, as well as the NRA's responses to two document requests and one interrogatory. The NRA stated its position with respect to each issue, citing its rationale for any objections interposed as follows:

- Plaintiffs demanded that the NRA supplement its initial disclosures, dated December 8, 2020, and produce documents. The NRA responded that it complied with the requirements of FRCP 26(a)(1), which states that "a copy – **or** a description by category . . . of all documents" must be provided. (Emphasis added.) Pursuant to this rule, a copy is not required. Plaintiffs' counsel declared the parties at an impasse. Then, on November 17, 2022, Plaintiffs served a second set of document requests, in which Plaintiffs expressly request the production of the documents at issue. Defendant's response to Plaintiffs' second set of document requests is due December 19, 2022. Defendant will respond on December 19, 2022.

- Plaintiffs demanded that NRA withdraw its objections and produce (1) "all letters, e-mails, and mailings from the National Rifle Association, Inc. ('NRA') or any of its agents or employees to Plaintiffs or their spouses during the period from March 1, 2015 to January 26, 2019" and (2) "all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to **persons who donated** to the NRA during the period from November 30, 2015 to January 26, 2019." The NRA responded that the requests were overbroad and unduly burdensome. It also bears pointing out that a request for information of donors violates third-party donors' privacy rights. *See, e.g., NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958), *United States Dep't of Justice v. Reporters Cmte. for Freedom of Press*, 489 U.S. 749, 766-767 (1989). The NRA proposed, that if Plaintiffs consider narrowing the scope of these requests to cover documents pertaining to Plaintiffs only. The NRA further stated it would conduct a diligent search and advise if there are any responsive records that have not been produced in this action. In response, Plaintiffs' counsel "flatly" declared the parties at an impasse.

- Plaintiffs demanded a response without objection to an interrogatory which asks that the NRA provide "for each person who donated to the NRA during the period November 30, 2015 through January 26, 2019," the name, address, e-mail, amount donated, and date of donation. Similar to the above, the NRA's position is that the interrogatory is overbroad, unduly burdensome, and violative of private citizens' rights under well settled law. *See supra*. Plaintiffs declared another impasse.

4

Because NRA counsel did not agree to comply with each of Plaintiffs' demands in full without limitation, Plaintiffs' counsel declared—without further discussion—that the parties were at an impasse. Nevertheless, NRA counsel invited Plaintiffs' counsel to its offices for a further meet and confer. Plaintiffs' counsel refused.

At the end of the meet and confer on November 7, 2022, Plaintiffs' counsel stated its intention to move to amend the CMO to allow meet and confers to proceed via videoconference without the need for in-person meet and confers. NRA counsel stated it opposed such an order, citing the previously entered-into order of the Court. On November 9, 2022, Plaintiffs' counsel filed a motion to amend the CMO. Before the deadline for the NRA to file a response, on November 22, 2022, the Court issued an order granting the motion in part and stated, "most discovery disputes can be resolved if the Parties actually make the effort to do so." On November 23, 2022, Plaintiffs' counsel, Michael Kanovitz, asked to meet and confer regarding the foregoing discovery issues in person in Nashville. On November 25, 2022, NRA counsel replied, noting Plaintiffs' failure to meet and confer in good faith during the initial Zoom call, and requested whether Plaintiffs' counsel would agree to an additional meet and confer via videoconference prior to see whether the parties could obviate the need for an in-person meet and confer. On November 28, 2022, Plaintiffs' counsel agreed to a telephone or videoconference meeting before a face-to-face meet and confer but nonetheless asked to schedule another meeting in Nashville. On November 30, 2022, again citing Plaintiffs' failure to address the merits of the discovery issues during the initial Zoom, NRA counsel stated that they are prepared to meet in person, but suggested waiting to do so until after counsel first conducts a telephone and/or video conference meet and confer in good faith regarding the discovery issues. Counsel for the parties agreed to participate in a video conference on December 2, 2022.

