**Plaintiffs' Response to Defendant's Status Report Insert**

At the November 7, 2022 video-conference meet-and confer, Plaintiffs participated in the meeting in good faith. Defendant objected to producing any documents under Rule 26(a)(1), despite the fact that those documents are entirely in Defendant's possession, custody, and control. (Defendant's Rule 26(a)(1) disclosures describe the documents as: "Documents regarding the solicitation of donations," "Communications between Plaintiffs and Defendant regarding donations," "Documents regarding the use of NRA funds," and "Documents regarding NRA vendor and third-party expenses passed-through or otherwise charged to the NRA.") Plaintiff is entitled to a copy of the documents referred to in Defendants' Rule 26(a)(1) disclosures. *See, e.g., Holbrook v. Ownbrix Int'l Corp.*, 2021 WL 783550, at *2 (W.D. Tenn. Mar. 1, 2021) (ordering production of documents pursuant to Rule 26(a)(1)); *Jackson v. Swift Transp. Co.*, 2009 WL 5824127, at *5 (M.D. Tenn. Oct. 29, 2009) (granting plaintiff's motion to compel production of copies of documents identified in defendants' Rule 26 initial disclosures); *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, 2016 WL 3211226, at *2 (M.D. Tenn. Jan. 12, 2016) (documents in initial disclosures must be timely produced and supplemented).[1] In addition, Defendant refused to produce any documents in response to Plaintiffs' request for production no. 2, which states, "Produce a copy of all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period from November 30, 2015 to January 26, 2019." Defendant stated that it would not produce any documents that did not concern the specific named Plaintiffs, and that any other request for

---

[1] The rule also requires "a copy—or a description by category *and location*—of all documents…that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Defendant has not provided the location of any documents.

1

documents (such as request no. 2, for documents pertaining to the fraud claims of potential class members) would be a "fishing expedition." (This is despite the fact that Defendant identified the same types of documents in their Rule 26(a)(1) disclosures.) In light of this, Defendant shut down the discussion and indicated that it intended to stand on its objection to producing a single piece of paper in response to request for production no. 2 or with its Rule 26(a)(1) disclosures. Defendant took the same position with respect to Plaintiffs' related interrogatory asking for information about solicitations of donations sent by the NRA to any persons who donated to the NRA during the class period. Given that Plaintiffs will be seeking class certification, discovery designed to support a class certification motion is clearly not a "fishing expedition." Given Defendant's refusal to produce any documents in this case despite the obvious relevance of the requested documents, the parties appeared to be at an impasse, and Plaintiffs said so during the meet-and-confer. Defendant did not indicate it was interested in or willing to entertain any further discussion of its objections.

Defendant raised the issue of Plaintiffs' response to certain discovery requests. Plaintiffs' position during the meet-and-confer was that their responses to the requests for admission are sufficient because, despite the objections raised, responses to the requests were nevertheless provided.[2] Plaintiffs agreed to review their responses to the interrogatory concerning insurance agreements and responses to some of Defendant's requests for production.[3] Defendant raised no

---

[2] For instance, in response to request for admission no. 1, which states: Admit that the NRA's payment of outside vendors for legal services may constitute expenditures that "help [the NRA] defend your Second Amendment freedom whenever and wherever it comes under attack," Plaintiffs responded: "Admitted in part, denied in part. It is admitted that the NRA has a need to pay outside vendors for legal services in order to defend Second Amendment freedoms and to promote the NRA's core program of gun safety, education, and training. It is denied that all of the NRA's payments to outside vendors for legal services were used for this purpose. As explained in the complaint, certain of the NRA's payments to outside vendors for legal services appear to be money improperly spent for purposes unrelated to the Second Amendment or the NRA's core mission. The Plaintiffs are still conducing discovery with respect to these issues."

[3] Defendants represent in their Status Report insert that Plaintiffs have not produced copies of their donations to the NRA. This is false. Plaintiffs produced copies of those documents months ago.

other issues concerning Plaintiffs' responses to discovery. Defendant also gave no indication that it was dissatisfied with the conference, dissatisfied with Plaintiffs' discussion of the responses to the requests for admission, or that it intended to move to compel.

In response to Plaintiffs' request for an in-person meet-and-confer in the Middle District of Tennessee, as the Court has ordered, Defendant now insists that the November 7 meet-and-confer was an insufficient video meeting and demands a second video meet-and-confer before an in-person meeting take place. This is a delay tactic. Indeed, Defendant has refused to even schedule the in-person conferral before a second video conferral take place. Plaintiff has agreed to a second video conferral on December 2, 2022.