IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION OF AMERICA, <br><br> Defendant. | Case No. 3:19-cv-00679 <br><br> Judge William L. Campbell, Jr. <br><br> Magistrate Jefferey S. Frensley |

### PLAINTIFFS' MOTION TO COMPEL
### DISCLOSURES AND DISCOVERY RESPONSES

Named Plaintiffs, David Dell'Aquila *et al.* ("Plaintiffs"), by and through their undersigned counsel, respectfully move the Court pursuant to Federal Rule of Civil Procedure 37(a)(3) to compel Defendant National Rifle Association ("Defendant" or "NRA") to make disclosures as required by Rule 26(a)(1) and also to comply with Plaintiffs' document requests as required by Rule 34. In support, Plaintiffs state:

### BACKGROUND

Defendant's approach to discovery thus far has been to obstruct and delay without a valid basis. In defiance of Rule 26(a)(1), Defendant has neither produced copies nor revealed the storage location of the documents it has identified as the evidence it will use to defend itself in this case. Defendant has also refused to produce documents in its possession and control that Plaintiffs properly seek under Rule 34, including copies of the NRA's fundraising solicitations, which are at the heart of Plaintiffs' fraud claim.

1

Following video conferences between counsel, which are further described in the parties' December 1, 2022 Joint Status Report (Dkt. 110), lead counsel for both sides met in person in Nashville on December 14, 2022, in an attempt to make additional headway on their discovery disputes. Plaintiffs' counsel engaged in a good faith discussion with counsel for Defendant, seeking to understand Defendant's objections, to provide clarification where appropriate, and to explain why certain of Defendant's objections are invalid. Despite these efforts, the parties have reached impasse on certain discovery matters, and Plaintiffs must trouble the Court to resolve these ripe disputes.

## ARGUMENT

**A. The NRA Must Produce the Documents It Identified Under Rule 26(a)(1).**

Rule 26(a)(1)(A)(ii) requires parties to provide the other side with "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Defendant's disclosures under Rule 26(a)(1)(A)(ii) satisfy neither the spirit nor the letter of this rule.

In its disclosures, Defendant has described only broad categories of documents—*i.e.*, "Documents regarding the solicitation of donations," "Communications between Plaintiffs and Defendant regarding donations," "Documents regarding the use of NRA funds," and "Documents regarding NRA vendor and third-party expenses passed-through or otherwise charged to the NRA"—without providing copies of these documents or the location where they are stored. *See* Exhibit 1, "NRA's Rule 26(a)(1) Disclosures," at 14. Because providing copies of documents disclosed under Rule 26(a)(1)(A)(ii) is standard in the electronic age, Plaintiffs requested copies before and during a video conference on December 2, 2022. *See* Exhibit 2,

Plaintiffs' Letter of at 12/6/22," at 1. Defendant, however, refused and insisted that Plaintiffs obtain these documents through a discovery request. *Id.* (Plaintiffs had made such a request already, but Defendant had not formally responded to it at the time of this meeting.) Defendant, however, did agree to provide location information, as required by Rule 26(a)(1)(A)(ii) when copies are not produced, but Defendant's subsequent supplemental disclosure provided only the following insufficient and non-specific location information: "The location of these categories of documents is the NRA Headquarters, the NRA's servers and/or electronic mail." *See* Exhibit 3, "NRA's Supplemental Initial Disclosures," at 2. This supplement did not even specify which categories of documents are stored in which of these vague locations.

When pressed during the in-person conference in Nashville on December 14, counsel for Defendant again refused to provide copies of the documents it had itself identified in its Rule 26(a)(1) disclosures. *See* Exhibit 4, "Plaintiffs' Letter of 12/15/22," at 1. Defendant subsequently also declined to provide these documents in response to a request for production of them. *See* Exhibit 5, "NRA's Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents," at 6.

