**LOEVY & LOEVY**

2060 Broadway, Suite 460, Boulder, Colorado 80302

Elizabeth Wang
elizabethw@loevy.com

direct 720.328.5642

December 6, 2022

*Via Email*
William Brewer
Elizabeth DelCid
Brewer, Attorneys & Counselors

      Re:    *Dell'Aquilla, et al. v. NRA*, 3:19-cv-679

Dear Counsel:

I write to summarize the parties' meet-and-confer via video conference on December 2, 2022, as follows:

- Defendant's Rule 26(a)(1) Disclosures: Defendant produced no documents with their Rule 26(a)(1) Disclosures. They provided only very general descriptions of categories of documents, with no description, which was not in compliance with Rule 26(a)(1). Plaintiffs requested that Defendant produce a copy of the documents they identified in their disclosures. Defendant would not agree to do so and stated that they would simply respond to Plaintiffs' request for production (RFP) requesting the documents in the Rule 26(a)(1) Disclosures. Defendant would not indicate whether they would object to that request or would produce documents in response to that RFP. Defendant agreed to supplement their disclosure with the location of the documents. However, it has not yet done so.

- Plaintiffs' RFP No. 1: In the parties' prior meet-and-confer on November 1, 2022, Defendant agreed to produce letters, emails, and mailings from the NRA to the Plaintiffs. In the December 2 meet-and-confer, Plaintiffs requested a specific date by which Defendants would produce these documents. Defense counsel did not agree to any specific date and committed only to contacting their client to determine a date by which responsive documents could be produced. Defendant still has not provided a date. Plaintiffs request that Defendant produce the responsive documents by December 16, 2022. In addition, Plaintiffs agreed to provide their email addresses so that Defendant knows what emails to search. They are: daquila862@gmail.com; lorannda@yahoo.com; tchesney@cvaz.net; brw12001@yahoo.com.

- Plaintiffs' RFP No. 2: Plaintiffs explained that because we are in the process of conducting class discovery, the documents requested in RFP No. 2 are relevant and discoverable. Defendant disagreed. The parties were unable to reach any compromise, and Defendant does not agree to produce the documents requested.

- Plaintiffs' Interrogatory No.1: This interrogatory is related to RFP No. 2. Defendant does not agree to revising or supplementing its response.

- NRA's insurance policies: Defendant agreed to produce any applicable insurance policies (as referenced in Defendant's Rule 26(a)(1) Disclosures). Defendant would not agree to any date for production, but would get Plaintiffs a response "as promptly as possible." Plaintiffs request that these be produced by December 16, 2022.

- Plaintiffs' RFP No. 5: This request seeks documents that NRA produced to the NY AG's Office. It is relevant to Plaintiffs' claims of fraud in this case. It should also not be burdensome given that the documents have already been produced to the NY AG. Defendant would not agree to producing these documents.

- Defendant's Interrogatory No. 5 to Plaintiffs: This seeks insurance policies that may cover Plaintiffs' legal expenses. Plaintiffs stated that there are none and will provide a verified response as promptly as possible.

- Defendant's RFA Nos. 1-6: Plaintiffs complied with the substance of Rule 36. They admitted in part and denied in part, as applicable. Defendant stated that they will "reserve their right to compel if needed."

- Defendant's RFP No. 1: Plaintiffs have already produced what they have. If there are any additional responsive documents, Plaintiffs agreed to produce them.

- Defendant's RFP No. 2: Plaintiffs stated that they will make an effort to produce responsive documents within 2-3 weeks. As Plaintiffs review what they have, if that turns out to be an insufficient amount of time within which to produce the documents, Plaintiffs will let Defendants know.

- Defendant's RFP Nos. 3 & 27: Plaintiffs agreed to produce communications within the time period November 30, 2015-January 26, 2019, unless the volume of the communications is unduly burdensome. Plaintiffs stated that, depending on the volume of material, further narrowing of these RFPs may be necessary. Plaintiffs will make an effort to produce responsive documents within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP Nos. 4 & 6: Plaintiffs will make an effort to produce responsive documents within 2-3 weeks. If that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP Nos. 9 & 18: Plaintiffs have already produced responsive documents, but if there are any additional responsive documents, Plaintiffs will produce them. Plaintiffs will make an effort to produce responsive documents within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP Nos. 16 & 17: Plaintiffs do not have any responsive documents, but they will double-check. Plaintiffs will supplement within 2-3 weeks.

- Defendant's RFP No. 21: Plaintiffs do not have any responsive documents, but they will double-check. Plaintiffs will supplement within 2-3 weeks.

- Defendant's RFP No. 22 & 23: Plaintiffs will produce any responsive documents to No. 22 within 2-3 weeks. Plaintiffs will produce responsive documents to No. 23 unless the volume is unduly burdensome. Plaintiffs stated that, depending on the volume of material, further narrowing of these RFPs may be necessary. Plaintiffs will make an effort to produce responsive documents within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP No. 24: Plaintiffs will produce any responsive communications within November 30, 2015-January 26, 2019 and communications that refer back to donations within this time period. Plaintiffs will make an effort to produce responsive documents within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP No. 25: Plaintiffs agree to produce responsive documents if this RFP is narrowed to discussion of LaPierre's misappropriation of funds (e.g., subjects concerning LaPierre that relate to the fraud allegations in this case). Plaintiffs will make an effort to produce responsive documents within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP No. 26: Plaintiffs object to the RFP as overbroad and unduly burdensome. Defendant stated that the intention of this RFP is to get any communications where plaintiffs may have said something approvingly of the NRA's defense of itself in a lawsuit. With that in mind, Plaintiffs agreed to start with Defendant's suggested search of their emails for [lawsuit and NRA] or [lawyer and NRA] or [action and NRA] and see what volume of material is generated from such searches. Plaintiffs will let Defendants know about the results of such a search and whether it would need to be further narrowed within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

- Defendant's RFP No. 28: Plaintiffs agreed to produce responsive documents within November 30, 2015-January 26, 2019 and communications that refer back to donations within this time period. Plaintiffs will make an effort to produce responsive documents within 2-3 weeks, and if that turns out to be an insufficient amount of time, Plaintiffs will let Defendants know.

The parties have agreed on an in-person meet-and-confer in Nashville on December 14, 2022.

Sincerely,

Elizabeth Wang