# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

December 15, 2022

William A. Brewer　　　　　　　　　Wallace A. McDonald
Elizabeth M. Del Cid　　　　　　　　Lacy Price & Wagner, P.C.
Brewer Attorneys & Counselors　　　249 N. Peters Rd., Suite 101
750 Lexington Ave., 14th FL　　　　Knoxville, TN 37923
New York, NY 10022

RE: *Dell'Aquilla et al., v. National Rifle Association*, Case No. 3:19-cv-679

Dear Counsel:

Thank you for taking time to meet yesterday. I write to summarize our discussion.

With regard to Plaintiffs' Request for Production Nos. 1-2, Defendant objects to producing documents relating to any absent class members, and will only provide documents sent to/received from the Named Plaintiffs. Defendant is further limiting its production to solicitations specifically mentioned in the complaint rather than all solicitations to the Named Plaintiffs. In summary, the NRA believes that "solicitations" of donations means only the examples mentioned in the complaint. I explained that the dictionary definition should apply.

For Plaintiffs' Requests for Production Nos. 4-6, the NRA is standing on its objections. I clarified that the portions of Request No. 5 ("in response to the discovery requests referred to in Question 1") and Request 6 ("in response to the discovery requests referred to in Question 2") are both stricken.

The NRA conducted an assessment of the burdensomeness of providing the documents covered by Plaintiffs' requests. I requested a written explanation of that assessment. The NRA has offered to send one by the end of the year but not earlier. The NRA also intends to provide a further explanation of its burdensomeness claim when it sends whatever documents it will produce on or 1/15/23. I said that Plaintiffs would need to file their motion to compel before that time.

With regard to Plaintiff's Interrogatory No. 1, the NRA makes the same objection to class discovery and further asserts "donor confidentiality" as grounds to withhold the information. I disagreed that such a privilege is recognized and asked if we could work out a protective order to address the NRA's concerns. The NRA declines to do so.

The NRA stands on its objection to producing the documents it disclosed in its Rule 26(a) filing on the grounds that Rule 26(a) does not require production.

With regard to the NRA's Request to Admit Nos. 1-6, I agreed to strike the last sentence of each answer. You should have already received updated responses.

With regard to NRA's Interrogatory No. 5, you should receive an amendment today affirming that plaintiffs have no insurance policies or other agreements that cover their attorney's fees or costs in this case. We will provide Plaintiff Borja's amendment as well as updated verification pages for all plaintiffs with our rolling production.

With regard to NRA's Requests for Production Nos. 3 and 27, I confirm that our production will include responsive documents within the referenced time period (November 30, 2015 through January 26, 2019) as well as later-created responsive documents that reference that time period.

As we discussed, Plaintiffs' supplemental production of additional responsive documents will start on a rolling basis early next week. We expect to complete it no later than January 15, 2023.

Thank you for your time in this matter.

Sincerely,

Mike Kanovitz