IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, et al. | § § § § § § |
| Plaintiffs, | § § § § |
| v. | § § Case No. 3:19-cv-00679 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, | § § § JUDGE WILLIAM L. CAMPBELL, JR. |
| Defendant. | § § MAGISTRATE JUDGE CHIP FRENSLEY |

# DEFENDANT THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Tennessee, Defendant the National Rifle Association of America (the "NRA" or "Defendant") serves its Responses and Objections to Plaintiffs David Dell'Aquila's, Lorannda Borja's, Todd Chesney's, and Brent Weber's, (and on behalf of themselves and all other similarly situated, collectively, "Plaintiffs") Second Set of Requests for the Production of Documents (the "Requests"), as follows:

# I.

## GENERAL OBJECTIONS AND LIMITATIONS

The NRA responds to each of the Requests subject to the following General Objections and Limitations, which form part of the NRA's response to each of the Requests:

1. The NRA objects to the Requests to the extent they seek information or documents which are privileged, exempt, or protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common law privilege, prohibition, limitation, immunity, or exemption from discovery. Nothing contained in these Responses is intended as, or should in any way be deemed to be, a waiver of any attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, prohibition, limitation, or exemption. The NRA's Responses to these Requests, or the production of any document in response to these Requests shall not be deemed or construed as, a waiver of any privilege, right, or objection on the part of the NRA with respect to any such document or information.

2. The NRA objects to the Requests to the extent they require the disclosure of information not reasonably available to the NRA.

3. The NRA objects to Instruction 6 to the extent it imposes requirements for the production of documents in a format beyond and/or different from that which is required by the Federal Rules of Civil Procedure, Local Rules, and/or applicable law.

4. The NRA objects to the Requests, and any implied or express instruction or direction in the Requests, to the extent they impose or seek to impose obligations greater than those required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable laws, rulings, or pronouncements of this Court.

5. The NRA objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, unreasonably cumulative or duplicative, or seek production of documents that are neither relevant to the claims or defenses in the above-captioned proceeding nor proportional to the needs of the case.

6. The NRA objects to the Requests to the extent they seek disclosure of documents that contain proprietary or confidential information.

7. The NRA objects to the Requests to the extent they require production of documents in the possession, custody, or control of any former NRA agent or employee.

8. The NRA objects to the Requests to the extent that they seek the production of information not in the NRA's possession, custody or control, or purport to require the NRA to undertake an investigation to ascertain the same.

9. The NRA objects to the Requests to the extent that they purport to call for the production of backup or archival data, or other formats of documents or information that are not readily accessible without undue burden or unreasonable expense.

10. Pursuant to Federal Rule of Civil Procedure 26, the NRA objects to these Requests to the extent they subject the NRA to unreasonable burden and expense including but not limited to, the burden and expense of collecting and distilling information that is not proportional to the needs of the case and has little or no relevance to Plaintiffs' claims or the NRA's defenses.

11. The NRA reserves the right to supplement these Responses and Objections by asserting additional objections or modifying responses to the Requests including if this matter proceeds past the pre-class certification stage. That the NRA has responded to all or part of any Request is not intended to be, and shall not be construed to be, a waiver by the NRA of any objection, nor an admission by the NRA that it possesses or will produce any responsive

documents.

12. All of the foregoing objections and limitations to the Requests shall be deemed continuing and are hereby incorporated into each of the Responses to the Requests set forth below.

## II.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, the NRA sets forth below its specific responses and objections to the Requests:

**REQUEST FOR PRODUCTION NO. 1:**

Any and all Documents that relate to, support, or rebut any of the allegations or claims in Plaintiffs' Complaint.

**RESPONSE:**

The NRA objects to this request as vague as it instructs production of "all Documents that relate to, support, or rebut any of the allegations or claims in Plaintiffs' Complaint." The NRA objects to the request as overbroad and unduly burdensome. The request violates Rule 34, which requires that requests must "describe with reasonable particularity each item or category of items to be inspected."

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents that relate to Plaintiffs' financial dealings with the NRA at a mutually agreed upon time and place.

5

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to or supporting Defendants' Affirmative Defenses and Answer to the Complaint, including all documents upon which Defendants may rely in response to a motion for class certification, at summary judgment, or at trial.

**RESPONSE:**

The NRA objects to this request as vague and ambiguous to the extent it seeks documents regarding matters that are not currently at issue including "a motion for class certification, at summary judgment, or at trial."

**REQUEST FOR PRODUCTION NO. 3:**

All Documents identified in or referred to in Defendants' Rule 26(a)(1) Disclosures, including: "Documents regarding the solicitation of donations," "Communications between Plaintiffs and Defendant regarding donations," "Documents regarding the use of NRA funds," and "Documents regarding NRA vendor and third-party expenses passed-through or otherwise charged to the NRA."

**RESPONSE:**

The NRA objects to this request to the extent the NRA does not have possession, custody, or control of responsive documents. For similar reasons, the NRA objects to this request because it seeks documents already in Plaintiffs' custody or control and are, therefore, available from another source that is more convenient, less burdensome, and less expensive. The NRA objects to this request as premature to the extent it purports to require the NRA to produce documents on which the NRA may rely on if this matter proceeds past the pre-class certification stage.

