IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

DAVID DELL'AQUILA, LORANNDA
BORJA, TODD CHESNEY, and
BRENT WEBER, on behalf of
themselves and all others similarly
situated,

                 Plaintiffs,

v.

WAYNE LaPIERRE, the NATIONAL
RIFLE ASSOCIATION OF AMERICA,
and NRA FOUNDATION, INC.,

                 Defendants.

Case No. 3:19-cv-00679

Judge William L. Campbell, Jr.

Magistrate Jefferey S. Frensley

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUEST FOR THE PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANT**

The Plaintiffs, David Dell'Aquila, Lorannda Borja, Todd Chesney and Brent Weber, by and through counsel, serve this First Set of Interrogatories and Request for the Production of Documents directed to the Defendant.

**Instructions**

A.    In answering this set of Interrogatories and Request for Production of Documents, furnish all information that is available to you or to the entity to whom this request is directed, including information in the possession of your attorney or investigator for your attorney and not merely such information known to your personal knowledge. In gathering such information, you have an obligation to conduct a reasonable inquiry of all persons who have or may have information or documents responsive to this request.

B.    If you cannot answer an Interrogatory or Request in full after exercising due diligence to secure such information, so state and answer to the extent possible, specifying your

inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions thereof.

C.    Each of these Interrogatories and Requests are to be regarded as continuing. If, subsequent to serving an answer to any Interrogatory or Request or any part thereof on Plaintiff, you obtain or become aware of any additional information pertaining to any Interrogatory or Request or part thereof, any such information that will augment or otherwise modify your answer as given.

D.    If any answer is withheld on the basis of any claim of privilege, whether based on a statute or otherwise, state in writing with respect to each such answer withheld, the grounds for the claim of privilege. **If any documents are withheld from production on the basis of any claim of privilege, whether based on statute or otherwise, identify the document being withheld by title, type (letter, memo, etc.), date, author, recipient and subject matter and the reasoning for it being withheld.**

E.    When in these Interrogatories and Requests you are asked to state a date or time, provide the time of day, if known; the day, month and year, if known; if unknown, provide the month or season along with the year; if month and/or year is not known, "identify" the date by relating it to some established time (e.g., "six months after Plaintiff was contacted by Defendant.")

F.    In the case that any document that was but no longer is in your possession, custody or control, state the disposition that was made of it, the reason for such disposition, and the date thereof.

## Definitions

As used herein:

1. The term "Plaintiffs" shall refer to the above-captioned Plaintiff in this action.

2. The term "Defendant" or "Defendants" shall refer to the above-captioned Defendants who have not been dismissed from this lawsuit, together with any successors, agents, employees, servants, and representatives of such persons, other than legal counsel.

3. The terms "you" or "your" shall refer to the person and/or entity to whom this discovery request is directed, i.e. the Defendants in this civil action, and all the representatives and/or agents of such Defendants.

4. The term "pleadings" shall refer to the complaint, answer and any other filings with the court in the above-captioned action.

5. The terms "document" or "documents" are all inclusive terms and shall mean the original or any draft, copy, or reproduction that differs in any respect from the original of a written, electronic or other form of a record preserving information, whether or not in your possession, custody, or control and whether or not claimed to be privileged from discovery, including but not limited to reports, records, lists, memoranda, minutes, diaries, vouchers, correspondence, accounts, e-mail, purchase orders, diagrams, communications, handwriting notes or scribblings, schedules, photographs, drawings, plans, blue prints, charges, ledgers, computer printouts, invoices, applications, checks, recordings, films, or any other form of preserved information whether electronic, digital or not.

6. The term "representative" shall be literally construed as including, but not being limited to, all your agents, employees, officials, officers, executives, directors, attorneys,

consultants, investigators, and other individuals or entities who directly or indirectly represent or represented you in any matter.

7. All other capitalized defined terms herein shall have the meanings ascribed to such terms in this document.

## INTERROGATORIES

1. Provide the following information for each person who donated to the NRA during the period from November 30, 2015 through January 26, 2019:

    a) Name of donor;

    b) Address of donor;

    c) E-mail of donor;

    d) Amount(s) donated;

    e) Dates of donation(s).

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce a copy of all letters, e-mails, and mailings from the National Rifle Association, Inc. ("NRA") or any of its agents or employees to the Plaintiffs or their spouses during the period from March 1, 2015 to January 26, 2019.

ANSWER:

2. Produce a copy of all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period from November 30, 2015 to January 26, 2019.

ANSWER:

3. Produce a copy of all discovery requests served on the NRA in the lawsuit filed by the Attorney General of New York State against the NRA, in New York County, New York, under case number 451625 of 2020 (the "NY Attorney General Lawsuit").

ANSWER:

4. Produce a copy of all discovery requests served on the NRA in the lawsuits filed by the Attorney General of the District of Columbia against the NRA Foundation, Inc. (the "NRA Foundation").

ANSWER:

5. Produce a copy of all documents provided by the NRA to the Attorney General of New York State in response to the discovery requests referred to in Question 1.

ANSWER:

6. Produce a copy of all documents provided by the NRA Foundation to the Attorney General of the District of Columbia in response to the discovery requests referred to in Question 2.

ANSWER:

7. Produce a copy of all deposition transcripts, if any, produced in connection with the NY Attorney General Lawsuit.

ANSWER:

Respectfully submitted,

By: *[signature]*
Elliott J. Schuchardt, Esq.
PA ID #78911

SCHUCHARDT LAW FIRM
6223 Highland Place Way, Suite 201
Knoxville, TN 37919
Phone: (865) 304-4374
E-mail: elliott016@gmail.com

*Attorney for the Plaintiffs*

# **VERIFICATION**

I, _____, hereby swear and affirm under oath that the facts set forth in the foregoing motion are true and correct. This statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____  _____
Date                 Name: