IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> NATIONAL RIFLE ASSOCIATION OF AMERICA, <br><br> Defendant. | No: 3:19-CV-00679 <br> Judge William L. Campbell Jr. <br><br> Magistrate Judge Chip Frensley |

## DEFENDANT NRA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Tennessee, Defendant the National Rifle Association of America (the "NRA" or "Defendant") serves its Responses and Objections to Plaintiffs David Dell'Aquila's, Lorannda Borja's, Todd Chesney's, and Brent Weber's, (and on behalf of themselves and all other similarly situated, collectively, "Plaintiffs") First Set of Requests for the Production of Documents (the "Requests"), as follows:

## I.

## GENERAL OBJECTIONS AND LIMITATIONS

The NRA responds to each of the Requests subject to the following General Objections and Limitations, which form part of the NRA's response to each of the Requests:

1. The NRA objects to the Requests to the extent they seek information or documents which are privileged, exempt, or protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common law privilege,

prohibition, limitation, immunity, or exemption from discovery. Nothing contained in these Responses is intended as, or should in any way be deemed to be, a waiver of any attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, prohibition, limitation, or exemption. The NRA's Responses to these Requests, or the production of any document in response to these Requests shall not be deemed or construed as, a waiver of an privilege, right, or objection on the part of the NRA with respect to any such document or information.

2. The NRA objects to the Requests to the extent they require the disclosure of information not known or reasonably available to the NRA.

3. The NRA objects to Instruction D to the extent it imposes requirements for the logging of privileged information beyond those required by the Federal Rules of Civil Procedure and applicable law.

4. The NRA objects to the Requests, and any implied or express instruction or direction in the Requests, to the extent they impose or seek to impose obligations greater than those required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable laws, rulings, or pronouncements of this Court.

5. The NRA objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, unreasonably cumulative or duplicative, or seek production of documents that are neither relevant to the claims or defenses in the above-captioned proceeding nor proportional to the needs of the case.

6. The NRA objects to the Requests to the extent they seek disclosure of documents that contain proprietary or confidential information or trade secrets.

7. The NRA objects to the Requests to the extent they require production of documents in the possession, custody, or control of any former NRA agent or employee. Documents such persons might possess are not within the possession, custody, or control of the NRA.

8. The NRA objects to the Requests to the extent that they seek the production of information not in the NRA's possession, custody or control, or purport to require the NRA to undertake an investigation to ascertain the same.

9. The NRA objects to the Requests to the extent that they purport to call for the production of backup or archival data, or other formats of documents or information that are not readily accessible without undue burden or unreasonable expense.

10. Pursuant to Federal Rule of Civil Procedure 26, the NRA objects to these Requests to the extent they subject the NRA to unreasonable burden and expense including but not limited to, the burden and expense of collecting and distilling information that is not proportional to the needs of the case and has little or no relevance to Plaintiffs' claims or the NRA's defenses.

11. The NRA reserves the right to supplement these Responses and Objections by asserting additional objections or modifying responses to the Requests. That the NRA has responded to all or part of any Request is not intended to be, and shall not be construed to be, a waiver by the NRA of any objection, nor an admission by the NRA that it possesses or will produce any responsive documents.

12. All of the foregoing objections and limitations to the Requests shall be deemed continuing and are hereby incorporated into each of the Responses to the Requests set forth below.

# I.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, The NRA sets forth below its specific responses and objections to the Requests:

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of all letters, e-mails, and mailings from the National Rifle Association, Inc. ("NRA") or any of its agents or employees to the Plaintiffs or their spouses during the period from March 1, 2015 to January 26, 2019.

**RESPONSE:**

The NRA objects to this request to the extent the NRA does not have possession, custody, or control of responsive documents. For instance, the NRA may be unable to determine what, if any, physical documents were transmitted to Plaintiffs or their spouses during this period. The NRA also objects to the extent the NRA cannot confirm what if any physical documents were received by Plaintiffs during this period. For similar reasons, the NRA objects to this request because it seeks documents already in Plaintiffs' custody or control and are therefore available from another source that is more convenient, less burdensome, and less expensive. The NRA further objects to this request to the extent that it seeks production of documents in the possession, custody or control of any former NRA agent or employee. Such documents are not in the possession, custody, or control of the NRA.

