

DALLAS   NEW YORK

BREWER
ATTORNEYS & COUNSELORS

December 30, 2022

**VIA EMAIL**

Michael Kanovitz
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302
Direct: 720-328-5642
Email: mike@loevy.com

>Re: *Dell'Aquila v. National Rifle Association of America ("NRA")*
>*(Case No. 3:19-cv-679), Middle District of Tennessee*

Mr. Kanovitz:

I write in connection with our discussion that occurred during the meet and confer on December 14, 2022. At that time, you requested that the NRA follow up regarding the burden of producing certain documents requested in Plaintiffs' First Set of Requests for the Production of Documents ("RFP"). Below, please find an explanation of this burden.

The following RFPs are at issue:

> **RFP No. 1**: "all letters, e-mails, and mailings from the [NRA] . . . to the Plaintiffs or their spouses . . . from March 1, 2015 to January 26, 2019";

> **RFP No. 2**: "all solicitations of donations (in letter, e-mail, or mailing form) sent by the NRA . . . to any persons who donated to the NRA . . . from November 30, 2015 to January 26, 2019";

> **RFP No. 4**: "all discovery requests served on the NRA in the lawsuits filed by the Attorney General of the District of Columbia ["DCAG"] against the NRA Foundation";

> **RFP No. 5**: "all documents provided by the NRA to the Attorney General of New York State ["NYAG"]"; and

> **RFP No. 6**: "all documents provided by the NRA Foundation to the [DCAG]."

750 Lexington Avenue, 14th Floor • New York, NY 10022 • 212.489.1400 • f: 212.751.2849 • Brewerattorneys.com

# BREWER

*Dell'Aquila v. NRA*
December 30, 2022
Page 2

With respect to RFP Nos. 1-2, the NRA agreed to conduct a diligent search in order to produce documents relating to the named Plaintiffs and their allegation that they reasonably relied on certain statements when donating to the NRA. The NRA did not agree to provide documents regarding other donors on the grounds that it would be unduly burdensome and is otherwise objectionable for the following reasons.

First, the burden of production outweighs the likely benefit of Plaintiffs' proposed discovery. Even assuming *arguendo* that only one mailing was sent annually to each of the over five million donors over the four-year class period (as alleged in the SAC), that means approximately 20 million records would need to be reviewed and then produced. To put this in context, if an attorney spent only one-minute reviewing each of the approximately 20 million records to determine if it was a "solicitation of donations" (as requested in RFP No. 2), it would take over 13,888 full 24-hour days (or over 38 non-stop years) to complete just the document review prior to production. In addition, in order to protect the constitutionally protected right to privacy and membership of the NRA's donors, the NRA's counsel would need to spend countless, additional years redacting the personal identifying information of its approximately five million members on the approximately 20 million mailings. *See NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958). Given the foregoing, Plaintiffs' proposed discovery is unrealistic.

Second, the vast majority of the documents that Plaintiffs request that the NRA produce under RFP Nos. 1-2 are not relevant before a motion for class certification has been filed. *See* FRCP Rs. 26(b)(1) and 23; *Moore v. Westgate Resorts*, 2020 WL 113352, 1 (E.D. Tenn. 1/9/20). Indeed, if the NRA were to produce all of the mailings requested in RFP Nos. 1-2, that would entail an excessive, unnecessary production of records that "do not make any representations regarding the use of donor funds" or which Plaintiffs did not reasonably rely on when making their donation. Unnecessarily broad discovery will not benefit either party and thus, cannot be compelled. *Moore*, 2020 WL 113352, 4.

Third, it is well-settled that discovery regarding non-named Plaintiffs including "spouses" and other persons who are not named plaintiffs constitutes the type of individualized discovery which is objectionable as unduly burdensome and beyond the scope of permissible discovery. *Id.* at 11. *See Moore v. Westgate Resorts*, *supra*. Likewise, at the pre-class certification stage of this case, the named Plaintiffs are not permitted to request discovery on approximately 5 million donors based on their highly individualized, potential fraud claims over a four-year period. *Id*.

Plaintiffs are also not entitled to "all documents" produced to third parties, the NYAG and DCAG, as requested in RFP Nos. 4-6. Plaintiffs' proposed discovery therein is overly burdensome because it entails the review and production of several hundreds of thousands of pages of documents, the vast majority of which do not concern the issues that encompass Plaintiffs' pre-class certification case. *Id.* at 5 (broad discovery requests pre-certification

BREWER

*Dell'Aquila v. NRA*
December 30, 2022
Page 3

constitute a fishing expedition). Indeed, the NYAG and DCAG are handling a broad array of *regulatory* issues, which by definition do not concern the class certification requirements that Plaintiffs must meet or the named Plaintiffs' individualized fraud claim.

Even assuming that there was a relationship between the NYAG or DCAG regulatory action and Plaintiffs' action pre-class certification (which Plaintiffs cannot show) the attorney time that would be incurred reviewing the multiple hundreds of thousands of pages would take several months if not years. In sum, the extreme burden outweighs any likely benefit.

Finally, Plaintiffs are not entitled to pre-class certification discovery related to the "NRA Foundation" as requested in RFP Nos. 4 and 6. Such discovery is not "relevant," not "proportional to the needs of the case," and does not outweigh the burden of production. *See* FRCP R. 26(b)(1). It also does not "illuminate issues upon which a district court must pass in deciding whether this suit should proceed as a class action" and improperly pertains to the merits of Plaintiffs' case pre-certification. *See Moore*, 2020 WL 113352, 3. Plaintiffs' SAC is against the NRA only. On September 30, 2020, the Court dismissed entirely Plaintiffs' allegations in the SAC against the NRA Foundation and thus, the NRA Foundation is not in this action. Dkt. 63. Therefore, pre-certification discovery with regard to the NRA Foundation is unduly burdensome and otherwise objectionable.

I am optimistic that this resolves your question about the burden of producing the above-referenced documents pre-class certification. If it does not and Plaintiffs proceed with a motion to compel, please be advised that the NRA reserves all rights.

Sincerely,

*/s/ Elizabeth M. Del Cid*
Elizabeth M. Del Cid

4862-0833-1079, v. 1