# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>Defendant. | Case No. 3:19-cv-00679<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Jefferey S. Frensley |

## DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES

Comes now, Defendant the National Rifle Association of America ("Defendant" or the "NRA"), and submits the following Opposition to the Motion to Compel Disclosures and Discovery Responses ("Motion") that was filed by Named Plaintiffs David Dell'Aquila ("Dell'Aquila"), Lorannda Borja ("Borja"), Todd Chesney ("Chesney"), and Brent Weber ("Weber") (collectively, "Named Plaintiffs").

## INTRODUCTION

Plaintiffs' Motion should be denied. Plaintiffs seek production of documents in response to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP"). The Motion is without merit because the NRA has complied with the express requirements of the rule. At this pre-certification stage, Plaintiffs also seek merits-based documents and others that do not pertain to the purportedly fraudulent "solicitations" alleged with respect to the Named Plaintiffs. These documents are not discoverable at this point in the litigation because the requested documents are: (1) not needed for

1

the Court to determine whether the class certification requirements of FRCP 23(a) have been met;[1] (2) not relevant to the claims asserted by the current Plaintiffs; and (3) overbroad, unduly burdensome, and disproportional to the needs of the case.[2] For these reasons, the Motion should be denied.

## RELEVANT FACTS

This is a putative class action for common law fraud filed by Named Plaintiffs from Arizona, Kansas, and Tennessee against the NRA, a not-for-profit incorporated in New York.[3] The Second Amended Complaint ("SAC") alleges that from November 30, 2015, to January 26, 2019, "the NRA solicited funds with the promise to use those funds 'to advance the mission of the NRA' and that instead of spending the donated funds for that purpose, the NRA . . . used significant portion of the funds for purposes entirely unrelated to the NRA's mission."[4] It is on that basis that Chesney from Arizona alleges he donated a total of $70 to the NRA; Weber from Kansas alleges he is a benefactor member, and donated $1,500[5]; Borja from Tennessee alleges that she donated

---

[1] *Clarke v. Baptist Mem'l Healthcare Corp.*, No. 2:06-CV-02377-MAV, 2008 WL 11320263, at *3 (W.D. Tenn. Jan. 29, 2008) (denying motion to compel and holding that "investigating matters specifically involving the underlying alleged conspiracy relates to the merits of the litigation and is improper at the class certification stage"); *Isabel v. Velsicol Chem. Co.*, No. 04-2297-DV (W.D. Tenn. June 7, 2004) (Vescovo, M.J.) (limiting first phase of discovery to class certification issues), *aff'd*, 2004 U.S. Dist. LEXIS 18057 (W.D. Tenn. Aug. 12, 2004) (Donald, J.) (denying plaintiff's appeal of order bifurcating discovery and finding "substantial authority allows for pre-class certification discovery"); *Bostick v. St. Jude Med., Inc.*, No. 03-2636-BV (W.D. Tenn. Nov. 14, 2003) (Vescovo, M.J.) (limiting initial discovery to issues relevant to class certification).
[2] *Nash v. City of Oakwood, Ohio*, 90 F.R.D. 633, 636 (S.D. Oh. 1981) (compelling discovery only in connection with class certification requirements and finding "'defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas. Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification'").
[3] Doc. No. 37-1; Doc. No. 63, p. 5, ¶ 3.
[4] Doc. No. 63, pp. 8-9 (citing Doc. No. 43, ¶¶ 69-77).
[5] https://membership.nrahq.org/forms/superlife.asp.

$140; and Dell'Aquila from Tennessee alleges that he donated $18,122.[6] As such, the Named Plaintiffs alleged damages do not exceed $19,832. Although the SAC alleges numerous statements purportedly made by the NRA, as the Court noted in the Decision on the NRA's Motion to Dismiss, "many of the statements cited by Plaintiffs do not make any representations regarding the use of donor funds."[7]

Pursuant to the Amended Case Management Order, no discovery deadlines have yet been set by the Court. Plaintiffs' motion for class certification is due on or before March 27, 2023.

In the pre-class certification stage, the parties engaged in and continue to pursue discovery. Pursuant to FRCP 26(a)(1), the NRA served written disclosures. Pursuant to FRCP 34, both parties served requests for production. In response, the NRA served written responses and produced hundreds of pages of responsive documents.

