IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NATIONAL RIFLE ASSOCIATION OF AMERICA,

    Defendant.

Case No. 3:19-cv-00679

Judge William L. Campbell, Jr.

Magistrate Jefferey S. Frensley

## DECLARATION OF ELIZABETH M. DEL CID IN SUPPORT OF DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES

I, Elizabeth M. Del Cid, declare as follows:

1. I am attorney duly licensed to practice law Pro Hac Vice in the United States District Court for the Middle District of Tennessee. I am Counsel at Brewer, Attorneys & Counselors and one of the attorneys of record in the above-captioned action. This declaration is submitted in support of the National Rifle Association of America's ("Defendant" or "NRA") Opposition to the Motion to Compel Disclosures and Discovery Responses ("Motion") that was filed by Named Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber (collectively, "Named Plaintiffs"). I have personal knowledge of the facts set forth herein and, if called as a witness, can and will competently testify to such facts.

2. On November 7, 2022, at 7 a.m. MT, counsel for the parties participated in a video conference. The conference lasted 12 minutes. During the videoconference, because

NRA's counsel did not agree to comply with each of Plaintiffs' demands in full without limitation, Plaintiffs' counsel Elizabeth Wang declared—without further discussion—that the parties were at an impasse.

3. First, Plaintiffs' counsel demanded that the NRA supplement its initial disclosures with a document production. The NRA responded that it complied with the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP") and quoted the express language of the rule which does not require a production.

4. Second, Plaintiffs' counsel demanded that the NRA withdraw its objections and produce "all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period from November 30, 2015 to January 26, 2019" ("solicitations"). In response, the NRA explained that the request was overbroad, unduly burdensome, and violated third-party donors' privacy rights [s*ee, e.g., NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958)].

5. Counsel for the parties then participated in a video conference on December 2, 2022. Although some matters were resolved, the parties were unable to reach an agreement on the discovery at issue in the Motion.

6. In turn, on December 14, 2022, Plaintiffs' counsel, Michael Kanovitz, and I met in person in Nashville, TN to confer again.

7. Plaintiffs' counsel asked a third time if the NRA would produce documents in support of its initial disclosures. I responded that as previously advised, the NRA has complied with FRCP 26 and thus a production is not required. Plaintiffs' counsel stated he would file a motion to compel.

8. Plaintiffs' counsel then expressed that he believed pre-certification, Plaintiffs were entitled to a production of solicitations. I explained that Plaintiffs' position was improper because pre-certification, Plaintiffs' request seeks irrelevant information, infringes on First Amendment rights, and is unduly burdensome and disproportionate to the needs of the case.

9. I asked Plaintiffs' counsel if he had legal authority to support the position that Plaintiffs were entitled to the discovery at issue. Plaintiffs' counsel provided none.

10. On December 30, 2022, I sent Plaintiffs' counsel a letter providing support for the NRA's objections. A true and correct copy of this letter is attached hereto and incorporated by reference as <u>Exhibit A</u>.

11. Plaintiffs nonetheless filed the Motion.

Dated: January 25, 2023                                         Respectfully submitted,

By:  */s/ Elizabeth M. Del Cid*

# CERTIFICATE OF SERVICE

I, Elizabeth M. Del Cid, hereby certify that I caused a true and exact copy of the foregoing to be electronically filed with the Clerk of the Court on January 25, 2023, using the CM/ECF system, which will send notification to all counsel of record as listed below.

        John R. Wingo, Esq.
        Stites & Harbison, PLLC
        401 Commerce Street, Suite 800
        Nashville, TN 37219
        Email: john.wingo@stites.com

        Thomas M. Hanson
        Michael Kanovitz
        Jonathan I. Loevy
        Jordan Cosby Poole
        Julia Rickert
        Heather Elizabeth Sticht
        Loevy & Loevy
        311 N Aberdeen Street
        Third Floor
        Chicago, IL 60607
Email: hanson@loevy.com
Email: mike@loevy.com
Email: jon@loevy.com
Email: poole@loevy.com
Email: julia@loevy.com
Email: sticht@loevy.com

        Elizabeth C. Wang
        Loevy & Loevy
        2060 Broadway
        Suite 460
        Boulder, CO 80302
Email: elizabethw@loevy.com

        Wallace Allen McDonald, Esq.
        Lacy, Price & Wagner, P.C.
        249 North Peters Rd.
        Suite 101
        Knoxville, TN 37923
        Email: amcdonald@lpwpc.com

William A. Brewer  
Brewer, Attorneys & Counselors  
750 Lexington Ave.  
14th Floor  
New York, NY 10022  
Email: wbb@brewerattorneys.com

Dated: January 25, 2023                                                         Respectfully submitted,

/s/ Elizabeth M. Del Cid

4871-7103-8029.1  
2277-14

# EXHIBIT A



DALLAS | NEW YORK

December 30, 2022

<u>Via Email</u>

Michael Kanovitz
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302
Direct: 720-328-5642
Email: mike@loevy.com

    Re:    ***Dell'Aquila v. National Rifle Association of America ("NRA")***
               ***(Case No. 3:19-cv-679), Middle District of Tennessee***

Mr. Kanovitz:

    I write in connection with our discussion that occurred during the meet and confer on December 14, 2022. At that time, you requested that the NRA follow up regarding the burden of producing certain documents requested in Plaintiffs' First Set of Requests for the Production of Documents ("RFP"). Below, please find an explanation of this burden.

