IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NATIONAL RIFLE ASSOCIATION OF AMERICA,

    Defendant.

Case No. 3:19-cv-00679

Judge William L. Campbell, Jr.

Magistrate Jefferey S. Frensley

### **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES**

Defendant offers specious and contradictory excuses for its refusal to provide the documents that Plaintiffs have validly requested. It contends that discovery into matters relevant to class certification, such as the solicitations the NRA made to its donors during the class period, is impermissible. At the same time, it argues that "merits" discovery into how it spent Plaintiffs' donations is improper pre-certification. Defendant also makes the surprising assertion that the documents it disclosed under Federal Rule of Evidence 26(a)(1)(A)(ii) are "not relevant" to Plaintiffs' claims. As a result, Plaintiffs need the Court's assistance to move this case forward. An order compelling Defendant to produce validly requested documents is appropriate.

### A. Rule 26(a)(1)(A)(ii) Documents Cannot Be Hidden from the Opposing Party.

Defendant has identified broad categories of documents without providing any specificity as to the documents' content or location and has refused to provide copies. In response to Plaintiffs' pending Motion, Defendant concedes that it has identified "broad categories of documents," dkt. 118 at 5, but it stands by its position that doing so is sufficient. This position is contrary to the purpose of Rule 26, which is to avoid surprise. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 986–87, 2 L. Ed. 2d 1077 (1958) ("Modern instruments of discovery . . . make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."). For that reason, a party "cannot satisfy [its] obligation [under Rule 26(a)(1)(A)(ii)] simply by vaguely referring . . . to unspecified documents that supposedly are somewhere in Defendant's possession." *Moss v. Fairborn City Sch.*, No. 3:08CV00393, 2010 WL 11538379, at *8 (S.D. Ohio Mar. 5, 2010).

Additionally, one of Defendant's main objections to providing the disclosed documents actually proves the deficiency of Defendant's Rule 26 disclosures. Defendant contends that the documents are "not relevant to the claims for common law fraud" of Plaintiffs. Dkt. 118 at 5. If

1

so, then Defendant has not identified the documents it may use to defend against Plaintiffs' claims and thus has not complied with Rule 26.

So, by any assessment, Defendant has not complied with its disclosure obligations under Rule 26(a)(1)(A)(ii). It has identified "broad categories" and has not revealed the specific location of any of them. It has now further asserted in its response brief that the documents it disclosed are actually irrelevant to Plaintiffs' claims, which if true would mean it cannot offer any documents in defense of these claims at trial. This approach to discovery is unacceptable, and the best way to ensure Defendant does comply with its disclosure obligations is to compel it to produce copies of all documents it says support its defenses.[1] This remedy is especially appropriate considering that Defendant's additional objections to producing these documents overlap with the objections it raises to producing other documents (*e.g.*, the pre-certification posture of the case), and those objections are addressed in the next section.

Although the precise contours of the obligation under Rule 26(a)(1)(A)(ii) are rarely litigated—parties normally understand their obligation to produce the documents they believe prove their case—the idea that a party can profess to have favorable documents but keep those documents secret is without support. In the single case Defendant cites, *Nance v. Wayne Cnty.*, 264 F.R.D. 331, 338 (M.D. Tenn. 2009), the documents in question were *not* identified in a Rule 26 disclosure and had not been requested by the opposing party. By contrast, Plaintiffs have

---

[1] Plaintiffs have asked Defendant to produce these documents during videoconferences, in letters, and in person. Plaintiffs also have propounded a discovery request for these documents under Rule 34, as described in the pending Motion. Dkt. 115 at 3. Defendant, however, has refused to comply with that request for production. Although this specific request for production has not been the subject of an in-person meet-and-confer since Plaintiffs received Defendant's formal objection to it, Plaintiffs' asserted entitlement to the documents has been discussed in person, and Defendant's refusal to provide them appears firmly entrenched. For the sake of efficiency, and in recognition of the parties' extensive discussions concerning these documents, including in person, Plaintiffs respectfully ask the Court to compel the production of these documents before another in-person conference is held. Additional delay is not in the interests of justice.

requested that Defendant produce the documents it says it may use to support its defenses. And Plaintiffs have cited cases supporting the bedrock proposition that documents a party identifies in its initial disclosures ultimately must be produced.[2]

**B. Defendant's Objections to Producing Its Donation Solicitations Are Baseless.**

Defendant first justifies withholding the solicitations it made to donors during the relevant time period by contending that it is required only to produce the exact solicitations pleaded with particularity within the meaning of Rule 9(b). But Defendant has provided no authority for the novel assertion that the particularity requirement of Rule 9(b) places limitations on discovery. Pleading requirements are meant to provide defendants with notice—not to prevent the discovery of relevant evidence—and so Defendant's unsupported argument must be rejected. Pleading representative examples of voluminous false statements, as Plaintiff has done, is ample to provide the fair notice contemplated under Rule 9(b). *United States v. Curo Health Servs. Holdings, Inc.*, No. 3:13-CV-00672, 2022 WL 842937, at *12 (M.D. Tenn. Mar. 21, 2022).

Defendant also raises concerns about donor privacy but fails to address the arguments Plaintiffs made on this issue in their Motion. Dkt. 118 at 9. Plaintiffs will not repeat those arguments here, *see* dkt. 115 at 5-6, except to reemphasize that Plaintiffs' request does not implicate the concerns raised in *NAACP v. State of Alabama*, 357 U.S. 449, 458-59 (1958).

