IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID DELL'AQUILA, et al., ) <br> on behalf of themselves and all ) <br> others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RIFLE ASSOCIATION ) <br> OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 3:19-cv-00679 <br> Judge Campbell/Frensley |

## ORDER

### I. INTRODUCTION

Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber (collectively, "Plaintiffs") brought this action on their own behalf and on behalf of all others similarly situated against Wayne LaPierre, the National Rifle Association of America ("NRA"), and NRA Foundation, Inc. alleging fraud related to the NRA's fundraising efforts. Docket No. 43 (Third Amended Complaint). Mr. LaPierre and NRA Foundation, Inc. have been dismissed. Docket Nos. 63, 64. The NRA has denied the substantive allegations and asserted affirmative defenses. Docket No. 66.

This matter is now before the Court upon Plaintiffs' Motion to Compel Disclosures and Discovery Responses. Docket No. 115.[1] The NRA has filed a Response in Opposition. Docket

---

[1] This document combines the Motion and a Supporting Memorandum.

No. 118. Plaintiffs have filed a Reply. Docket No. 119. For the reasons set forth below, Plaintiffs' Motion (Docket No. 115) is DENIED.

## II. LAW AND ANALYSIS

### A. Discovery Requests and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery. Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U.S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135

F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (internal quotation marks omitted). "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Carrell*, 2011 U.S. Dist. LEXIS 57435, at *5 (internal quotation marks and citation omitted).

The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the rules. The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996) (internal quotation marks omitted). As to the judge's role in discovery disputes, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305.

3

B. **Plaintiffs' Motion to Compel**

Plaintiffs ask the Court to order the NRA to produce 1) documents identified in the NRA's initial disclosures; and 2) documents requested in Request for Production ("RFP") No. 2 from Plaintiffs' First Set of Requests for Production.[2]  Docket No. 115.

1. **Documents Identified in the NRA's Initial Disclosures**

   a) **Requirements of Rule 26(a)**

Rule 26(a)(1) addresses initial disclosures and requires every party to provide, without awaiting a discovery request, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(ii).

Plaintiffs maintain that "[the NRA] has described only broad categories of documents . . . without providing copies of these documents or the location where they are stored."  Docket No. 115, p. 2.  The NRA argues that it has complied with the Rule by furnishing a description of documents by category and location.  Docket No. 118.  Plaintiffs contend that the documents themselves must be produced "[b]ecause providing copies of documents disclosed under Rule 26(a)(1)(A)(ii) is standard in the electronic age . . . ."  Docket No. 115, p. 2.

---

[2] Confusingly, Plaintiffs state in a footnote that "[t]his motion to compel concerns only request for production number 2 from Plaintiffs' first set of requests for production.  The parties are engaged in ongoing discussions about other requests, and [the NRA] has agreed to produce at least some of the documents Plaintiffs seek.  Plaintiffs reserve the right to move to compel with respect to other requests if [the NRA's] ultimate production proves insufficient."  Docket No. 115, p. 4, n.7.  Despite this assertion, Plaintiffs' Motion clearly also concerns documents requested by Plaintiffs in RFP No. 3 (from Plaintiffs' Second Set of Requests for Production of Documents), which specifically requests the documents identified in the NRA's Initial Disclosures.

4

The Court has reviewed the NRA's Initial Disclosures and Supplemental Initial Disclosures. Docket Nos. 115-1, 115-3. Taken together, the description by category (documents regarding the solicitation of donations, communications between Plaintiffs and Defendant regarding donations, documents regarding the use of NRA funds, and documents regarding NRA vendor and third-party expenses passed-through or otherwise charged to the NRA) and location (the NRA Headquarters, the NRA's servers and/or electronic mail) are sufficient to meet the requirements of Rule 26.

### b) Request for Production No. 3

Plaintiffs have also requested the same documents in a Request for Production. RFP No. 3 seeks:

> All documents identified in or referred to in Defendants' Rule 26(a)(1) Disclosures, including: "Documents regarding the solicitation of donations," "Communications between Plaintiffs and Defendant regarding donations," "Documents regarding the use of NRA funds," and "Documents regarding NRA vendor and third-party expenses passed-through or otherwise charged to the NRA."

Docket No. 115-5, p. 5 (Plaintiffs' Second Set of Requests for Production of Documents).

As previously stated, in a motion to compel, the moving party "must first demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Plaintiffs' Motion/Memorandum does not directly address the relevance of these documents, although in Reply, Plaintiffs argue that if the documents are not relevant, "then Defendant has not identified the documents it may use to defend against Plaintiffs' claims and thus has not complied with Rule 26." Docket No. 119, p. 3; *see* Docket No. 115.

