**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

DAVID DELL'AQUILA, LORANNDA
BORJA, TODD CHESNEY, and
BRENT WEBER, on behalf of
themselves and all others similarly
situated,

                Plaintiffs,

v.

NATIONAL RIFLE ASSOCIATION OF
AMERICA,


                Defendant.

Case No. 3:19-cv-00679

Judge William L. Campbell, Jr.

Magistrate Jefferey S. Frensley

**<u>DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO FILE THIRD AMENDED
COMPLAINT</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. RELEVANT FACTS .............................................................................................2

III. LEGAL STANDARD ...........................................................................................5

IV. ARGUMENT .......................................................................................................6

    A.      Plaintiffs' Motion is Brought in Bad Faith ............................................6

    B.      Plaintiffs' Proposed Amendment is Futile .............................................9

         1.      Res Judicata .................................................................................9

         2.      Statute of Limitations .................................................................11

         3.      Failure to State a Claim .............................................................13

    C.      Undue Delay and Prejudice ...................................................................15

    D.      Repeated Failure to Cure Deficiencies ..................................................17

V. CONCLUSION ....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asher v. Unarco Material Handling, Inc.*,
596 F.3d 313 (6th Cir. 2010) ..................................................................11

*Baugh v. Novak*,
340 S.W.3d 372 (Tenn. 2011)......................................................8, 13, 14

*Boyd v. Prime Focus*,
Inc., 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001).....................................9

*Bradberry v. John Hancock Mut. Life Ins. Co.*,
222 F.R.D. 568 (W.D. Tenn. 2004) ........................................................16

*In re ClassicStar Mare Lease Litig.*,
727 F.3d 473 (6th Cir. 2013) ..................................................................13

*Duggins v. Steak 'N Shake, Inc.*,
195 F.3d 828 (6th Cir. 1999) ..................................................................15

*Electronic Power Bd. Of Chattanooga v. Monsanto Co.*,
879 F.2d 1368 (6th Cir. 1989) ................................................................11

*Federated Dep't Stores, Inc. v. Moitie*,
452 US 394 (1981)......................................................................................9

*Forman v. Davis*,
371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ..................................9

*Griffith Motors, Inc. v. Parker*,
633 S.W.2d 319 (Tenn. Ct. App. 1982)....................................................14

*Haddad v. Mich. Nat'l Corp.*,
34 Fed. Appx. (6th Cir. 2002)..............................................................9, 10

*Hahn v. Star Bank*,
190 F.3d 708 (6th Cir. 1990) ..................................................................13

*Ham v. Sterling Emergency Svs of the Midwest, Inc.*,
575 Fed.Appx. 610 (6th Cir. 2014).........................................................11

*Hayes v. Burns*,
2013 WL 4501464 (M.D. Tenn. Aug. 22, 2013) ....................................13

*Inge v. Rock Fin. Corp.*,
281 F.3d 613 (6th Cir. 2002) ..................................................................................10

*JZG Res, Inc. v. Shelby Ins.*,
84 F.3d 211 (6th Cir. 1996) ......................................................................................9

*Korn v. Paul Revere Life Ins. Co.*,
382 Fed. Appx. 443 (6th Cir. 2010)..........................................................................5

*Morse v. McWhorter*,
290 F.3d 795 Cir. 2002 ...........................................................................................10

*In re National Rifle Association of America and Sea Girt LLC*,
Case No. 21-30085 (N.D. Tex. Bankruptcy) ............................................................7

*National Rifle Association of America v. Ackerman McQueen et al.*,
Case No. CL19001757 (Alexandria Ct. Ct) ..............................................................7

*National Rifle Association of America v. Ackerman McQueen et al.*,
Case No. CL19002067 (Alexandria Ct. Ct) ..............................................................7

*National Rifle Association v. Ackerman McQueen et al.*,
Case No. 3:19-cv-02074-G (N.D. Tex.) ....................................................................7

*National Waste Associates, LLC v. LifeWay Christian Resources*,
2022 WL 96523 (M.D. Tenn. 2022) ......................................................................5, 6

*Neighborhood Dev. Corp. v. Advisory Counsil on Historic Pres., Dep't of Hous. &
Urban Dev., City of Louisville*,
632 F.2d 21 (6th Cir. 1980) ....................................................................................13

*United States ex rel. Nicholson v. MedCom Carolinas, Inc.*,
42 F.4th 185 (4th Cir. 2022) .....................................................................................6

*People of the State of New York v. National Rifle Association, et al.*,
Index. No. 451625/2020 (N.Y. Sup. Ct.), Dkt. 1 .....................................................6

*Pittman v. Experian Info. Sols., Inc.*,
901 F.3d 619 (6th Cir. 2018) ..................................................................................15

*Rainbow Ridge Resort, LLC v. Branch Banking and Trust Co.*,
525 S.W.3d 252 (Tenn. Ct. App. 2016)...............................................................9, 10

*Riverview Health Institute LLC v. Medical Mutual of Ohio*,
601 F.3d 505 (6th Cir.2010) ....................................................................5, 9, 15, 17

*Roberts v. Vaughn*,
2009 WL 1608981 (Tenn. June 10, 2009) ..........................................................9, 10

*Rose v. Hartford Underwriters Ins. Co.*,
  203 F.3d 417 (6th Cir. 2000) ...............................................................................13

*Rotella v. Wood*,
  528 U.S. 549 (2000)............................................................................................12

