**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

DAVID DELL'AQUILA, LORANNDA
BORJA, TODD CHESNEY, and
BRENT WEBER, on behalf of
themselves and all others similarly
situated,

               Plaintiffs,

v.

NATIONAL RIFLE ASSOCIATION OF
AMERICA,

               Defendant.

Case No. 3:19-cv-00679

Judge William L. Campbell, Jr.

Magistrate Jefferey S. Frensley

## <u>DECLARATION OF MALVINA PALLOJ</u>

I, Malvina Palloj affirm the following:

     1.     I am an Associate at the firm of Brewer Attorney & Counselors, counsel for

Defendant, the National Rifle Association of America ("Defendant" or "NRA"), in the above-

captioned action. I submit this Affirmation in support of Defendant's Memorandum of Law in

Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint (the "Motion"). I am

familiar with the facts and circumstances of this action, the source of my knowledge being my

personal knowledge and the files maintained by the law firm.

     2.     Attached hereto as Exhibit 1 is a true and correct copy of Defendant NRA's

Responses and Objections to Plaintiffs' Second Set of Interrogatories, dated May 18, 2023.

     3.     Attached hereto as Exhibit 2 is a true and correct copy of an email chain between

Plaintiffs' counsel to Defendant's counsel.

     4.     Attached hereto as Exhibit 3 are documents produced by Plaintiffs bearing the

Bates numbers DELL'AQUILA00000580, DELL'AQUILA00001781.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 25, 2023

*/s/ Malvina Palloj*
Malvina Palloj

## CERTIFICATE OF SERVICE

I, William A. Brewer, hereby certify that I caused a true and exact copy of the foregoing to be

electronically filed with the Clerk of the Court on July 25, 2023, using the CM/ECF system, which

will send notification to all counsel of record as listed below.

John R. Wingo, Esq.
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Email: john.wingo@stites.com

Thomas M. Hanson
Michael Kanovitz
Jonathan I. Loevy
Jordan Cosby Poole
Julia Rickert
Heather Elizabeth Sticht
Loevy & Loevy
311 N Aberdeen Street
Third Floor
Chicago, IL 60607
Email: hanson@loevy.com
Email: mike@loevy.com
Email: jon@loevy.com
Email: poole@loevy.com
Email: julia@loevy.com
Email: sticht@loevy.com

Elizabeth C. Wang
Loevy & Loevy
2060 Broadway
Suite 460
Boulder, CO 80302
Email: elizabethw@loevy.com

Wallace Allen McDonald, Esq.
Lacy, Price & Wagner, P.C.
249 North Peters Rd.
Suite 101
Knoxville, TN 37923
Email: amcdonald@lpwpc.com

3

Malvina Palloj
Brewer, Attorneys & Counselors
750 Lexington Ave.
14th Floor
New York, NY 10022
Email: mpalloj@brewerattorneys.com

Dated: July 25, 2023                    Respectfully submitted,

                                        */s/ William A. Brewer*
                                        William A. Brewer

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DAVID DELL'AQUILA, LORANNDA | ) | |
| BORJA, TODD CHESNEY, and BRENT | ) | |
| WEBER, on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No: 3:19-cv-00679 |
| - against - | ) | Judge William L. Campbell Jr. |
| | ) | |
| NATIONAL RIFLE ASSOCIATION | ) | Magistrate Judge Chip Frensley |
| OF AMERICA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT NRA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Middle District of Tennessee, Defendant the National Rifle Association of America (the "NRA" or "Defendant") serves its Responses and Objections to Plaintiffs, David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber, on behalf of themselves and all other similarly situated (collectively "Plaintiffs") Second Set of Interrogatories to Defendant (the "Interrogatories"), as follows:

## I.

## GENERAL OBJECTIONS

1.    The NRA objects to these Interrogatories to the extent they seek to impose obligations greater than those authorized by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable laws, rulings, or pronouncements of this Court.