5

Case 3:19-cv-00679   Document 110   Filed 12/01/22   Page 5 of 8 PageID #: 1135

### 3. Defendant's Discovery Requests

During the Zoom, NRA counsel raised concerns regarding several of Plaintiffs' responses to the NRA's discovery requests.

#### a. Plaintiffs' Answer to NRA's First Set of Interrogatories (12/22/20)

Plaintiffs stated in their response to Interrogatory No. 5 that they would produce a copy of any insurance agreements that may indemnify or reimburse Plaintiffs for any losses incurred by Plaintiffs in this matter. The NRA has not received any such documents. The NRA asked Plaintiffs to produce or provide access to same by November 4, 2022. During the Zoom, Plaintiffs' counsel stated its intention to supplement its response to this interrogatory. To date, Plaintiffs have not supplemented their response.

#### b. Plaintiffs' Answers to NRA's First Set of Requests for Admission (12/16/20)

In response to each Request for Admission ("RFA"), Nos. 1-6, Plaintiffs stated, in relevant part, "[t]he Plaintiffs are still conducting discovery with respect to these issues." FRCP Rule 36(a)(4) requires that requests for admission be specifically admitted or denied. The NRA requested that compliant responses be provided by November 4, 2022. On November 7, 2022, Plaintiffs' counsel, Elizabeth Wang, stated that the responses were compliant and refused to amend the responses.

#### c. Plaintiffs' Answers to NRA's First Set of Requests for Production of Documents (12/29/20)

In response to the NRA's Requests for Production ("RFP"), Plaintiffs agreed to produce documents but have only made a slim production. By way of example, Plaintiffs agreed to produce documents regarding payments to the NRA. RFP No. 1. The NRA asked Plaintiffs to confirm that all such records have been produced by November 4, 2022 but Plaintiffs have yet to indicate one

6

way or another. Plaintiffs also objected to producing multiple categories of relevant records which speak directly to issues stated or otherwise raised in the operative pleadings. RFP Nos. 2-4, 6, 9, 16-18, 21-28. The NRA requested that Plaintiffs produce such records by November 4, 2022 because they are plainly discoverable. Despite raising the issue during the Zoom and subsequently, Plaintiffs have not yet stated their position with respect to these RFPs.

The NRA's counsel will meet and confer with Plaintiffs' counsel on December 2, 2022 on the foregoing issues including "Plaintiffs' Response to Defendants' Status Report Insert" which was emailed to the NRA's counsel at 11:45 p.m. EST on November 30, 2022.


By: *s/* Elizabeth Wang

Michael I. Kanovitz (admitted *pro hac vice*)
Jonathan I. Loevy (admitted *pro hac vice*)
Heather E. Sticht (BPR No. 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Phone: 312-243-5900
E-mail: mike@loevy.com
jon@loevy.com
sticht@loevy.com
*Attorneys for the Plaintiffs*

Elizabeth Wang (admitted *pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
Phone: 720-328-5642
E-mail: elizabethw@loevy.com

By: *s/* Elizabeth M. Del Cid
 William A. Brewer (admitted *pro hac vice*)
 Elizabeth M. Del Cid (admitted *pro hac vice*)
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Ave, Floor 14
New York, NY 10013
Phone: 212-489-1400
Email: wbb@brewerattorneys.com
Email: emd@brewerattorneys.com
*Attorneys for Defendant*

Wallace A. McDonald
BPR No. 016210
LACY, PRICE & WAGNER, P.C.

7

249 N. Peters Rd.
Suite 101
Knoxville, TN 37923
Phone: 865-246-0800
Email: amcdonald@lpwpc.com
*Attorneys for Defendant*

## Certificate of Service

    I, Elizabeth Wang, an attorney, hereby certify that on December 1, 2022, I filed the foregoing via CM/ECF, thereby delivering an electronic copy to all counsel of record via CM/ECF.

                                                        s/ Elizabeth Wang