Defendant's continued refusal to provide documents upon which it intends to rely to defend itself in this lawsuit conflicts with our system of civil discovery. The uncontroversial bottom line is that Plaintiffs are entitled to a copy of the documents Defendant has identified in its Rule 26(a)(1) disclosures. *See, e.g.*, *Holbrook v. Ownbrix Int'l Corp.*, 2021 WL 783550, at *2 (W.D. Tenn. Mar. 1, 2021) (ordering production of documents pursuant to Rule 26(a)(1)); *Jackson v. Swift Transp. Co.*, 2009 WL 5824127, at *5 (M.D. Tenn. Oct. 29, 2009) (granting plaintiff's motion to compel production of copies of documents identified in defendants' Rule 26 initial disclosures); *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, 2016 WL 3211226,

at *2 (M.D. Tenn. Jan. 12, 2016) (documents in initial disclosures must be timely produced and supplemented). In keeping with these authorities and with the purposes of Rule 26(a)(1), Defendant should be ordered to produce a copy of the documents it has itself identified.

**B. The NRA Is Improperly Withholding Documents Plaintiffs Have Requested Under Rule 34.[1]**

Plaintiffs' second request for production in their first set of document requests seeks "a copy of all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period from November 30, 2015 to January 26, 2019." *See* Exhibit 6, "Plaintiffs' First Set of Interrogatories and Requests for the Production of Documents," at 5. Defendant raises multiple objections to this request, *see* Exhibit 7, "NRA's Responses and Objections to Plaintiffs' First Set of Requests for the Production of Documents," at 5-7, and all are meritless.

Defendant's main objection is that Plaintiffs' request seeks information relevant to all putative class members—not just the named Plaintiffs. But discovery in a putative class action is not limited solely to the named plaintiffs: documents relating to the entire class are discoverable. For example, in cases brought under the Telephone Consumer Protection Act ("TCPA"), courts in this circuit routinely allow Plaintiffs to discover call databases revealing how many calls Defendants made and to whom. *See, e.g.*, *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240 (N.D. Ohio 2017) (holding Plaintiff could discover Defendant's call database because it was "relevant to establishing the size and nature of the class that she wants to represent"); *Kane v. National Action Finance Services, Inc.*, 2012 WL 1658643 (E.D. Mich. 2012) (ordering

---

[1] This motion to compel concerns only request for production number 2 from Plaintiffs' first set of requests for production. The parties are engaged in ongoing discussions about other requests, and Defendant has agreed to produce at least some of the documents Plaintiffs seek. Plaintiffs reserve the right to move to compel with respect to other requests if Defendant's ultimate production proves insufficient.

4

Defendant to produce the names, addresses, and telephone numbers of all those improperly contacted); *Peters v. Credit Protection Ass'n LP*, 2014 WL 6687146 *7 (S.D. Ohio 2014) (ordering Defendant to produce names and contact information of individuals called by Defendant); *Key v. Integrity Surveillance Solutions, Inc.*, 2015 WL 8178055 *4 (E.D. Mich. 2015) (recognizing that Plaintiff was entitled to discover information regarding "the number of people called, the way [the Defendants] obtained their numbers, the type of dialing equipment used, and the type of data [the Defendants] ha[d] regarding each person called").

There is nothing unique about TCPA cases that allows for this type of classwide discovery—classwide discovery is simply how discovery in class actions traditionally operates and should operate in this case. *See, e.g.*, *Barnes v. Midland Credit Management*, 2020 WL 6778013 *1 (N.D. Ohio 2020) (granting Plaintiff's motion to compel in an FDCPA case in which Plaintiff sought information about the number of debt collection letters Defendant sent to other individuals because the requests were "relevant not only to numerosity, but also to the superiority of a class action over individual lawsuits and to the ascertainability of class members"). Without allowing some level of pre-certification classwide discovery, even meritorious class actions would rarely, if ever, be certified.

Defendant also objects to the Plaintiffs' request on privacy grounds. Specifically, the NRA argues that its donor information is not "publicly available" and its donors, as well as the organization itself, derive value from that privacy. But Plaintiffs merely ask for "a copy of all solicitations of donations," regardless of their recipient. This request does not seek individual donor names and so does not implicate the privacy concerns the NRA raises.