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents at a mutually agreed upon time and place.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents that support or relate to any of your responses to any of Plaintiffs' Interrogatories in this case.

**RESPONSE:**

The NRA objects to this request on grounds that it is cumulative, vague, and overbroad as it seeks records relating to "any of Plaintiffs' Interrogatories" without specifying which interrogatories or which parts of the responses to same. The request violates Rule 34, which requires that requests must "describe with reasonable particularity each item or category of items to be inspected." The NRA incorporates its objections and responses to Plaintiffs' Interrogatories in this case as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents comprising, containing, or memorializing Communications of any kind relating to this case, including but not limited to memos, letters, faxes, e-mails, reports, notes, etc.

**RESPONSE:**

The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *See Moore v. Westgate Resorts*, 2020 WL 113352, at *10-11 (E.D. Tenn. 2020). The NRA objects to this request as vague as it instructs production of "[a]ll Documents comprising, containing, or memorializing Communications of any kind relating to this case." The NRA objects to this request as it is also overbroad because it seeks information irrelevant to the claims and defenses in this lawsuit.

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents at a mutually agreed upon time and place.

7

**REQUEST FOR PRODUCTION NO. 6:**

Any witness statements relating to any of the events described in Plaintiff's Complaint in this action.

**RESPONSE:**

The NRA objects to this request as vague as it uses the undefined phrase "witness statements." The NRA objects to this request as it is also overbroad because it seeks information irrelevant to the claims in this lawsuit.

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents at a mutually agreed upon time and place

**REQUEST FOR PRODUCTION NO. 7:**

All Documents obtained from third parties (including but not limited to via third party subpoena) in this litigation.

**RESPONSE:**

The NRA objects to this request to the extent notice of a subpoena is required.

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents at a mutually agreed upon time and place, if any.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents obtained via FOIA or other means that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**RESPONSE:**

The NRA objects to this request as vague and ambiguous as it instructs production of documents that "relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint." The NRA objects to this request as it is also overbroad. This request seeks information

8

that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id*. The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim.

Subject to the foregoing General and Specific Objections and limitations, the NRA will produce responsive, non-privileged documents in connection with the named Plaintiffs at a mutually agreed upon time and place, if any.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please seasonably supplement your Responses.

**RESPONSE:**

The NRA objects to this request on grounds that it is premature. There is no impending trial at the current pre-certification posture of this matter.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to/from said expert(s) which are not otherwise protected as work product under Rule 26; (b) all Documents provided to and relied upon by said expert(s); (c) all notes, reports, and analysis by said expert(s); (d) all bills or statements of the hours and compensation paid to or billed by the witness for work on this matter; and (e) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive

9

Documents become available as the litigation proceeds, please seasonably supplement your Responses.

**RESPONSE:**

The NRA objects to this request on grounds that it is premature. There is no impending deadline to disclose expert witnesses at the current pre-certification posture of this matter.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of all solicitations for donations (in letter, email, or mail, or any other form) sent by the NRA or any of its agents or employees during the period from November 30, 2015 to January 26, 2019.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id*. The NRA objects to this request to the extent it seeks the disclosure of personal identifying information of NRA donors and/or members. Disclosure of this information violates the rights to privacy of NRA donors and/or members. *See, e.g., NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958).

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents in connection with the named Plaintiffs at a mutually agreed upon time and place.

**REQUEST FOR PRODUCTION NO. 12:**

For solicitations sent via email, a copy of the web page(s) that were displayed to individuals who attempted to donate or clicked on an electronic solicitation to donate. This request includes

10

but is not limited to a copy of any text or representations made on the page(s) displayed to individuals who donated or attempted to donate in response to a solicitation. This is for the period from November 30, 2015 to January 26, 2019.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id.* The NRA objects to this request to the extent it seeks the of personal identifying information of NRA donors and/or members. Disclosure of this information violates the rights to privacy of NRA donors and/or members. *See, e.g., NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958). The NRA objects to this request as the time period is overbroad.

Subject to the foregoing General and Specific Objections, the NRA will produce emails to the named Plaintiffs at a mutually agreed upon time and place, if any.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents relating to each person who attempted to donate or clicked on an electronic solicitation to donate, including but not limited to: their name, address, email, amount(s) donated, and dates of donation. This is for the period from November 30, 2015 to January 26, 2019.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id.* The NRA objects to this request to the extent it seeks the

11

disclosure of personal identifying information of NRA donors and/or members. Disclosure of this information violates the rights to privacy of NRA donors and/or members. *See, e.g., NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958). The NRA objects to this request as the time period is overbroad.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents relating to the methods by which the NRA solicited donations for the period November 30, 2015 to January 26, 2019.

**RESPONSE:**

The NRA objects to this request as vague and ambiguous as to the undefined term "methods." The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id.*

**REQUEST FOR PRODUCTION NO. 15:**

All Documents relating to the methods by which the NRA sold memberships for the period November 30, 2015 to January 26, 2019.