The NRA further objects to this request as vague and ambiguous to the extent it seeks communications with Plaintiffs' "spouses." The NRA does not have knowledge of the identity of Plaintiffs' spouses, and Plaintiffs have not identified these individuals. Accordingly, the NRA does not purport to produce any communications regarding such unknown, unidentified "spouses."

The NRA objects to this request as overbroad because it seeks information irrelevant to the claims and defenses in this lawsuit. Plaintiffs' only remaining claim in this lawsuit is one for fraud against the NRA. Plaintiffs are not entitled to communications that do not refer or relate to Plaintiffs' allegations in connection with their fraud claim. The NRA will therefore only produce documents that are relevant to that claim or the NRA's defenses.

Subject to the foregoing General and Specific Objections and limitations, the NRA will produce responsive documents at a mutually agreed upon time and place.

**REQUEST FOR PRODUCTION NO. 2:**

Produce a copy of all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period from November 30, 2015 to January 26, 2019.

**RESPONSE:**

The NRA objects to this request to the extent the NRA does not have possession, custody, or control of responsive documents. For instance, the NRA may be unable to determine what, if any, physical documents were transmitted to "persons who donated to the NRA" during this period. The NRA further objects to this request to the extent that it seeks production of documents in the possession, custody or control of any former NRA agent or employee. Such documents are not in the possession, custody, or control of the NRA. The NRA objects to this request to the extent it seeks documents that are already in Plaintiffs' custody or control and are therefore available from another source that is more convenient, less burdensome, and less expensive.

The NRA objects to this request as vague, ambiguous, and overbroad. Plaintiffs do not define the term "donate." There are many methods by which contributions from individuals may ultimately reach the NRA. The NRA is unable to determine from the request which forms of donations Plaintiffs seek solicitations regarding. Moreover, Plaintiffs place no temporal

limitation on their request for "all solicitations of donations," which may fairly be read to seek that the NRA produce every solicitation ever sent by "the NRA or any of its agents or employees" to any person "who donated to the NRA during the period from November 30, 2015 to January 26, 2019." Such a request is clearly beyond the scope of this lawsuit.

The NRA objects to this request as unduly burdensome and not proportional to the needs of the case. The request seeks "a copy of all solicitations of donations" sent by the NRA. Such a disclosure would require the NRA to produce a copy of every single solicitation sent to an individual who donated to the NRA during a five-year period. Such an undertaking would require the review of potentially tens or hundreds of millions of communications. A disclosure of this nature is neither economically feasible nor necessary to Plaintiffs' claims.

The NRA objects to this request to the extent it seeks the disclosure of personal identifying information of NRA donors. Disclosure of this information violates the rights to privacy of the NRA and its donors, including potentially First Amendment rights, and may result in harm to the donors whose identity is disclosed. Further, such information is commercially sensitive, proprietary, and confidential and represents trade secrets that are contained in the content and distribution of solicitations for donation. Plaintiffs essentially seek a Rosetta Stone to a defined, manageable, and economically viable universe of uniquely receptive potential donors that has been filtered to the NRA's suitability and the NRA's marketing strategy. Such information is not publicly available and derives independent economic value from not being generally known or readily ascertainable. The NRA has security measures in place to protect the secrecy of this information.

Subject to the foregoing General and Specific Objections, the NRA will produce generic solicitations of donations to donors – without donor identifying information – during the relevant time period at a mutually agreed upon time and place.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all discovery requests served on the NRA in the lawsuit filed by the Attorney General of New York State against the NRA, in New York County, New York, under case number 451625 of 2020 (the "NY Attorney General Lawsuit").

**RESPONSE:**

The NRA responds to this Request by stating that no such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of all discovery requests served on the NRA in the lawsuits filed by the Attorney General of the District of Columbia against the NRA Foundation, Inc. (the "NRA Foundation").