Following two meet and confers via videoconference, on December 14, 2022, counsel for the parties met and conferred regarding discovery requests propounded by both sides in Nashville, TN.[8] During this meeting, Plaintiffs' counsel took the position that, although the class has not been certified, Plaintiffs were entitled to a document production of: (1) "broad categories of documents" located at "the NRA's Headquarters, the NRA's servers, and/or electronic mail" which the NRA stated in its initial disclosures that it may use to defend against the claims brought *by the putative class*[9];[10] and (2) "a copy of all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period

---

[6] Doc. No. 37-1, pp. 10-12, ¶¶ 37-40.
[7] Doc. No. 63, p. 13.
[8] Declaration of Elizabeth M. Del Cid in support of Opposition ("Del Cid Dec."), ¶¶ 2-9, which is filed concurrently herewith.
[9] Doc. No. 115, pp. 2-3.
[10] Del Cid Dec., ¶ 7.

3

from November 30, 2015 to January 26, 2019."[11], [12] The NRA objected, asserting that Plaintiffs' requests are improper at the pre-certification stage, seek irrelevant information, are protected by the First Amendment, and are unduly burdensome and disproportionate to the needs of the case. Plaintiffs did not provide any authority to contest the NRA's objections. The NRA then provided additional support for its objections via letter. Plaintiffs nonetheless filed the Motion.[13]

## ARGUMENT

Plaintiffs are not entitled to the documents they seek. Plaintiffs' Motion should be denied in its entirety.

1. **Plaintiffs Are Not Entitled to Merits-Related Documents Disclosed in Response to FRCP 26(a)(1).**

Plaintiffs improperly demand that the NRA supplement its initial disclosures by producing, in full, each category of documents upon which the NRA stated it "may use" to defend against the claims brought by the putative class, including: (1) "documents regarding the solicitations of donations;" (2) "communications between Plaintiffs and Defendant regarding donations;" (3) "documents regarding the use of NRA funds;" and (4) "documents regarding the NRA 'vendor' and third-party expenses passed-through or otherwise charged to the NRA."

Litigants may comply with FRCP 26(a)(1) by providing to the other parties, "a copy – **or a description by category and location** -- of all documents . . . that the disclosing party . . . may use to support its claims or defenses."[14] As courts in this Circuit routinely hold, a description of the category and location of its documents is all that is required to meet its initial disclosure

---

[11] Doc. No. 115, p. 4; Docket 115-6 at 5 [Plaintiffs' First Set of Request for Production No. 2 ("RFP No. 2")].
[12] Del Cid Dec., ¶ 8.
[13] Del Cid Dec., ¶¶ 9-11.
[14] Emphasis added.

obligations.[15] Of course, if Plaintiffs desire to seek certain categories of documents, Plaintiffs may do so pursuant to FRCP 34, which provides the procedure for such a request.

Here, in compliance with its obligations, the NRA described categories of documents and their location in discovery.[16] Any document requests pursuant to FRCP 34 seeking such documents are not the subject of this Motion. As such, Plaintiffs' Motion with respect to the NRA's initial disclosures should be denied. Moreover, even if the NRA were required to produce documents to comply with Rule 26(a)(1)(A)(ii) (which it is not), the broad categories of documents identified by the NRA in its initial disclosures are not discoverable at this posture. First, the categories of documents identified are not relevant to the Court's inquiry regarding class certification requirements. Second, even if such merits-related documents were discoverable at the pre-certification stage, the documents are not relevant to the claims for common law fraud alleged by the Named Plaintiffs.[17] Third, requiring the NRA to produce all documents identified in each of these broad categories would result in the NRA expending significant and undue resources, especially in proportion to the maximum damages alleged by the Named Plaintiffs.

Not surprisingly, and contrary to Plaintiffs' misleading assertion, none of the cases cited in the Motion hold that parties must, as a rule, produce copies of documents identified in their initial disclosures under FRCP 26(a)(1)—and none of the cases supports the NRA doing so here. On the contrary:

---

[15] *See, e.g.*, *Nance v. Wayne Co.*, 264 F.R.D. 331, 338, f. 7 (M.D. Tenn. 2009) ("Plaintiff's position appears to morph into an argument that Defendant had a duty to produce the medical file. Under the plain language of Rule 26(a)(1)(A)(ii), the Rule is satisfied if the party provides either a copy of the documents or 'a description by category and location' of the documents.").
[16] Doc. No. 115, pp. 2-3.
[17] For example, documents related to solicitations of donations generally, as opposed to those which are at issue herein are not relevant. Likewise, *all* documents regarding the use of NRA funds or vendor expenses are not relevant to the few specific alleged donations by Plaintiffs.