    The following RFPs are at issue:

        **RFP No. 1**: "all letters, e-mails, and mailings from the [NRA] . . . to the Plaintiffs or their spouses . . . from March 1, 2015 to January 26, 2019";

        **RFP No. 2**: "all solicitations of donations (in letter, e-mail, or mailing form) sent by the NRA . . . to any persons who donated to the NRA . . . from November 30, 2015 to January 26, 2019";

        **RFP No. 4**: "all discovery requests served on the NRA in the lawsuits filed by the Attorney General of the District of Columbia ["DCAG"] against the NRA Foundation";

        **RFP No. 5**: "all documents provided by the NRA to the Attorney General of New York State ["NYAG"]"; and

        **RFP No. 6**: "all documents provided by the NRA Foundation to the [DCAG]."

*Dell'Aquila v. NRA*
December 30, 2022
Page 2

With respect to RFP Nos. 1-2, the NRA agreed to conduct a diligent search in order to produce documents relating to the named Plaintiffs and their allegation that they reasonably relied on certain statements when donating to the NRA. The NRA did not agree to provide documents regarding other donors on the grounds that it would be unduly burdensome and is otherwise objectionable for the following reasons.

First, the burden of production outweighs the likely benefit of Plaintiffs' proposed discovery. Even assuming *arguendo* that only one mailing was sent annually to each of the over five million donors over the four-year class period (as alleged in the SAC), that means approximately 20 million records would need to be reviewed and then produced. To put this in context, if an attorney spent only one-minute reviewing each of the approximately 20 million records to determine if it was a "solicitation of donations" (as requested in RFP No. 2), it would take over 13,888 full 24-hour days (or over 38 non-stop years) to complete just the document review prior to production. In addition, in order to protect the constitutionally protected right to privacy and membership of the NRA's donors, the NRA's counsel would need to spend countless, additional years redacting the personal identifying information of its approximately five million members on the approximately 20 million mailings. *See NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958). Given the foregoing, Plaintiffs' proposed discovery is unrealistic.

Second, the vast majority of the documents that Plaintiffs request that the NRA produce under RFP Nos. 1-2 are not relevant before a motion for class certification has been filed. *See* FRCP Rs. 26(b)(1) and 23; *Moore v. Westgate Resorts*, 2020 WL 113352, 1 (E.D. Tenn. 1/9/20). Indeed, if the NRA were to produce all of the mailings requested in RFP Nos. 1-2, that would entail an excessive, unnecessary production of records that "do not make any representations regarding the use of donor funds" or which Plaintiffs did not reasonably rely on when making their donation. Unnecessarily broad discovery will not benefit either party and thus, cannot be compelled. *Moore*, 2020 WL 113352, 4.

Third, it is well-settled that discovery regarding non-named Plaintiffs including "spouses" and other persons who are not named plaintiffs constitutes the type of individualized discovery which is objectionable as unduly burdensome and beyond the scope of permissible discovery. *Id.* at 11. *See Moore v. Westgate Resorts*, *supra*. Likewise, at the pre-class certification stage of this case, the named Plaintiffs are not permitted to request discovery on approximately 5 million donors based on their highly individualized, potential fraud claims over a four-year period. *Id*.

Plaintiffs are also not entitled to "all documents" produced to third parties, the NYAG and DCAG, as requested in RFP Nos. 4-6. Plaintiffs' proposed discovery therein is overly burdensome because it entails the review and production of several hundreds of thousands of pages of documents, the vast majority of which do not concern the issues that encompass Plaintiffs' pre-class certification case. *Id.* at 5 (broad discovery requests pre-certification

*Dell'Aquila v. NRA*
December 30, 2022
Page 3

constitute a fishing expedition). Indeed, the NYAG and DCAG are handling a broad array of *regulatory* issues, which by definition do not concern the class certification requirements that Plaintiffs must meet or the named Plaintiffs' individualized fraud claim.

      Even assuming that there was a relationship between the NYAG or DCAG regulatory action and Plaintiffs' action pre-class certification (which Plaintiffs cannot show) the attorney time that would be incurred reviewing the multiple hundreds of thousands of pages would take several months if not years. In sum, the extreme burden outweighs any likely benefit.

      Finally, Plaintiffs are not entitled to pre-class certification discovery related to the "NRA Foundation" as requested in RFP Nos. 4 and 6. Such discovery is not "relevant," not "proportional to the needs of the case," and does not outweigh the burden of production. *See* FRCP R. 26(b)(1). It also does not "illuminate issues upon which a district court must pass in deciding whether this suit should proceed as a class action" and improperly pertains to the merits of Plaintiffs' case pre-certification. *See Moore*, 2020 WL 113352, 3. Plaintiffs' SAC is against the NRA only. On September 30, 2020, the Court dismissed entirely Plaintiffs' allegations in the SAC against the NRA Foundation and thus, the NRA Foundation is not in this action. Dkt. 63. Therefore, pre-certification discovery with regard to the NRA Foundation is unduly burdensome and otherwise objectionable.

      I am optimistic that this resolves your question about the burden of producing the above-referenced documents pre-class certification. If it does not and Plaintiffs proceed with a motion to compel, please be advised that the NRA reserves all rights.

      Sincerely,

      */s/ Elizabeth M. Del Cid*
      Elizabeth M. Del Cid