---

[2] In *Holbrook v. Ownbrix Int'l Corp.*, No. 219CV02879JPMCGC, 2021 WL 783550, at *1 (W.D. Tenn. Mar. 1, 2021), the court compelled "the production of 85,000+ documents identified in the [defendants'] Rule 26(a)(1) Initial Disclosures." Defendant contends that an agreement between the parties was behind the decision, dkt. 118 at 6, but *Holbrook* nowhere says that the parties had agreed to produce copies of documents. In *Jackson v. Swift Transp. Co.*, No. 3:08-0743, 2009 WL 5824127, at *5 (M.D. Tenn. Oct. 29, 2009), the court ordered the defendant to "immediately send plaintiff a copy of the documents identified in their Rule 26 initial disclosures." Defendant points out that the number of documents identified by the defendant in *Jackson* was few, but the court in *Jackson* never hinted that it would have denied the plaintiff's motion to compel if the defendant had identified more documents in its initial disclosures. (Plaintiffs, however, do agree with Defendant that *Bridgestone Americas Inc.*, because it concerns damages evidence, is not directly relevant to the dispute at hand.)

Plaintiffs are not asking for Defendant to reveal its donor information publicly. Plaintiffs ask only for copies of solicitations of donations, and they have repeatedly proposed entering a protective order if necessary to protect donor privacy.

Defendant next complains that the production of these documents would constitute an "egregious waste of resources" in light of the damages alleged. Dkt. 118 at 9. Defendant hypothesizes that even if "only one unique, donor specific mailing" were sent to five million donors over the four-year class period, twenty million documents would need to be reviewed and produced. But Plaintiffs already addressed this preposterous idea in their Motion. Dkt. 115 at 7. They are seeking just that "unique, donor specific mailing"—not twenty million copies of it. Moreover, Defendant wrongly asserts that Plaintiffs allege damages totaling just "$19,832." Dkt. 118 at 9. In reality, the Plaintiffs allege personal donations totaling approximately $78,912 to the NRA and NRA Foundation and class-wide damages of more than $10 million. Regardless, Defendant seems to imply that Plaintiffs' donations are too small to matter—that the NRA may defraud them of tens of thousands of dollars and never have to answer for it. Thankfully, that is not the law.

More broadly, Defendant argues that any discovery into what solicitations were sent to putative class members is inappropriate before class certification. In its brief and in discussions with counsel, Defendant relies heavily on *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. 2020), an unreported, out-of-district case that it contends stands for the proposition that no classwide discovery is warranted pre-certification. *Moore*, however, acknowledges that a named plaintiff is entitled to class discovery at the pre-certification stage, the court just cabined discovery to the particular needs of that case. In *Moore*, the defendants had produced "comment sheets" for the named plaintiffs, who were timeshare owners, that detailed all of the defendants'

4

interactions with the named plaintiffs. *Id.* at *6. The defendants also had produced a spreadsheet with the names, date of purchase, and other unit information for all other timeshare owners, who were the putative class members. *Id.* The *Moore* plaintiffs argued the defendants should be required to produce comment sheets for all timeshare owners, but the court concluded that because the defendants had already produced a significant amount of information on the potential class members, producing the comment sheets was excessive. *Id.* Here, Defendant has refused to produce *any* documents relating to the broader class. This obstruction is not supported by *Moore*, in which the defendants made a good faith production regarding potential class members.

Defendant also attempts to distinguish the TCPA cases Plaintiffs cited in which classwide discovery was permitted, pointing out that the defendants in those cases had engaged in "unconsented" conduct. Dkt. 118 at 9-10, n. 34. Defendant does not explain how this distinction is material. And Defendant ignores that another case Plaintiffs cite, *Barnes v. Midland Credit Management*, 2020 WL 6778013 (N.D. Ohio 2020), does not concern the TCPA at all. In any event, TCPA cases are applicable. The elements of a TCPA claim and a fraud claim differ, of course, but the same discovery rules control.

## CONCLUSION

Plaintiffs ask that the Court grant their Motion To Compel for the reasons given above and in the Motion.

    Respectfully submitted,

    s/ Julia Rickert

    Michael I. Kanovitz (*pro hac vice*)
    Jonathan I. Loevy (*pro hac vice*)
    Julia Rickert (*pro hac vice*)
    Thomas Hanson (*pro hac vice*)

5

Jordan Poole (*pro hac vice*)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
mike@loevy.com

Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

     I hereby certify that on February 1, 2023, a true and exact copy of Plaintiffs' Reply Brief in Support of Their Motion to Compel Disclosures and Discovery Responses was electronically filed with the Clerk's Office using the the CM/ECF filing system and served via the Court's CM/ECF system and/or via email and/or U.S. Mail upon the parties listed below. Parties may also access this filing through the Court's CM/ECF system.

William A. Brewer
Elizabeth DelCid
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Ave., 14th Floor
New York, NY 10022
Email: wbb@brewerattorneys.com
emd@brewerattorneys.com

and

Wallace A. McDonald
LACY, PRICE & WAGNER, P.C.
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
Email: amcdonald@lpwpc.com

                                                       Respectfully submitted,
                                                       s/ Julia Rickert
                                                       *One of Plaintiffs' Attorneys*