This circular argument (and Plaintiffs' reference to the NRA's "surprising assertion that the documents it disclosed under Federal Rule of Evidence 26(a)(1)(A)(ii) are 'not relevant'") indicates that Plaintiffs have conflated the Rule 26 obligation to provide initial disclosures with the initial burden of persuasion on a motion to compel. Here, the NRA (the non-moving party) does not have to demonstrate that the information that Plaintiffs seek to compel is *not* relevant. The burden of showing relevance falls on Plaintiffs as the moving party. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5; *HLFIP Holding v. Rutherford Cty.*, No. 3:19-cv-00714, 2021 U.S. Dist. LEXIS 250871, at *9, n.11 (M.D. Tenn. Nov. 15, 2021) ("[o]ne might reasonably ask whether the movant's burden increased in light of the 2015 Amendments, such that the movant must not only demonstrate relevance but also make an at least colorable assertion (subject to the non-movant's rebuttal) of proportionality. . . . Post-2015 cases seem uniform, however, in stating the movant's initial burden in the same (or very nearly same) way *Carell* did despite the 2015 Amendments."); *Bowman v. Home Depot U.S.A., Inc.*, No. 3:21-cv-00885, 2022 WL 2294051, 2022 U.S. Dist. LEXIS 112053, at *26-27 (M.D. Tenn. June 24, 2022); *Abriq v. Metro Gov't of Nashville*, No. 3:17-0690, 2018 WL 1907445, 2018 U.S. Dist. LEXIS 67994, at *6 (M.D. Tenn. Apr. 23, 2018); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

To demonstrate relevance, Plaintiffs must do more than merely point out that these categories of documents were identified in Defendant's Initial Disclosures. They must show that the information sought by the request is relevant to at least one claim or defense. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5; Fed. R. Civ. P. 26(b)(1). It is not the Court's job to parse the pleadings, attempting to determine in what way, for example, "documents regarding NRA

6

vendor and third-party expenses passed-through or otherwise charged to the NRA" might be relevant to a claim or defense in this action. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

If a party fails in its obligation to make sufficient initial disclosures, that party may eventually face evidence exclusion and even sanctions; this is a different analysis (and takes place at a different stage in the litigation) from the one employed to determine whether documents must be produced in discovery. *See Doe v. Belmont,* 367 F. Supp. 3d 732, 741-44 (M.D. Tenn. 2019) (excluding evidence not included in initial disclosures after applying a five-factor test); *EPAC Techs. v. Thomas Nelson*, *Inc.*, No. 3:12-463, 2018 U.S. Dist. LEXIS 114620, at *14 (M.D. Tenn. May 14, 2018 (assessing cost-shifting as a sanction in part because of failure to include emails in initial disclosures). As previously discussed, the Court has determined that the NRA's Initial Disclosures (at least those that are the subject of this Motion) are sufficient at this point in the litigation. As to Plaintiffs' Motion to Compel, because Plaintiffs have not even attempted to connect the information sought by this request to any party's claim or defense, they have not met their burden. Therefore, the Court need not consider whether production of the requested documents would impose an undue burden on the NRA, whether they are otherwise undiscoverable under the Federal Rules, or whether the discovery sought is proportional to the needs of the case.

### 2. Documents Requested in RFP No. 2 (First Set of Requests)

Plaintiffs also seek documents responsive to RFP No. 2 from Plaintiffs' First Set of Requests for Production of Documents, which states as follows:

> Produce a copy of all solicitations of donations (in letter, e-mail or mailing form) sent by the NRA or any of its agents or employees to persons who donated to the NRA during the period from November 30, 2015 to January 26, 2019.

Docket No. 115-7, p. 5.

The NRA's response was primarily objections: that it does not have possession, custody, or control of responsive documents; that the request is vague, ambiguous, and overbroad; that the request lacks a temporal limitation; that it is unduly burdensome and not proportional; and that personal identifying information of NRA donors is private information protected as a trade secret and potentially by the First Amendment. *Id.* at 6. Subject to these objections, the NRA agreed to produce "generic solicitations of donations to donors – without donor identifying information – during the relevant time period at a mutually agreed upon time and place." *Id.* at 7.

As discussed above, Plaintiffs have the burden to demonstrate the relevance of the information sought to the claims and defenses in this action. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Nevertheless, Plaintiffs again fail to discuss the relevance of the information sought by the RFP No. 2 in either their Motion/Memorandum or their Reply brief. *See* Docket Nos. 115, 119. Because Plaintiffs have failed to meet their burden, the Court need not move on to consideration of whether production of the requested documents would impose an undue burden, whether they are otherwise undiscoverable under the Federal Rules, or whether the discovery sought is proportional to the needs of the case. The NRA appears to have conceded the relevance of "generic solicitations of donations to donors – without donor identifying information – during the relevant time period," and the Court agrees that such documents are relevant to the claims and defenses in this action. Therefore, to the extent that the NRA has not already done so, the Court will order those documents to be produced.

## III. CONCLUSION

Because the NRA has satisfied the requirements of Rule 26(a)(1)(A)(ii) by describing documents by category and location and Plaintiffs have not met their burden to demonstrate the relevance of the information sought by either RFP, Plaintiffs' Motion (Docket No. 115) is DENIED. The NRA must produce generic solicitations of donations to donors – without donor identifying information – during the relevant time period.

**IT IS SO ORDERED.**

_____
**Jeffery S. Frensley**
**United States Magistrate Judge**