*Shaw v. FSGBank, N.A.*,
  2015 WL 5169155 (Tenn. App. 2015)................................................................15

*Siegner v. Twp. of Salem*,
  654 F. App'x 223 (6th Cir. 2016) .......................................................................15

*Troxel Mfg. Co. v. Schwinn Bicycle Co.*,
  489 F.2d 968 (6th Cir.1973) ...........................................................................5, 15

*United States v. Midwest Suspension & Brake*,
  49 F.3d 1197 (6th Cir. 1995) ................................................................................5

*Wilson v. Grumman Ohio Corp.*,
  815 F.2d 26 (6th Cir. 1987) ................................................................................11

## Statutes

18 U.S.C.A. § 1962.................................................................................................14

11 U.S.C. § 362........................................................................................................2

Tenn. Code. Ann. 28-3-105....................................................................................11

## Other Authorities

Rule 9(b) ................................................................................................................13

Rule 12(b) ...........................................................................................................9, 15

Rule 12(b)(6)..........................................................................................................13

Rule 15 ...................................................................................................................10

Rule 15(a)............................................................................................................5, 6

Rule 15(a)(2) ...........................................................................................................5

Rule 15(c)................................................................................................................4

Rule 15(c)(1)(C)......................................................................................................11

Rule 16 ....................................................................................................................6

Rule 16(b) ................................................................................................................................5

Rule 41 ....................................................................................................................................3

Defendant the National Rifle Association of America ("Defendant" or the "NRA"), submits the following Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint (the "Motion").

## I.    INTRODUCTION

This putative class action, originally brought as part of a public relations stunt by lead plaintiff David Dell'Aquila in his campaign to remove Wayne LaPierre as chief executive of the NRA,[1] is four years old. Following two rounds of motion to dismiss briefing, the case consists of a single common law fraud claim against the NRA for alleged misrepresentations regarding the use of donations. Given the individualized nature of the claim, the class has little chance of being certified. Nevertheless, following Plaintiffs' prolonged failure to prosecute and subsequent retention of new counsel, the NRA engaged in good faith discovery for almost a year, at a cost which far outweighs the named Plaintiffs' alleged damages.

Now, with the class certification deadline on the horizon, Plaintiffs seek leave to amend their Second Amended Complaint, adding claims and defendants, *many of which have already been dismissed by the Court*. Although Plaintiffs portray this latest "amendment" as based on recently discovered facts, that suggestion is without merit.

Plaintiffs' request for leave to file its Third Amended Complaint should be denied. The Motion is brought in bad faith—Plaintiffs' "facts" are anything but "newly discovered." The amendment is futile, because the claims Plaintiffs seek to add are precluded, untimely, or fail to state a claim. Plaintiffs are unable to adequately explain the basis for their undue delay in seeking the amendment, which, if granted, would adjourn the class certification deadline and restart the case with three new defendants—prejudicing the NRA greatly. The Motion should be denied.

---

[1] https://www.nytimes.com/2019/07/02/us/nra-donors-wayne-lapierre.html

1

## II. <u>RELEVANT FACTS</u>

On August 6, 2019, an alleged NRA donor, David Dell'Aquila filed a putative class action against the NRA, Wayne LaPierre ("LaPierre"), and the NRA Foundation on behalf of all donors located in the United States, claiming fraud and violations of RICO based on supposed misuse of NRA funds. (Dkt. 1). On October 11, 2019, Dell'Aquila filed his First Amended Complaint. (Dkt. 5). In November and December of 2019, each Defendant moved to dismiss the First Amended Complaint. (Dkts. 20, 32, 35). On January 2, 2020, Dell'Aquila filed a motion for leave to amend the First Amended Complaint, which the court granted. (Dkt. 37, 42). The Second Amended Complaint added three additional Plaintiffs, Lorannda Borja, Todd Chesney, and Brent Weber, all on behalf of the above-described putative class, as well as additional allegations in support of the claims asserted. (Dkt. 37-1).

On February 19, 2020, the NRA, NRA Foundation, and LaPierre each moved to dismiss the Second Amended Complaint for lack of jurisdiction, failure to state a claim, and failure to comply with the heightened pleading required for fraud claims. (Dkts. 46, 48, 50). On September 30, 2020, the Court granted the motions to dismiss filed by LaPierre and the NRA Foundation, and dismissed them as defendants in this case. (Dkt. 64). The Court also granted the NRA's motion to dismiss Plaintiffs' RICO claim, leaving only the fraud claim remaining. (Dkt. 64). The Order dismissing the claims did not designate the dismissal as "without prejudice." (Dkt. 64). Thereafter, the NRA filed its Answer and Affirmative Defenses. (Dkt. 66).

Following initial disclosures and written discovery, on January 15, 2021, the NRA filed a Notice and Suggestion of Bankruptcy in connection with a bankruptcy proceeding in the Northern District of Texas. (Dkt. 69 § E, G; Dkt. 71). On January 19, 2021, the Court so-ordered an automatic stay pursuant to 11 U.S.C. § 362 and directed the Clerk to administratively close the

case. (Dkt. 72). In addition, the Court directed the NRA to file a status update within ten days of the conclusion of the bankruptcy proceedings, after which time Plaintiffs could move to reopen the case. (*Id*). On May 18, 2021, the NRA filed a status report which notified the Court that the bankruptcy proceeding was concluded. (Dkt. 75).