2.    Pursuant to Federal Rule of Civil Procedure 26, the NRA objects to these Interrogatories to the extent they subject the NRA to unreasonable burdens and expenses including

but not limited to, the burden and expense of collecting and distilling information that is not proportional to the needs of the case and has little or no relevance to Plaintiffs' claims or Defendant's defenses.

3.      The NRA objects to these Interrogatories to the extent they are overly broad or seek information that is not relevant.

4.      The NRA objects to these Interrogatories to the extent they seek disclosure of documents that contain proprietary or confidential information or trade secrets.

5.      The NRA objects to these Interrogatories to the extent they seek information not in the NRA's possession, custody, or control, or requires the NRA to make unreasonable inquiries of persons or other entities.

6.      The NRA objects to these Interrogatories to the extent they seek information that violates the right of privacy guaranteed by law to the NRA and/or third parties.

7.      The NRA objects to these Interrogatories to the extent they seek information or documents which are privileged, exempt, or protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common law privilege, prohibition, limitation, immunity, or exemption from discovery.  Nothing contained in this response is intended to be, or should in any way be deemed as, a waiver of the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, prohibition, limitation, or exemption. The NRA's responses to these Interrogatories, or the production of any document in response to these Interrogatories shall not be deemed or construed as, a waiver of any privilege, right, or objection on the part of the NRA with respect to any such document or information.

8.      These responses reflect the NRA's current knowledge, information, and belief.  The NRA reserves the right to change, modify, amend, or supplement these responses as warranted based upon, among other things, discovery of additional facts and materials and other developments or proceedings in this action.

9.      In providing these responses, the NRA reserves and does not waive: (a) any objections as to the vagueness, ambiguity, or other infirmity in the form of these Interrogatories and any objections based on the undue burden imposed by these Interrogatories; (b) any rights to object on any grounds to the use of any of this response, or its subject matter, in any subsequent proceeding; (c) any rights to object on any ground to any further discovery requests involving or relating to the subject matter of these Interrogatories.

The foregoing General Objections are incorporated into the NRA's responses to the Interrogatories below. The inclusion of a specific objection or response shall not be construed as a waiver of the General Objections.

## II.

## SPECIFIC OBJECTIONS AND RESPONSE

## INTERROGATORY NO. 1:

Identify the number of donors and the number of unique donations each donor made to the NRA from November 30, 2015 to January 26, 2019.

## RESPONSE NO. 1:

Defendant objects to this interrogatory as overbroad unduly burdensome. The NRA objects to this interrogatory because it seeks information that is not discoverable prior to certification of a class to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The NRA further

**DEFENDANT NRA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

objects to this interrogatory because it seeks to impose discovery obligations which are not proportional the needs of the case to the extent it seeks "the number of unique donations each donor made."

Subject to the foregoing General and Specific Objections, the NRA states as follows: 5,287,138 is the total number of donors during the relevant time period and 28 is the total number of donations from Plaintiffs during the relevant time period.

## INTERROGATORY NO. 2:

Identify the number of donors and the number of unique donations each donor made to the NRA Foundation from November 30, 2015 to January 26, 2019.

## RESPONSE NO. 2:

Defendant objects to this interrogatory because the NRA Foundation is a non-party in this action. Defendant objects to this interrogatory because it seeks information irrelevant to the remaining claim against the NRA. Further, the NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The NRA further objects to this interrogatory because it is unduly burdensome and not proportional the needs of the case to the extent it seeks "the number of unique donations each donor made."

## INTERROGATORY NO. 3:

Identify, in dollars, the total amount of donations received by the NRA from November 30, 2015 to January 26, 2019.

## RESPONSE NO. 3:

DEFENDANT NRA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant objects to this interrogatory because it is overbroad. The NRA objects to this interrogatory because it seeks information that is not discoverable prior to certification to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020).

Subject to the foregoing General and Specific Objections, the NRA states as follows: $20,178.50 is the total amount of donations from Plaintiffs during the relevant time period.

## INTERROGATORY NO. 4:

Identify, in dollars, the total amount of donations received by the NRA Foundation from November 30, 2015 to January 26, 2019.