Regardless, even if Plaintiffs' request could be read as seeking donor names, Plaintiffs do not seek to make such information publicly available. To the contrary, both during and before the

5

December 14 in-person meet-and-confer, Plaintiffs' counsel proposed using a protective order to shield donor information from the public. *See* Exhibit 4 at 1. But Defendant rejected this proposal, *id.*, despite well-established case law making clear that donor information is available during litigation as long as proper protective orders are put in place by the court. *See Marshall v. Bramer*, 828 F.2d 355, 359 (6th Cir. 1987) (allowing the disclosure of a Ku Klux Klan membership list during discovery because "[t]he discovery process is generally private," and the district court "adequately guarded the rights of those whose names would be revealed" by preserving their public anonymity); *see also National Organization for Marriage v. McKee*, 723 F.Supp.2d 236 (D. Maine 2010) (overruling party's discovery objections based on the First Amendment because the court's confidentiality order would prevent any negative First Amendment repercussions).

Additionally, Defendant objects to this request on the basis that it does not have possession, custody, or control of responsive documents. Defendant explains further that it "may" be unable to determine what it transmitted to donors during the time-period identified by Plaintiffs. But the NRA's statement that it might not be able to identify some documents is materially different from asserting that the requested documents are not in the organization's possession, custody, or control. Of course the NRA need not produce documents it does not have access to, but by refusing even to look for them, the NRA is acting to obstruct Plaintiffs' discovery.

Defendant also objects to this request as vague and ambiguous. In particular, the NRA takes issue with Plaintiffs not defining the term "donate." Setting aside the fact that Plaintiffs do not use the word "donate" but rather "donation" or "donated," it strains credulity to believe that the NRA needs Plaintiffs' counsel to define the word for them. Defendant complains additionally

that the Plaintiffs "place no temporal limitation on their request," but this is false: Plaintiffs have defined the time-period as "from November 30, 2015 to January 26, 2019."

Finally, Defendant objects to this interrogatory as unduly burdensome. During the in-person meet-and-confer on December 14, Plaintiffs asked Defendant to provide some quantification of this anticipated burden. *See* Exhibit 4 at 1. Defendant agreed and then asserted in a letter on December 30 that providing copies of solicitations would require NRA to review each solicitation millions of times:

> Even assuming *arguendo* that only one mailing was sent annually to each of the over five million donors over the four-year class period (as alleged in the SAC), that means approximately 20 million records would need to be reviewed and then produced. To put this in context, if an attorney spent only one-minute reviewing each of the approximately 20 million records to determine if it was a "solicitation of donations" (as requested in RFP No. 2), it would take over 13,888 full 24-hour days (or over 38 non-stop years) to complete just the document review prior to production.

*See* Exhibit 8, "NRA Letter of 12/30," at 2. But the NRA would not have to review identical solicitations millions of times—a review of just one copy obviously would suffice. Defendant's burdensomeness argument is baseless and should be rejected.

## CONCLUSION

For the reasons given above, Plaintiffs ask the Court to grant this motion and issue an order compelling Defendant to produce 1) the documents it identified in its Rule 26(a)(1) disclosures and 2) the documents Plaintiffs request in the second request in their first set of requests for production. Plaintiffs are hopeful that a ruling on these disputes will facilitate a smoother process as discovery moves forward.

7

Case 3:19-cv-00679   Document 115   Filed 01/11/23   Page 7 of 9 PageID #: 1160

Dated: January 11, 2023

Respectfully submitted,

s/ Michael Kanovitz
*One of Plaintiffs' Attorneys*

Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
Thomas Hanson (pro hac vice)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mike@loevy.com

Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of January, a true and exact copy of the foregoing Motion was electronically filed with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system upon all counsel of record.

s/ Michael Kanovitz  
One of Plaintiffs' Counsel