**RESPONSE:**

The NRA objects to this request as vague and ambiguous as to the undefined term "methods." The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v.*

12

*Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id.*

**REQUEST FOR PRODUCTION NO. 16:**

Copies of any dues renewal notifications sent by the NRA to its members (via letter, email or other means) for the period November 30, 2015 to January 26, 2019.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id*. The NRA objects to this request to the extent it seeks the disclosure of personal identifying information of NRA donors and/or members. Disclosure of this information violates the rights to privacy of NRA donors and/or members. *See, e.g., NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958).

Subject to the foregoing General and Specific Objections, the NRA will produce responsive, non-privileged documents in connection with the named Plaintiffs at a mutually agreed upon time and place, if any.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents relating to the use of NRA funds for the period November 30, 2015 to January 26, 2020, including but not limited to payments for purported expenses of Wayne LaPierre or Susan LaPierre.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at

13

*10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id.* The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad.

**REQUEST FOR PRODUCTION NO. 18:**

Copies of the Uniform Disclosure Statement(s) concerning the activities of the NRA for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. *Id.* The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to payments made by the NRA to William Brewer or Brewer Attorneys, for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id.* The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad. The NRA objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

14

**REQUEST FOR PRODUCTION NO. 20:**

All invoices or billing statements sent by William Brewer or Brewer Attorneys to the NRA, for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification because it is unrelated to precertification the named Plaintiffs. *See*, *e.g.*, *Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id*. The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad. The NRA objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 21:**

All retention agreements or other Documents pertaining to services performed by William Brewer or Brewer Attorneys for the NRA, for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id*. The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad. The NRA objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to payments made by the NRA to Ackerman Brewer, for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

The NRA objects to this request because the NRA is unaware of any entity or person by the name of "Ackerman Brewer." This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id*. The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad.

**REQUEST FOR PRODUCTION NO. 23:**

All invoices sent by Ackerman Brewer to the NRA for services, for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

The NRA objects to this request because the NRA is unaware of any entity or person by the name of "Ackerman Brewer." This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id.* The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad.

**REQUEST FOR PRODUCTION NO. 24:**

All agreements between Ackerman Brewer and the NRA for services to be performed, for the period November 30, 2015 to January 26, 2020.

**RESPONSE:**

The NRA objects to this request because the NRA is unaware of any entity or person by the name of "Ackerman Brewer." This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id*. The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad.

**REQUEST FOR PRODUCTION NO. 25:**

All Communications concerning any inquiries made by Oliver North to the General Counsel of the NRA, the Chairman of the Audit Committee, or any other employee or agent of the NRA regarding William Brewer, Brewer Attorneys, or Ackerman Brewer.

**RESPONSE:**

The NRA objects to this request because the NRA is unaware of any entity or person by the name of "Ackerman Brewer." This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id.* The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud

claim. The time period is also overbroad. The NRA objects to this request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 26:**

Copies of the IRS Form 990 filed by the NRA with the IRS for 2015 through 2020.

**RESPONSE:**

This request seeks information that is not discoverable pre-certification to the extent it seeks documents unrelated to the named Plaintiffs. *See Moore v. Westgate*, 2020 WL 113352, at *10-11 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this request as unduly burdensome, harassing and not proportional to the needs of the case. *Id*. The NRA objects to this request as overbroad because it seeks information irrelevant to the remaining fraud claim. The time period is also overbroad.

| | |
|---|---|
| Dated: <u>December 19, 2022</u><br>New York, New York | By: */s/ Elizabeth M. Del Cid*<br>William A. Brewer (*pro hac vice*)<br>Elizabeth M. Del Cid (*pro hac vice*)<br>BREWER, ATTORNEYS & COUNSELORS<br>750 Lexington Ave, Floor 14<br>New York, NY 10013<br>Phone: 212-489-1400<br>Email: wbb@brewerattorneys.com<br>Email: emd@brewerattorneys.com<br><br>Wallace A. McDonald<br>BPR No. 016210<br>LACY, PRICE & WAGNER, P.C.<br>249 N. Peters Rd.<br>Suite 101<br>Knoxville, TN 37923<br>Phone: 865-246-0800<br>Email: amcdonald@lpwpc.com<br><br>**ATTORNEYS FOR DEFENDANT THE NATIONAL RIFLE ASSOCIATION OF AMERICA** |

18

# CERTIFICATE OF SERVICE

I, Elizabeth M. Del Cid, hereby certify that I served a true and correct copy of DEFENDANT THE NATIONAL RIFLE ASSOCIATION OF AMERICA'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION via electronic mail on the following counsel of record:

Michael I. Kanovitz, Esq. (*pro hac vice*)
Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
Phone: 312-243-5900
E-mail: mike@loevy.com
*Attorney for the Plaintiffs*

Date: December 19, 2022  */s/ Elizabeth M. Del Cid*
Elizabeth M. Del Cid