**RESPONSE:**

The NRA objects to this request as vague, ambiguous, and overbroad. It is unclear to what, if any, "discovery requests" or "lawsuits" Plaintiffs are referring.

If Plaintiffs refer in this request to the case captioned *District of Columbia v. The NRA Foundation, Inc.* (Civ. Action No. 2020 CA 003454 B), the NRA objects that the discovery requests served on the NRA by the Attorney General of Columbia are irrelevant to this case. In addition, that case involves numerous legal and factual issues that are not relevant to Plaintiffs' fraud claim or the NRA's defenses.

**REQUEST FOR PRODUCTION NO. 5:**

Produce a copy of all documents provided by the NRA to the Attorney General of New York State in response to the discovery requests referred to in Question 1.

**RESPONSE:**

The NRA objects to this request as unclear and unintelligible. Assuming that Plaintiffs intended to refer to the imperative sentence next to the number one ("1") in "Plaintiff's [sic] First Set of Interrogatories and Request [sic] for the Production of Documents Directed to Defendant" under the heading "Request [sic] For Production of Documents"— the NRA notes that "Question 1" makes no reference to "discovery requests." As such, the NRA is unable to respond to this request in any manner other than to object that it is unclear and unintelligible.

**REQUEST FOR PRODUCTION NO. 6:**

Produce a copy of all documents provided by the NRA Foundation to the Attorney General of the District of Columbia in response to the discovery requests referred to in Question 2.

**RESPONSE:**

The NRA objects to this request as unclear and unintelligible. Assuming that Plaintiffs intended to refer to the imperative sentence next to the number two ("2") in "Plaintiff's [sic] First Set of Interrogatories and Request [sic] for the Production of Documents Directed to Defendant" under the heading "Request [sic] For Production of Documents"— the NRA notes that "Question 2" makes no reference to "discovery requests." As such, the NRA is unable to respond to this request in any manner other than to object that it is unclear and unintelligible.

**REQUEST FOR PRODUCTION NO. 7:**

Produce a copy of all deposition transcripts, if any, produced in connection with the NY Attorney General Lawsuit.

**RESPONSE:**

The NRA objects to this request to the extent it seeks information that is not relevant to the claims or defenses in this action. The NY Attorney General Lawsuit (as defined by Plaintiffs in their Requests) involves numerous legal and factual issues that are not relevant to Plaintiffs' fraud claim or the NRA's defenses.

The NRA objects to this request as vague and ambiguous. The NRA is uncertain what Plaintiffs mean by "produced in connection with the NY Attorney General Lawsuit." If Plaintiffs seek deposition transcripts from depositions taken by any party in the NY Attorney General Lawsuit, the NRA responds that no such transcripts exist. If Plaintiffs seek deposition transcripts produced by any party to any party since the initiation of the NY Attorney General Lawsuit, the NRA responds that no such transcripts exist.

Dated: January 7, 2021

Respectfully submitted,

By: /s/ William A. Brewer

LACY, PRICE & WAGNER PC
W. Allen McDonald
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
amcdonald@lpwpc.com
(865)-246-0800

BREWER, ATTORNEYS & COUNSELORS
William A. Brewer (admitted *pro hac vice*)
750 Lexington Avenue, 14th Floor
New York, NY 10022
wbb@brewerattorneys.com
(212)-489-1400
*ATTORNEYS THE NATIONAL RIFLE ASSOCIATION OF AMERICA*

# CERTIFICATE OF SERVICE

I, William A. Brewer, hereby certify that I served a true and correct copy of Defendant the NRA's Responses and Objections to Plaintiffs' Request for the Production of Documents via electronic mail on the following counsel of record:

Elliott J. Schuchardt
SCHUCHARDT LAW FIRM
6223 Highland Place Way, Suite 201
Knoxville, TN 37919
Phone: (865) 304-4374
Email: elliott016@gmail.com

*Counsel for Plaintiffs*


Date: January 7, 2021

                                                   */s/ William A. Brewer*

4818-9601-1220.3