5

- In *Holbrook v. Ownbrix Int'l Corp.*, 2021 WL 783550, at *2 (W.D. Tenn. Mar. 1, 2021)[18], the court ordered a production of documents identified in initial disclosures *because the parties agreed to do so* in order to promote efficiency and reduce costs in a non-class action lawsuit. Here, the parties have not so agreed. Moreover, a production of post-class certification documents at the pre-class certification stage would run contrary to the spirit of efficiency and economy in a case like this one that involves a putative class of "at least five million persons;"[19]

- In *Jackson v. Swift Transp. Co.*, 2009 WL 5824127, at *4-5 (M.D. Tenn. Oct. 29, 2009)[20], the court ordered the production of just 10 pages of documents that were specifically identifiable by Bates number in defendants' initial disclosures and did not order the production of documents identified by "category." Clearly, the concerns identified by the NRA—relevance, burden, and proportionality—make this case distinguishable;[21] and

- In *Bridgestone Americas Inc. v. Int'l Bus Machines Corp.*, 2016 WL 3211226, at *1-2 (M.D. Tenn. Jan. 12, 2016)[22], the document production ordered by the court was pursuant to a requirement specific to a plaintiff seeking damages [FRCP 26(a)(1)(A)(iii)] and in connection with a response to an FRCP 34 request for production regarding the same. Here, neither the requirement in FRCP 26 nor any document request is at issue.

---

[18] *See* Doc. No. 115, p. 3.
[19] *See* Doc. No. 37-1, ¶ 60.
[20] *See id.*
[21] Doc. No. 115, p. 2.
[22] *See* Doc. No. 115, pp. 3-4.

For the foregoing reasons, Plaintiffs' Motion should be denied.[23]

**2. Plaintiffs' Motion Should Be Denied with Respect to RFP No. 2.**

In RFP No. 2, Plaintiffs request that the NRA produce "all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to **persons who donated** to the NRA during the period from November 30, 2015 to January 26, 2019."[24] With the exception of solicitations alleged with particularity (as required by FRCP 9(b)) as relied upon by the Named Plaintiffs in the SAC, Plaintiffs' Motion with respect to RFP No. 2 should be denied because: (1) the documents requested are irrelevant or not discoverable at the pre-certification stage; (2) names of the recipients of the solicitations are protected from disclosure by the First Amendment; and (3) the burden of producing all solicitations is disproportional to the needs of the case. Plaintiffs' cases do not hold otherwise. Because the solicitations alleged with particularity as relied upon by the Named Plaintiffs have already been produced or are within their possession, custody, or control, Plaintiffs' Motion with respect to RFP No. 2 should be denied.

First, the vast majority of the documents that Plaintiffs request that the NRA produce under RFP No. 2 are not relevant. At this posture, only solicitations alleged with particularity—including

---

[23] To the extent Plaintiffs contend that the NRA should be ordered to produce FRCP 26(a)(1) documents because Plaintiffs requested that they be produced in their Second Set of Requests for Production of Documents ("RFP, Set Two"), the Court should deny that request because (a) the NRA properly objected to the request; (b) an in-person meet and confer regarding the same has not been conducted; and (c) RFP, Set Two is not at issue in the Motion.

[24] RFP No. 2 (emphasis added). The Motion sometimes refers to this request as an "interrogatory." *See, e.g.,* Doc. No. 115, pp. 4 & 7. That appears to be a typographical error. To the extent it is not, the NRA reiterates its arguments as if fully set forth herein and requests that the Court deny a request for a further response to any interrogatory.