Plaintiffs having failed to prosecute the case for almost a year thereafter (Dkt. 79), the NRA filed a motion to dismiss pursuant to Rule 41 and Local Rule 41.01. (Dkt 78). On May 13, 2022, Plaintiffs' former counsel withdrew. (Dkt. 83). Because Plaintiffs failed to respond to the NRA's motion to dismiss for over two months, the Court issued an order to show cause why the NRA's motion should not be granted and extended Plaintiffs' response deadline to August 17, 2022. (Dkt. 86, 88). One day before the extended deadline, on August 16, 2022, Plaintiffs' current counsel filed a Notice of Appearance. (Dkt. 89). On August 29, 2022, more than fifteen months after the bankruptcy stay lifted, the case was reopened. (Dkt. 95). The parties thereafter proceeded with discovery. (*See, e.g.*, Dkt. 110, 127).

On September 26, 2022, via an Amended Case Management Order, the Court set the deadline for Plaintiffs to move for class certification as March 27, 2023, (Dkt. 103) and later, to allow for the completion of pending discovery, adjourned it to October 20, 2023. (Dkt. 128). In a status report submitted to the Court on May 12, 2023, Plaintiffs conveyed that the filing of a proposed Third Amended Complaint was dependent on "receiving adequate responses from Defendant to their Second Set of Interrogatories," which sought wide-ranging information regarding solicitations, donations, and financial transactions. (Dkt. 127, Palloj Decl. Ex. 1). In response to those eleven interrogatories, many with numerous subparts, the NRA provided

3

information in response to two, all of which information was publicly available.[2] (Palloj Decl. Ex. 1). The NRA objected to the remaining interrogatories on various grounds. (Palloj Decl. Ex. 1). Nevertheless, Plaintiffs filed their Motion for Leave to Amend without seeking to compel responses to any of the remaining interrogatories.

On May 10, 2023, the NRA completed its rolling productions of documents in response to Plaintiffs' discovery requests. (Dkt. 127). Although Plaintiffs represented to the Court that they would complete their document productions by May 26, 2023, (Dkt. 127) Plaintiffs did not do so until June 29, 2023, and gave the NRA notice of same on July 5, 2023. (Palloj Decl. Ex. 2).

Now, almost four years after initiating the lawsuit, and one year after retaining new counsel, Plaintiffs file this Motion for Leave to File Third Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) and Rule 15(c). (Dkt. 131, 132). In addition to the active fraud claim against the NRA, the proposed amendment asserts: (i) previously dismissed fraud claims against the NRA Foundation and LaPierre; (ii) previously dismissed RICO violations against the NRA, the NRA Foundation, and LaPierre; (iii) new RICO claims against a new defendant, Ackerman McQueen, Inc. ("Ackerman"); (iv) and new breach of contract claims against the NRA, the NRA Foundation, and LaPierre. In support of their Motion, Plaintiffs point, without citation, to their allegedly "diligent efforts" and "new material facts" that "were not available to Plaintiffs at the time of filing their Second Amended Complaint" in January 2020. (Mot. at 3). Plaintiffs' Motion should be denied.

---

[2] The NRA provided the total number of dollars donated by named Plaintiffs, the total number of times named Plaintiffs donated, and the total number of donors in the class period. (Palloj Decl. Ex. 1 at 3-4).

4

### III.    <u>LEGAL STANDARD</u>

Rule 15(a)(2) provides that, if a party may no longer amend its pleading as a matter of course, it may amend its pleading "only with opposing counsel's written consent or the court's leave," which leave should be "freely give[n] when justice so requires." "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality."[3] Denial is appropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[4]

However, when a proposed amendment is so late that it would require modification of a scheduling order,[5] Rule 16(b) requires that the modification be made for "good cause shown."[6] "This heightened standard ensures that at some point both the parties and the pleadings will be fixed."[7] Courts assess good cause by looking to movant's diligence, whether movant's explanation is credible, and prejudice to nonmovant.[8]

---

[3] *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citation omitted).

[4] *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 520 (6th Cir.2010) (citing *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *See also, Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973) (affirming denial of motion for leave to amend because a "misconception of law is not an excuse for the late presentation of an alternative theory of recovery" and "prejudice was obvious" where case had been pending for two and half years" and putting defendant through additional discovery "would be manifestly unfair and unduly prejudicial")

[5] The Third Amended Complaint, which adds numerous claims and three defendants who have not yet engaged in discovery, would require a modification of the current scheduling order deadline by which Plaintiffs must move for class certification, October 20, 2023. (Dkts. 103, 128)

[6] *See Korn v. Paul Revere Life Ins. Co*., 382 Fed. Appx. 443, 449-50 (6th Cir. 2010); *National Waste Associates, LLC v. LifeWay Christian Resources,* 2022 WL 96523, at *2 (M.D. Tenn. 2022).

[7] *Id.*

[8] *Id.*

5

Plaintiffs' Motion for Leave to Amend fails to satisfy Rule 15 and Rule 16. The Third Amended Complaint is brought in bad faith, seeks to add claims that are futile, unduly prejudices the NRA with its delay, and fails to cure deficiencies which previously led to dismissal of claims and defendants.[9] Accordingly, the Motion for Leave should be denied.