## RESPONSE NO. 4:

Defendant objects to this interrogatory because the NRA Foundation is a non-party in this action. Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim against the NRA. Further, the NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020).

## INTERROGATORY NO. 5:

Identify the number of times a donation was made to the NRA from November 30, 2015 to January 26, 2019:
– via the webpage: donate.nra.org/donate;
– by clicking a link embedded in an email;
– by mailing through the United States mails;
– at a live event; or
– by some other means.
Please further break these down into donations made by credit card, by an electronic bank payment (wire or ACH), by cryptocurrency payment, by check, or by cash. Please also identify if any of the donations were made in kind for property or services.

## RESPONSE NO. 5:

DEFENDANT NRA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant objects to this interrogatory because it seeks information not relevant to the remaining fraud claim. The NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The interrogatory is also unduly burdensome and not proportional to the needs of the case. Finally, the NRA objects to this interrogatory because it contains numerous subparts, which "shall be counted as additional questions for purposes of the overall number," and is therefore, in violation of Local Rule 33.01(b).

## INTERROGATORY NO. 6:

Identify the number of times a donation was made to the NRA Foundation from November 30, 2015 to January 26, 2019:
– via the webpage: donate.nra.org/donate;
– by clicking a link embedded in an email;
– by mailing through the United States mails;
– at a live event; or
– by some other means.
Please further break these down into donations made by credit card, by an electronic bank payment (wire or ACH), by cryptocurrency payment, by check, or by cash. Please also identify if any of the donations were made in kind for property or services.

## RESPONSE NO. 6:

Defendant objects to this interrogatory because the NRA Foundation is a non-party in this action. Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim against the NRA. Further, the NRA objects to this interrogatory because it seeks information that is not discoverable prior to certification to the extent it seeks information unrelated to the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this interrogatory because it seeks information to the extent it seeks information not the NRA's possession, custody, or control. The interrogatory is also unduly

burdensome and not proportional to the needs of the case, as it seeks information that is not likely to outweigh the great burden it imposes. Finally, the NRA objects to this interrogatory because it contains numerous subparts, which "shall be counted as additional questions for purposes of the overall number," and is therefore, given Plaintiffs' other interrogatories, in violation of Local Rule 33.01(b).

## INTERROGATORY NO. 7:

Identify by category the methods the NRA used to solicit donations from November 30, 2015 to January 26, 2019, including, but not limited to, through NRA website, by email, by the United States mails, and at live events. Please also identify the number of each type of solicitation made by the NRA during that same period.

## RESPONSE NO. 7:

Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim. The NRA objects to this interrogatory because it seeks information that is not discoverable prior to certification to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The interrogatory is vague and ambiguous to the extent it the interrogatory is vague and ambiguous to the extent it seeks information regarding "the methods the NRA used to solicit donations." The interrogatory is also unduly burdensome to the extent it requires the NRA to identify "the number of each type of solicitation made by the NRA." It is not proportional to the needs of the case, as it seeks information that is not likely to outweigh the great burden it imposes. Finally, the NRA objects to this interrogatory because it contains numerous subparts, which "shall be counted as additional questions for purposes of the overall number," and is therefore, given Plaintiffs' other interrogatories, in violation of Local Rule 33.01(b).

**INTERROGATORY NO. 8:**

Identify by category the methods the NRA used to solicit donations from November 30, 2015 to January 26, 2019, including, but not limited to, through the NRA Foundation website, by email, by the United States mails, and at live events. Please also identify the number of each type of solicitation made by the NRA during that same period.

**RESPONSE NO. 8:**

Defendant objects to this interrogatory because the NRA Foundation is a non-party in this action. Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim against the NRA. Further, the NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this interrogatory because it seeks information to the extent it seeks information not the NRA's possession, custody, or control. The interrogatory is also unduly burdensome to the extent it requires the NRA to identify "the number of each type of solicitation." It is not proportional to the needs of the case, as it seeks information that is not likely to outweigh the great burden it imposes. The interrogatory is vague and ambiguous to the extent it the interrogatory is vague and ambiguous to the extent it seeks information regarding "the methods the NRA used to solicit donations." Finally, the NRA objects to this interrogatory because it contains numerous subparts, which "shall be counted as additional questions for purposes of the overall number," and is therefore, given Plaintiffs' other interrogatories, in violation of Local Rule 33.01(b).