7

the time, place, and contents[25]—and also alleged to have been reasonably relied upon[26] are relevant to the fraud claims that remain in this case. With respect to the Named Plaintiffs, that means that only the solicitations alleged with the foregoing requirements are discoverable.[27] With respect to the remaining members of the putative class, the request for solicitations in RFP No. 2 is wildly overbroad given the limited solicitations alleged in the SAC and, importantly, fails to rely on *any* allegations—much less those pleaded with the requisite particularity or reasonable reliance—regarding the other purported "solicitations" that Plaintiffs seek. Moreover, at the pre-certification stage, "individualized discovery for every potential class members . . . is not appropriate for precertification discovery."[28] Requiring the NRA to produce every document responsive to RFP No. 2, would entail an excessive, unnecessary production of records that "do not make any representations regarding the use of donor funds" and for which it is unknown whether donors

---

[25] *Smith v. Bank of America Corp.*, 485 Fed. Appx. 749, 752 (6th Cir. 2012) (holding complaint failed to plead fraud with sufficient particularity).
[26] *PNC Multifamily Capital Inst. Fund. v. Bluff County Dev. Corp.*, 387 S.W.3d 525, 548 (Tenn. Ct. App. 2012) (holding complaint did not state a claim for either fraudulent or negligent misrepresentation with required particularity).
[27] FRCP 26(b)(1).
[28] FRCP 26(b)(1) & 23; *Moore v. Westgate Resorts*, 2020 WL 113352, 1 (E.D. Tenn. 1/9/20) (denying named plaintiffs' motion for all documents related to any allegations or complaints of misrepresentations at pre-certification stage). Under FRFCP 26(b)(1), discovery sought must be "relevant to any party's claim or defense." Plaintiffs have the burden to prove that class-wide discovery is relevant to FRCP 23's class certification requirements. *Knutson v. Schwan's Home Serv., Inc.*, No. 12-cv-964, 2013 WL 3746118, 4 (S.D. Cal. July 15, 2013) (order reversing in part and remanding order compelling discovery). Plaintiffs have not met their burden. *See Nash*, 90 F.R.D. at 636 (holding "plaintiff is entitled to no discovery from defendant on her claim of racial discrimination" and "discovery, at this juncture, should be directed to, and thereby limited, as much as possible, to determining the maintainability of this cause as a class action.").

8

reasonably relied on them when making their donation.[29] Unnecessarily broad discovery will not benefit either party and thus, cannot and should not be compelled.[30]

Second, documents regarding donors not named in this lawsuit are constitutionally protected pursuant to the right to privacy and freedoms of speech and association.[31] It is well-held that the NRA may invoke these rights to protect the interests of its over five million donors and members.[32]

Third, the burden of producing any additional documents in response to RFP No. 2 outweighs any potential benefit to the Named Plaintiffs. Assuming *arguendo* that only one unique, donor specific mailing was sent annually to each of the over five million donors over the four-year class period (as alleged in the SAC), that means approximately 20 million records would need to be reviewed and then produced. In light of Plaintiffs' alleged damages of $19,832, such an egregious waste of resources is not proportional and cannot be justified.[33]

Fourth, the cases cited in the Motion regarding the Telephone Consumer Protection Act ("TCPA") are distinguishable and unpersuasive.[34] Plaintiffs' putative class action for common law

---

[29] Indeed, it is obvious that donors, including the Named Plaintiffs, may have had a variety of reasons to donate to the NRA. Plaintiffs are not able to make that allegation regarding the remaining putative class members.
[30] *Moore*, 2020 WL 113352, 4.
[31] *NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958) (reversing order that required association to produce records including names and addresses of all members and agents).
[32] *Id.* The cases cited in the Motion on this point are distinguishable because the facts of this case are very different: *Marshall v. Bramer*, 828 F.2d 355 (6th Cir. 1987) (evidence of involvement of white supremacist organization in firebombing of plaintiff's house justified production of member list); *Natl. Org. for Marriage v. McKee*, 723 F.Supp.2d 236 (D. Maine 2010) (corporations failed to make a prima facie showing of First Amendment associational privilege).
[33] *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 432 (E.D. Mich. 1979) (granting motion for a protective order and finding that discovery was not permitted where defendant was faced with "considerable burden and expense" of $17,000). The NRA incorporates by reference as if fully set forth herein the arguments made in Ex. A of Del Cid Dec. (also Doc. No. 115, Ex. 8, NRA's Letter of 12/30/22).
[34] Doc. No. 115, pp. 5-6 [citing *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240 (N.D. Ohio 2017); *Kane v. Natl. Action Fin. Srvs., Inc.*, 2012 WL 1658643 (E.D. Mich. 2012); *Peters v.*