## IV.   ARGUMENT

### A.   Plaintiffs' Motion is Brought in Bad Faith

A motion that seeks leave to amend in bad faith warrants denial. Plaintiffs argue that "new" facts are alleged in the Third Amended Complaint that were "not available to Plaintiffs at the time of filing their Second Amended Complaint." (Mot. at 3). However, across four categories of "new" information, Plaintiffs fail to cite to facts discovered which they now allege cure defects in the pleading. Where Plaintiffs do identify a "new" allegation, they are not new at all, but instead are recycled from allegations made in the Second Amended Complaint, or based on information that was widely reported long before the Second Amended Complaint (or even the Original Complaint) was filed.

The first "new" source of information is the New York Attorney General's lawsuit against the NRA, filed on August 6, 2020.[10] Plaintiffs allege newly discovered "pass-through" relationships between the NRA and Ackerman, which allegedly facilitated LaPierre's personal and travel expenditures. (Mot. at 5-6). But these facts are not new.[11] The Attorney General's complaint was filed in advance of this Court's determination on the motions to dismiss the Second Amended Complaint in September 2020. Moreover, allegations regarding NRA payments to Ackerman and allegedly improper expenditures by LaPierre, including via Ackerman accounts, were the subject

---

[9] *Id.*

[10] *See People of the State of New York v. National Rifle Association, et al.*, Index. No. 451625/2020 (N.Y. Sup. Ct.), Dkt. 1.

[11]  *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185 (4th Cir. 2022).

6

of highly visible media reporting since at least April and May of 2019[12]—*months prior to the commencement of this lawsuit*. Documents produced by Plaintiffs show their knowledge of this reporting.[13] Indeed, the Second Amended Complaint highlights Plaintiffs' prior knowledge of these allegations: it *specifically alleges* that LaPierre's allegedly improper expenditures were made "through payments made to Ackerman McQueen." (Dkt. 63 at 10).

Second, Plaintiffs point to testimony in the NRA's bankruptcy proceeding in the Northern District of Texas,[14] which took place during the first half of 2021, that "further detailed Defendants' fraudulent scheme," (Mot.at 6) with one witness—a former employee of the NRA—that asserted his Fifth Amendment privilege against self-incrimination. (Mot. at 6). Plaintiffs fail to link the assertion of that privilege by a former employee to any new factual assertion in their Third Amended Complaint.

Third, the Motion references the litigation between the NRA and Ackerman, which began in April 2019,[15] four months prior to Plaintiff Dell'Aquila's filing of the Original Complaint in this matter. Plaintiffs' citations to unspecified "depositions" that "revealed or confirmed newly discovered facts about the fraudulent scheme" do not substantiate their assertion that anything in

---

[12]    https://www.wsj.com/articles/nras-wayne-lapierre-says-he-is-being-extorted-pressured-to-resign-11556314763?mod=searchresults&page=1&pos=3&mod=article_inline; https://www.cnn.com/2019/05/23/politics/nra-lawsuit-ackerman/index.html; https://www.nytimes.com/2019/05/23/us/nra-ackerman-mcqueen-lawsuit.html; https://www.wsj.com/articles/leaked-letters-reveal-details-of-nra-chiefs-alleged-spending-11557597601;    https://www.vox.com/2019/4/30/18510946/nra-finances-lapierre-north-accusations-corruption

[13] Palloj Decl.  Ex. 3.

[14] *See In re National Rifle Association of America and Sea Girt LLC*, Case No. 21-30085 (N.D. Tex. Bankruptcy).

[15] *See National Rifle Association v. Ackerman McQueen et al.*, Case No. 3:19-cv-02074-G (N.D. Tex.); *National Rifle Association of America v. Ackerman McQueen et al.*, Case No. CL19001757 (Alexandria Ct. Ct); *National Rifle Association of America v. Ackerman McQueen et al.*, Case No. CL19002067 (Alexandria Ct. Ct).

7

the Third Amended Complaint is "new." The two more precise allegations—that an Ackerman employee stated that the NRA's outside counsel warned Ackerman employees that the company committed RICO violations and that LaPierre stated that money was transferred from the NRA Foundation to the NRA—fare no better. As to the former, allegations regarding Ackerman's culpability have been circulating publicly since 2018.[16] As to the latter, the purpose of the NRA Foundation has always been to lawfully support the NRA—it is no secret.[17] Plaintiffs fail to show that they relied on any "new" facts derived from the NRA's litigation with Ackerman to cure their defective pleading.

Fourth, Plaintiffs point to three "solicitations" produced by the NRA in 2023 as "newly discovered facts." (Mot. at 8). However, these generic, unaddressed communications are not even alleged to have been relied on by the named Plaintiffs in this case.[18] (Dkt. 132 ¶¶ 30-32). As such, they cannot serve as the basis for the claims asserted by the named Plaintiffs.[19] In addition, the *newly-alleged communications* are like the *previously-alleged solicitations* attributed to the NRA, <u>and are not actionable representations regarding the use of donors' funds</u>. (*Id.*). Thus, the three alleged communications pulled from the NRA's document production add nothing to cure deficiencies in the operative complaint.[20] Plaintiffs' use of these documents is merely pretextual.[21]

---

[16] *See* supra, Sect. A1 and B.

[17] https://www.nrafoundation.org/about-us/#:~:text=(%E2%80%9CNRA%20Foundation%E2%80%9D)%20is,of%20all%20law%2Dabiding%20Americans

[18] Of course, if they were relied upon by Plaintiffs, then they cannot claim to be newly discovered.