**INTERROGATORY NO. 9:**

Describe any and all ways the NRA and NRA Foundation identified potential donors and obtained their contact information.

**RESPONSE NO. 9:**

Defendant objects to this interrogatory because the NRA Foundation is a non-party in this action. Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim against the NRA. Further, the NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The NRA objects to this interrogatory because it seeks information to the extent it seeks information not the NRA's possession, custody, or control. The interrogatory is also unduly burdensome to the extent it requires the NRA to identify "any and all ways" the NRA identified potential donors and obtained their contact information. It is not proportional to the needs of the case, as it seeks information that is not likely to outweigh the great burden it imposes. The interrogatory seeks the disclosure of confidential business practices representing trade secrets as to how the NRA comes up with their donor list and their contact information.

**INTERROGATORY NO. 10:**

Describe by category which donors (e.g. web donors, mail donors, etc.) were provided the NRA's Uniform Disclosure Statement was distributed to each category of donor.

**RESPONSE NO. 10:**

Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim. The NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to named Plaintiffs.

*Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The interrogatory is also unduly burdensome to the extent it requires the NRA to identify "the number of each type of solicitation made by the NRA." It is not proportional to the needs of the case, as it seeks information that is not likely to outweigh the great burden it imposes. Finally, the NRA objects to this interrogatory because it contains numerous subparts, which "shall be counted as additional questions for purposes of the overall number," and is therefore, given Plaintiffs' other interrogatories, in violation of Local Rule 33.01(b). The NRA further objects to the extent the Plaintiffs have already received responsive information during discovery. (Rule 34(d))

**INTERROGATORY NO. 11:**

Identify and describe any and all transfers of funds from the NRA to the NRA Foundation, or from the NRA Foundation to the NRA, from November 30, 2015 to January 26, 2019.

**RESPONSE NO. 11:**

Defendant objects to this interrogatory because the NRA Foundation is a non-party in this action. Defendant objects to this interrogatory because it seeks information irrelevant to the remaining fraud claim against the NRA. Further, the NRA objects to this interrogatory because it seeks information that is not discoverable pre-certification to the extent it seeks information unrelated to class certification or the named Plaintiffs. *Moore v. Westgate*, 2020 WL 113352 (E.D. Tenn. Jan. 9, 2020). The interrogatory is also unduly burdensome to the extent it requires the NRA to identify and describe "all transfers of funds." It is not proportional to the needs of the case, as it seeks information that is not likely to outweigh the great burden it imposes. The interrogatory is vague and ambiguous to the extent it the interrogatory is vague and ambiguous to the extent it seeks information regarding "transfers of funds."

Dated: May 18, 2023              Respectfully submitted,

By: *William A. Brewer*

LACY, PRICE & WAGNER PC
W. Allen McDonald
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
amcdonald@lpwpc.com
(865)-246-0800

BREWER, ATTORNEYS &  COUNSELORS
William A. Brewer (admitted *pro hac vice*)
750 Lexington Avenue, 14th Floor
New York, NY 10022
wbb@brewerattorneys.com
(212)-489-1400

*ATTORNEYS FOR THE NATIONAL RIFLE
ASSOCIATION OF AMERICA*

## CERTIFICATE OF SERVICE

I, William A. Brewer, hereby certify that I served a true and correct copy of the

Defendant NRA's Responses and Objections to Plaintiffs' Second Set of Interrogatories via

electronic mail on the following counsel of record:

Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Thomas Hanson (*pro hac vice*)
Jordan Poole (*pro hac vice*)
Heather Sticht (BPR 030827)
LOVEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607

Elizabeth Wang (*pro hac vice*)
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
*Counsel for Plaintiffs*

Date: May 18, 2023

*William A. Brewer*
William A. Brewer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