9

fraud is a far cry from a class action based on TCPA violations. Unlike the TCPA, which is based on a *per se* violation and involves one statute of law, fraud claims involving potential class members in different states across the U.S. (as is the case here) depend on particularized and specific allegations of misrepresentations and subjective reliance based on the law of each member's state where the injury was caused and arose, among other factors.[35] As argued above, RFP No. 2 does not seek documents relevant to the class certification requirements of numerosity, commonality, typicality, and adequacy under FRCP 23.[36] As such, they cannot form the basis of a proper discovery request in the pre-class certification stage.[37] Indeed, if Plaintiffs seek information regarding the class certification requirements, that can be and is best obtained by propounding an interrogatory on the NRA – not by requesting the production of records regarding five million donors. Accordingly, the Court should not order any further production of documents in response to RFP No. 2.

---

*Credit Prot. Assn. LP*, 2014 WL 6687146 (S.D. Ohio 2014); *Key v. Integrity Surveillance Solutions, Inc.*, 2015 WL 8178055 (E.D. Mich. 2015); *Barnes v. Midland Credit Management*, 2020 WL 6778013 (N.D. Ohio 2020)]. These and all TCPA cases are distinguishable because unlike TCPA cases where the conduct at issue was unconsented to by the plaintiffs, here, donors and members voluntarily opt to engage, associate and communicate with the NRA.
[35] *See* Doc. No. 63, p. 5.
[36] The Motion concedes that the discovery at issue is merits-based discovery regarding "Plaintiffs' fraud claim." Doc. No. 115, p. 1. As explained herein, merits-based discovery is not permitted pre-class certification. *See Moore*, 2020 WL 113352, 10-11.
[37] *Moore*, 2020 WL 113352, 4.

## CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety. The NRA's position as to Plaintiffs' purported discovery disputes is based on well-settled law as explained herein. The NRA has also complied with its discovery obligations in good faith. Thus, the NRA should not be ordered to produce additional documents.

By: */s/ Wallace A. McDonald*
    Wallace A. McDonald
    BPR No. 016210
LACY, PRICE & WAGNER, P.C.
249 N. Peters Rd.
Suite 101
Knoxville, TN 37923
Phone: 865-246-0800
Email: amcdonald@lpwpc.com
*Attorneys for Defendant*

By: */s/ Elizabeth M. Del Cid*
    William A. Brewer (admitted *pro hac vice*)
    Elizabeth M. Del Cid (admitted *pro hac vice*)
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Ave, Floor 14
New York, NY 10013
Phone: 212-489-1400
Email: wbb@brewerattorneys.com
Email: emd@brewerattorneys.com
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, Elizabeth M. Del Cid, hereby certify that I caused a true and exact copy of the foregoing to be electronically filed with the Clerk of the Court on January 25, 2023, using the CM/ECF system, which will send notification to all counsel of record as listed below.

John R. Wingo, Esq.
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Email: john.wingo@stites.com

Thomas M. Hanson
Michael Kanovitz
Jonathan I. Loevy
Jordan Cosby Poole
Julia Rickert
Heather Elizabeth Sticht
Loevy & Loevy
311 N Aberdeen Street
Third Floor
Chicago, IL 60607
Email: hanson@loevy.com
Email: mike@loevy.com
Email: jon@loevy.com
Email: poole@loevy.com
Email: julia@loevy.com
Email: sticht@loevy.com

Elizabeth C. Wang
Loevy & Loevy
2060 Broadway
Suite 460
Boulder, CO 80302
Email: elizabethw@loevy.com

Wallace Allen McDonald, Esq.
Lacy, Price & Wagner, P.C.
249 North Peters Rd.
Suite 101
Knoxville, TN 37923
Email: amcdonald@lpwpc.com

William A. Brewer
Brewer, Attorneys & Counselors
750 Lexington Ave.
14th Floor
New York, NY 10022
Email: wbb@brewerattorneys.com

Dated: January 25, 2023　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Elizabeth M. Del Cid

4887-0831-1629.1
2277-14