[19] *See Baugh v. Novak*, 340 S.W.3d 372, 388 (Tenn. 2011).

[20] Other "new" representations added to the complaint are quotes from the NRA and NRA Foundation's websites, which Plaintiffs allege have been continually published online for years. (Dkt. 132 ¶¶ 16, 20-21, 23, 38-42).

[21] This is not the first time that Plaintiffs have attempted to mislead the Court with respect to "new" facts" on which Plaintiffs supposedly rely in seeking leave to amend. In a status report to the Court regarding discovery, Plaintiffs specifically referenced pending interrogatory responses that were

Plaintiffs' purported basis for seeking leave to amend—the discovery of new facts—is simply not true. Far from "good cause shown," such repeated and brazen attempts to mislead the Court are improper and favor denial of the relief Plaintiffs seek.[22]

## B. Plaintiffs' Proposed Amendment is Futile

A motion for leave to amend may be denied where the claims that a plaintiff seeks to add are futile.[23] A claim is futile when it is likely to be dismissed on a motion pursuant to Rule 12(b).[24] If Plaintiffs are allowed to amend, the newly added claims are likely to face dismissal.

### 1. Res Judicata

The Third Amended Complaint asserts claims that are barred by *res judicata*. A final adjudication on the merits bars claims as to every matter actually litigated, as well as every theory of recovery that could have been presented.[25] Unless a court specifies otherwise (such as designating an order "without prejudice"),[26] a dismissal for failure to state a claim is considered to be a final adjudication on the merits for purposes of *res judicata*.[27] Such a determination becomes final when a party fails to appeal it.[28] The barred claim includes all remedies against the

---

supposedly required in order to complete the Third Amended Complaint. (Dkt. 127). The NRA objected to providing the vast majority of the information requested—and responded with information that was publicly available—but Plaintiffs failed to move to compel further responses prior to submitting their Motion. (Palloj Decl. Ex. 1).

[22] *See Foman v. Davis*, 371 U.S. 178, 182 (1962)

[23] *See Foman*, 371 U.S. at 182; *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

[24] *Id*.

[25] *See JZG Res, Inc. v. Shelby Ins*., 84 F.3d 211, 214 (6th Cir. 1996); see also *Roberts v. Vaughn*, 2009 WL 1608981, at *5 (Tenn. June 10, 2009).

[26] *See Haddad v. Mich. Nat'l Corp*., 34 Fed. Appx., 217, 218 (6th Cir. 2002); *Boyd v. Prime Focus*, Inc., 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001).

[27] *See Federated Dep't Stores, Inc. v. Moitie*, 452 US 394, 399, n. 3 (1981); *Boyd*, 83 S.W.3d at 766.

[28] *See Rainbow Ridge Resort, LLC v. Branch Banking and Trust Co*., 525 S.W.3d 252, 259 (Tenn. Ct. App. 2016) (affirming dismissal based on res judicata).

9

defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose.[29]

In the Second Amended Complaint, Plaintiffs assert claims for fraud and RICO violations premised on allegedly improper expenditures, which includes payments from the NRA Foundation and/or the NRA to Ackerman, with expenditures benefiting LaPierre. (Dkt. 43 ¶¶ 49, 74, 93). In its Decision and Order, dated September 30, 2020, the Court dismissed the fraud and RICO claims against the NRA Foundation and LaPierre. (Dkts. 63, 64). The dismissals were with prejudice to refile.[30] (Dkts. 63, 64). Plaintiffs did not appeal those dismissals.

The Third Amended Complaint reasserts these same fraud and RICO claims against the NRA Foundation and LaPierre.[31] Although the Third Amended Complaint adds some additional allegations regarding, for example, expenditures, the claims are based on "essentially the same facts"[32]—that the NRA Foundation and the NRA improperly made payments to Ackerman which were then used to fund LaPierre's personal expenditures—as the claims the Court dismissed three years ago. (Dkt. ¶¶ 7, 53-67, 76-77). *Res judicata* bars Plaintiffs' claims arising from that same series of transactions.

---

[29] *See Roberts*, 2009 WL 1608981, at *5.

[30] *See Haddad*, 34 Fed. Appx. at 218.

[31] Plaintiffs' cases in support of amending their RICO claims are distinguishable. *Morse v. McWhorter*, 290 F.3d 795, 801 6th Cir. 2002) involved a motion to alter a judgment the court explicitly found no showing of bad faith, no undue prejudice, and no facial defect on the proposed pleading. Here, Plaintiffs have not sought to alter or even appeal the court's dismissal of their claims, and the proposed pleading suffers from the full panoply of issues mandating denial of a motion to amend pursuant to Rule 15. In *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002), the court emphasized the plaintiff's diligent efforts to correct deficiencies "as opposed to an effort to add new claims or parties"—here, by contrast Plaintiffs seek to add numerous new claims and defendants to an already four year old lawsuit, and ultimately, the Court denied motion for leave to amend.

[32] *Rainbow Ridge*, 525 S.W.3d at 264 (affirming dismissal based on res judicata).