DAVID DELL'AQUILA, *et al.*     )
                                      )
                                      )
                                      )
                                      )
              Plaintiffs,     )
                                        )     No: 3:19-CV-00679
      - against -            )     Judge William L. Campbell Jr.
                                        )
NATIONAL RIFLE ASSOCIATION     )     Magistrate Judge Chip Frensley
OF AMERICA                        )
                                        )
                                        )
              Defendant.     )

## VERIFICATION OF INTERROGATORY ANSWER

I, James Purtell, am the Managing Director Information Services at the National Rifle

Association. I believe based on reasonable inquiry, that the foregoing answers are true and

correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed On: **5/8/23**                    Signed: *James Purtell*
                                                James Purtell
                                                Managing Director, Information Services
                                                National Rifle Association of America

# EXHIBIT 2

| From: | Julia Rickert |
|---|---|
| To: | Will Brewer; Malvina Palloj |
| Cc: | amcdonald@lpwpc.com; Copy Center; mfranz@lpwpc.com; Dana Merritt |
| Subject: | Re: DELL"AQUILA v. NRA 3:19-cv-00679 - Plaintiff"s Production DELL"AQUILA 3110-4959 |
| Date: | Wednesday, July 5, 2023 1:58:15 PM |

Counsel:

This production from last Thursday concludes Plaintiffs' rolling production of documents.

Julia

On Thu, Jun 29, 2023 at 6:48 PM Scott Loy <loy@loevy.com> wrote:

Counsel,

Please use the link below to access Plaintiff's Production DELL'AQUILA 3110-4959.

**DELL'AQUILA 3110-4959 - Plaintiff's Production**
https://spaces.hightail.com/space/vCk1aR7rt8

Respectfully,


**Scott Loy**

**Paralegal/Investigator**

Loevy & Loevy

2060 Broadway Suite 460

Boulder, CO 80302

(720) 682-3114

Loy@Loevy.com

(He/Him)


--
Julia Rickert
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
Phone: (312) 243-5900
Fax: (312) 243-5902

**CAUTION: This email is from outside the organization. DO NOT CLICK a link or open an attachment unless you know the content is safe and are expecting it from the sender. If in doubt, contact the sender separately to verify the content.**
=====================

# EXHIBIT 3

**daquila862@gmail.com**

| | |
|---|---|
| **From:** | Marita Dell'Aquila <maquila862@gmail.com> |
| **Sent:** | Friday, May 24, 2019 4:45 PM |
| **To:** | Dave Dell'Aquila |

https://www.nytimes.com/2019/05/23/us/nra-ackerman-mcqueen-lawsuit.html


Sent from my iPhone

| | |
|---|---|
| **From:** | MAXIMUS <editorsof@aol.com> |
| **Sent:** | Tuesday, June 4, 2019 11:37 PM |
| **To:** | DAQUILA862@gmail.com |
| **Subject:** | Fwd: NPR.org - As Leaks Show Lavish NRA Spending, Former Staff Detail Poor Conditions At Nonprofit |

fyi

# Lt. Col. Robert K. Brown, USAR (Ret.)
# Editor, Publisher, Soldier of Fortune Magazine
# NRA BOD

-----Original Message-----
From: NPR <email@et.npr.org>
To: editorsof <editorsof@aol.com>
Sent: Tue, May 21, 2019 8:34 pm
Subject: NPR.org - As Leaks Show Lavish NRA Spending, Former Staff Detail Poor Conditions At Nonprofit

editorsof@aol.com has sent you the following story: As Leaks Show Lavish NRA Spending, Former Staff Detail Poor Conditions At Nonprofit



**Robert Brown thought you would be interested in this story**

## As Leaks Show Lavish NRA Spending, Former Staff Detail Poor Conditions At Nonprofit



New documents leaked about NRA top executive Wayne LaPierre's lavish clothing and travel expenses contrast with the culture of fear, poor pay and an underfunded pension described by former staffers.
**Read this story**

This email was sent by: NPR,1111 N. Capitol St. NE Washington, DC, 20002, United States. This message was sent to editorsof@aol.com.