10

## 2.    <u>Statute of Limitations</u>

Given the obvious delay in bringing the Motion, Plaintiffs seek leave to amend pursuant to Rule 15(c)(1)(C), in an attempt to avoid being time barred. Rule 15(c)(1)(C) provides that, if a plaintiff seeks to change the party or the naming of the party against whom a claim is asserted, an amendment to a pleading relates back to the date of the original pleading, but only when certain criteria are satisfied. However, it is well-settled in the 6th Circuit that an amendment adding "claims against *additional* parties do[es] not relate back"[33] and instead "establishes a new and independent cause of action which cannot be maintained when the statute has run."[34]

The Third Amended Complaint asserts numerous claims against new parties that do not relate back in time to the original pleading. Those claims are, therefore, barred by their statutes of limitation.[35]

### a.    <u>Fraud against NRA Foundation and LaPierre</u>

Plaintiffs assert common law fraud claims against the NRA Foundation and LaPierre. In a federal action under diversity jurisdiction, courts apply the statute of limitations of the forum state.[36] In Tennessee, fraud is governed by a three-year statute of limitations from the date of the injury, or when the injury should have been discovered.[37]

---

[33] *Ham v. Sterling Emergency Svs of the Midwest, Inc*., 575 Fed.Appx. 610, 615 (6th Cir. 2014).

[34] *Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010) (quoting *United States ex. Rel. Statham Instruments, Inc. v. Western Cas. & Surety Co*., 359 F.2d 521, 523 (6th Cir. 1966)).

[35] To the extent Plaintiffs argue that LaPierre and the NRA Foundation were previously parties to the case and therefore need not satisfy the statute of limitations via this amendment, they are incorrect. When a defendant is dismissed from a case, barring a rule or statute to the contrary, the statute of limitations continues to run as though the prior claims were never filed. *Wilson v. Grumman Ohio Corp*., 815 F.2d 26, 27-29 (6th Cir. 1987).

[36] *See Electronic Power Bd. Of Chattanooga v. Monsanto Co*., 879 F.2d 1368, at 1375 (6th Cir. 1989)

[37] Tenn. Code. Ann. 28-3-105.

Although Plaintiffs were aware of allegations underlying their claims much earlier, the Original Complaint, filed on August 6, 2019, asserted fraud claims against the NRA Foundation and LaPierre that serve as the basis for the same underlying conduct alleged in the Third Amended Complaint. Plaintiffs' fraud claims against the NRA Foundation and LaPierre were therefore due August 6, 2022 and are time-barred.

### b.      RICO violations and conspiracy against Ackerman and LaPierre

Plaintiffs assert RICO violations and conspiracy against Ackerman and LaPierre. RICO's statute of limitations is four years from the date of injury or discovery.[38] In the Motion, without citation to any affidavits or other facts, Plaintiffs state that they did not learn about the alleged "pass-through arrangement" between Ackerman and the NRA until the New York Attorney General's complaint was filed in August 2020. (Mot. at 12). However, the Second Amended Complaint, filed in January 2020, alleges a pass-through arrangement (Dkt. 63 at 10). Moreover, media reporting from as early as April and May of 2019 alleged the core conduct undergirding Plaintiff's "new" theory, including significant and allegedly improper payments from the NRA to Ackerman, descriptions of close relationships between Ackerman and LaPierre, as well as many of the very same expenditures that Plaintiffs allege Ackerman made for LaPierre's benefit.[39] Documents produced by Plaintiffs show contemporaneous knowledge of that reporting.[40] As a result, Plaintiffs' statute of limitations expired, at the latest, in May 2023. The RICO claims against Ackerman and LaPierre are time-barred.

---

[38] *See Rotella v. Wood*, 528 U.S. 549 (2000).
[39] *See, e.g,* https://www.nytimes.com/2019/05/22/us/nra-ackerman-mcqueen.html ("Mr. LaPierre billed $275,000 for purchases at the Zegna luxury men's wear boutique in Beverly Hills, and $267,000 on personal expenses, including air and limousine travel to the Bahamas, Florida, Nevada, Budapest and an Italian lake resort."); https://www.vox.com/2019/4/30/18510946/nra-finances-lapierre-north-accusations-corruption
[40] *See*, supra Sect. A1, n 6-7.

12

### c.     <u>RICO violations and conspiracy against NRA</u>

Because Plaintiffs' fraud and RICO claims against the NRA Foundation, Ackerman, and LaPierre, are time-barred, Plaintiffs cannot prove a RICO enterprise, as they must, to establish a RICO claim against the NRA.[41] (Dkt. 63 at 15). As such, the RICO claim against the NRA is futile.

### 3.     <u>Failure to State a Claim</u>

The Third Amended Complaint asserts numerous causes of action which fail to state a claim upon which relief can be granted.[42] The following are among the obvious defects that render Plaintiffs' proposed amendment futile:

- The sufficiency of Plaintiffs' fraud and RICO claims hinges on whether the communications that Plaintiffs allege they relied on in making donations to the NRA are actionable representations. None of the communications cited by Plaintiffs are representations that can serve as the basis for such claims.

    o Plaintiffs fail to allege the circumstances constituting fraud with sufficient particularity or intent pursuant to Rule 9(b).[43]

    o Plaintiffs fail to allege falsity, because the communications make no promises as to how the donations will be spent.[44]

---

[41] *See In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 490 (6th Cir. 2013).

[42] Courts find a proposed amendment futile when it fails to state a claim for which relief can be granted. *See, e.g., Neighborhood Dev. Corp. v. Advisory Counsil on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss."); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss"). *See Hahn v. Star Bank*, 190 F.3d 708, 720 (6th Cir. 1990) (denying a motion to amend for failing to allege the necessary elements of the claim).

[43] *See Hayes v. Burns*, 2013 WL 4501464, at *5 (M.D. Tenn. Aug. 22, 2013); *see* Dkt. 132 ¶¶ 15-43.

[44] *See Baugh v. Novak*, 340 S.W.3d 372, 388 (Tenn. 2011); *see,* Dkt. 132 ¶¶ 15-43.

13

o Plaintiffs fail to allege reasonable reliance, and many of the communications are not even alleged to have been relied upon by named Plaintiffs.[45] Indeed, the Court already dismissed claims premised on the same communications against the NRA Foundation and LaPierre based in part on the foregoing considerations, and also noted that certain communications allegedly attributable to the NRA make no representations regarding the use of donations. (Dkt. 63).

- Lapierre's alleged misconduct is not imputed to the NRA.[46] The Third Amended Complaint alleges that LaPierre employed the apparatus of the NRA Foundation and the NRA to make outsized payments to Ackerman through which he ultimately enriched himself and his family. (Dkt. 132 ¶¶ 51-78). However, Plaintiffs do not allege that anybody at the NRA besides LaPierre knew about or perpetrated this alleged scheme, nor do Plaintiffs allege that the NRA itself was enriched as result of it.[47] The adverse interest exception to imputation applies, alleviating the NRA of any wrongdoing—and in fact making the NRA the victim.[48] For these same reasons, the RICO conspiracy claim against the NRA fails because Plaintiffs do not allege the existence of an agreement to participate in a RICO enterprise by the NRA.[49]

---

[45] *See Baugh*, 340 S.W. 3d at 388; *see,* Dkt. 132 ¶¶ 14-43,44-50.
[46] *See Griffith Motors, Inc. v. Parker*, 633 S.W.2d 319, 322 (Tenn. Ct. App. 1982).
[47] Indeed, the New York Attorney General's suit, upon which Plaintiffs rely, does not seek any money damages from the NRA. In fact, in its Second Amended Verified Complaint, dated May 2, 2022, the New York Attorney General seeks monetary damages for – not from – the NRA. *See* Dkt. 646 at p. 174-176 (Prayer for Relief), Index. No. 451625/2020 (N.Y. Sup. Ct.).
[48] *Id*.
[49] *See* 18 U.S.C.A. § 1962.

14

- Plaintiffs' breach of contract claims against the NRA, NRA Foundation, and LaPierre fail to allege in more than conclusory fashion the elements of a breach of contract.[50] Noticeably missing from the complaint are allegations regarding the existence of a valid contract.[51]

Because the Third Amended Complaint asserts claims that are likely to be dismissed pursuant to Rule 12(b), Plaintiffs' proposed amendment is futile. The Motion should be denied.

## C.    Undue Delay and Prejudice

Leave to amend may be denied when there is undue delay and the opposing party will suffer undue prejudice.[52] "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."[53]

The Third Amended Complaint comes nearly four years after the initiation of this lawsuit. As shown above, the primary ground for Plaintiffs' amendment at this late date—the discovery of "new facts"—is baseless. In truth, the Third Amended Complaint recycles stale allegations that Plaintiffs have known for years—in many cases even prior to this lawsuit's commencement. At best, the amendment repackages allegations already made in the three-and-a-half-year-old Second Amended Complaint, in a failed attempt to revive previously dismissed claims.[54] Importantly,

---

[50] *See Shaw v. FSGBank, N.A.*, 2015 WL 5169155, at *6 (Tenn. App. 2015).
[51] *Id*.
[52] *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010); *See also*, *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973) (affirming denial of motion for leave to amend because a "misconception of law is not an excuse for the late presentation of an alternative theory of recovery" and "prejudice was obvious" where case had been pending for two and half years" and putting defendant through additional discovery "would be manifestly unfair and unduly prejudicial")
[53] *See also Siegner v. Twp. of Salem,* 654 F. App'x 223, 228–29 (6th Cir. 2016) (affirming denial of motion for leave to amend where plaintiff was long aware of the basis for the claim to be amended and discovery was complete); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (same); *Pittman v. Experian Info. Sols., Inc.,* 901 F.3d 619, 641 (6th Cir. 2018) (same).
[54] *See*, supra Sect. A1 and B.

15

Plaintiffs' delay in bringing its fraud claims against LaPierre and the NRA Foundation and RICO claims against LaPierre and Ackerman resulted in those claims being time-barred.

Plaintiffs cannot escape the undue delay of their proposed amendment. Failure to acquire replacement counsel for over a year is unsurprising, given the lack of viability of Plaintiffs' claims and the dim prospects of obtaining class certification. In any event, Plaintiffs' new counsel, who did press interviews on behalf of Plaintiffs since prior to filing his Notice of Appearance,[55] has represented Plaintiffs in this matter for approximately a full year. The Third Amended Complaint relies on information and theories of recovery that were available to Plaintiffs' new counsel as of the date they began the representation (and to Plaintiffs long before). Moreover, in the subsequent year, the discovery cited by Plaintiffs—generic solicitations which Plaintiffs do not claim to have relied upon in making donations—does not form the basis for fraud or RICO violations based on same, and so does not remedy any defect in the operative pleading.

Allowing Plaintiffs' amendment would unduly prejudice the NRA. Beginning in November 2020, and again over the past year, the NRA has engaged in extensive discovery, consuming the very resources Plaintiffs claim they want to protect.[56] Allowing Plaintiffs to amend their complaint yet again will mandate a *complete restart of the proceeding*, involving *three new defendants who have not engaged in discovery in any form.* The imminent class certification deadline will need to be adjourned substantially, allowing Plaintiffs to continue to operate using the smokescreen of a putative class action that, in all likelihood, will not be certified.[57] Despite the

---

[55] https://news.bloomberglaw.com/business-and-practice/how-suspended-lawyer-derailed-a-1-billion-claim-against-the-nra

[56] In recent months, both sides completed their productions of documents, and the deadline by which Plaintiffs must move to certify the class, now adjourned to its third deadline, is fast-approaching. (Dkt. 103); Palloj Decl. Ex. 2).

[57] *See Bradberry v. John Hancock Mut. Life Ins. Co.*, 222 F.R.D. 568, 571–72 (W.D. Tenn. 2004) (common law fraud cases are "generally unsuited for class certification").

16

fact that Plaintiffs' fraud and RICO claims against the new defendants are time-barred, the NRA will be prejudiced by having to engage in costly litigation (e.g., claims for contribution) with defendants who, for years, have not been parties in this suit.

Already objectively substantial, these additional burdens on the NRA are put into stark relief in light of the disproportionately minor damages claimed by named Plaintiffs. Indeed, even accepting Plaintiffs' allegations as true, the damages they seek from the NRA total approximately $20,000. (Dkt. 132, ¶ 46-49). Forcing the NRA to bear ever-greater financial burdens, and continued uncertainty regarding resolution of this lawsuit, is unacceptable in light of Plaintiffs' unjustifiably dilatory amendment. The excessive and unexplained delay, coupled with prejudice to the NRA, dictates a denial of Plaintiffs' Motion.

## D. Repeated Failure to Cure Deficiencies

A repeated failure to cure deficiencies in a pleading may serve as the basis to deny a motion for leave to amend.[58]

Plaintiff Dell'Aquila initiated this case via a complaint in August 2019. (Dkt. 1). Because service on defendants was delayed, Dell'Aquila was permitted to amend without leave of court, and did so on October 11, 2019. (Dkt. 5). All three then-defendants filed motions to dismiss based on the deficient pleading. (Dkts. 46, 48, 50). In response, in January 2020, Dell'Aquila moved for leave to amend the First Amended Complaint. (Dkt. 37, 42). Citing the early stage of the case, that Dell'Aquila's counsel had only recently entered his appearance, and lack of opposition, the Court granted the motion for leave to file the First Amended Complaint. (Dkt. 37, 42). However, the Second Amended Complaint filed by Plaintiffs remained deficient, and the Court dismissed all

---

[58] *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).

claims except a single fraud claim against the NRA. (Dkt. 64).[59] Plaintiffs' newest attempt to salvage their pleading, based on recycled and stale allegations, is just another failure to cure the deficiencies to plead their baseless claims.

Plaintiffs' repeated failure to cure the deficiencies in its complaints, and their proposal to file deficient allegations yet again, weighs in favor of denial of the motion for leave to amend.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint should be denied.

Date: July 25, 2023

By:  */s/ William A. Brewer*
William A. Brewer (admitted *pro hac vice*)
Malvina Palloj (admitted *pro hac vice*)
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Ave, Floor 14s
New York, NY 10013
Phone:  212-489-1400
Email: wbb@brewerattorneys.com
Email: mpalloj@brewerattorneys.com
*Attorneys for Defendant*

Wallace A. McDonald
BPR No. 016210
LACY, PRICE & WAGNER, P.C.
249 N. Peters Rd.
Suite 101
Knoxville, TN 37923
Phone:  865-246-0800
Email: amcdonald@lpwpc.com
*Attorneys for Defendant*

---

[59] Notably, the Court wrote that "many of the statements cited by Plaintiffs do not make any representations regarding the use of donor funds." (Dkt. 63 at 13).

18

## <u>CERTIFICATE OF SERVICE</u>

I, William A. Brewer, hereby certify that I caused a true and exact copy of the foregoing

to be electronically filed with the Clerk of the Court on July 25, 2023, using the CM/ECF system,

which will send notification to all counsel of record as listed below.

John R. Wingo, Esq.
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Email: john.wingo@stites.com

Thomas M. Hanson
Michael Kanovitz
Jonathan I. Loevy
Jordan Cosby Poole
Julia Rickert
Heather Elizabeth Sticht
Loevy & Loevy
311 N Aberdeen Street
Third Floor
Chicago, IL 60607
Email: hanson@loevy.com
Email: mike@loevy.com
Email: jon@loevy.com
Email: poole@loevy.com
Email: julia@loevy.com
Email: sticht@loevy.com

Elizabeth C. Wang
Loevy & Loevy
2060 Broadway
Suite 460
Boulder, CO 80302
Email: elizabethw@loevy.com

Wallace Allen McDonald, Esq.
Lacy, Price & Wagner, P.C.
249 North Peters Rd.
Suite 101
Knoxville, TN 37923
Email: amcdonald@lpwpc.com

Malvina Palloj

19

Brewer, Attorneys & Counselors
750 Lexington Ave.
14th Floor
New York, NY 10022
Email: mpalloj@brewerattorneys.com


Dated: July 25, 2023                              Respectfully submitted,

                                                  /s/ William A. Brewer
                                                  William A. Brewer