# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs* <br><br> v. <br><br> NATIONAL RIFLE ASSOCIATION OF AMERICA <br><br> *Defendant*. | Case No. 3:19-cv-679 <br><br> Judge William L. Campbell <br><br> Mag. Judge Chip Frensley |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Contrary to Defendant's mischaracterizations, Plaintiffs acted diligently to amend their complaint, both to present claims based on newly-discovered facts and to cure pleading deficiencies this Court previously identified. Under these circumstances, leave to amend should be freely granted, as justice requires.

## ARGUMENT

**A. Defendant Misrepresents the Applicable Standard for Granting Leave to Amend.**

Defendant's contention that this motion must be adjudicated under the "good cause" standard of Fed. R. Civ. P. 16 is simply wrong. Plaintiffs complied with this Court's scheduling order in filing their motion, *see* Dkt. 128; 131, and should therefore be "freely" granted leave to amend pursuant to Fed. R. Civ. P. 15(a)(2). This result is not changed by Defendant's use of inapplicable case law in which the plaintiffs sought amendment well after deadlines had passed. *See Korn v. Paul Revere Life Ins. Co.*, 382 Fed. Appx. 443, 449 (6th Cir. 2010) (applying Rule 16 to motion for leave after discovery cut-off and the pre-trial motions deadline); *Nat'l Waste Assocs., LLC v. LifeWay Christian Resources*, 2022 WL 96523 at *2-3 (M.D. Tenn. 2022) (applying Rule 16 to motion for leave filed eight months after deadline for amending).

Further, Plaintiffs should be given an opportunity to replead with the benefit of the Court's guidance. *See U.S. ex. rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). In *Bledsoe*, the Sixth Circuit found the district court abused its discretion in dismissing the plaintiff's amended complaint with prejudice because he was not on notice until

1

Case 3:19-cv-00679    Document 140    Filed 08/01/23    Page 2 of 8 PageID #: 1595

the district court's opinion dismissing his claims that his claims were deficient. Similarly, until this Court's order, Plaintiffs were not on notice that their claims were deficient.

### B. The Proposed Amendments Are Not Futile.

#### 1. *Res judicata* is inapplicable.

Defendant's *res judicata* argument ignores that *res judicata* is an equitable doctrine that only applies to claims subject to a final judgment on the merits in a prior case. *Bey v. Birkett*, 2012 WL 435530 at *4 (E.D. Mich. 2012) (citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001)). The doctrine does not apply to this Court's previous dismissal of certain claims and defendants in this case because no final judgment has been entered.[1] *See Plassman v. City of Wauseon*, 85 F.3d 629 (6th Cir. 1996) (when no "final appealable order" was entered, the "application of *res judicata* [is] erroneous"). Nor did this Court's prior dismissal prohibit further amendment, and correctly so, given that dismissal "with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

#### 2. Wayne LaPierre and the NRA Foundation are not "new" parties.

Wayne LaPierre and the NRA Foundation were named in Plaintiffs' original and amended complaints. *See* Dkt. No. 1, 5, 43. And Rule 15(c)(1)(B) specifies that when "the amendment asserts a claim…that arose out of the conduct…or occurrence set out…in the original pleading," it relates back to the filing of the original complaint. Because Wayne LaPierre and the NRA Foundation have been on notice of the claims against them since the filing of the original complaint, and because the Third Amended Complaint ("TAC") asserts claims arising

---

[1] Defendant cites only cases involving a successive lawsuit barred by *res judicata*. *See, e.g.*, *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211 (6th Cir. 1996) (applying *res judicata* in successive federal diversity actions).

out of the same conduct as that alleged in the original complaint, there is no statute of limitations issue with re-instating LaPierre and the Foundation as Defendants. *See Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000). Similarly, Plaintiffs' amended RICO claim and new breach of contract claim arise out of the same core set of conduct previously alleged and therefore also relate back.

### 3. The RICO claims against Ackerman McQueen are timely.

Similarly without merit is Defendant's argument that Plaintiffs' RICO claims against Ackerman McQueen are time-barred. Although there were public reports of the NRA's payments to Ackerman prior to the filing of the operative complaint, such reports hardly had the level of detail necessary to state a RICO claim consistent with Rule 11(b)(3). To the contrary, crucial details of Ackerman's conspiratorial conduct as described in the proposed TAC were first revealed by the New York Attorney General's litigation, which began in August 2020. *See, e.g.*, TAC ¶¶ 76-77 (detailing the pass-through relationship between the NRA and Ackerman, specifically how the NRA used the arrangement to fund LaPierre's personal travel and entertainment expenses). Other new allegations came out in depositions taken in 2021 during the NRA's bankruptcy proceedings. *See, e.g.*, ¶¶ 79-81. Also in 2021, a deposition of Wayne LaPierre from September 2019 was publicly released when Ackerman attached the transcript to a filing. *See* TAC ¶¶ 59-66; *NRA v. Ackerman McQueen*, Case No. 3:19-cv-02074-G-BK, Dkt. 280-18.

Moreover, a statute of limitations defense is only valid at the motion to dismiss stage if it is uncontestable on the face of the complaint. *See Mingo v. Fed Community*, 484 F.Supp.3d 506, 510 (E.D. Mich. 2020). Here, Plaintiffs' allegations establish that the claims against Ackerman are timely. The potential affirmative defense of timeliness also belongs to Ackerman and can be

waived by Ackerman. *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) (affirmative defenses can be waived). In short, the argument that claims against Ackerman are time-barred does not support Defendant's argument that the proposed amendment is futile.

### 4. Plaintiffs have cured the operative complaint's pleading deficiencies and stated new claims.

The proposed TAC cures previous deficiencies. Plaintiffs have added substantial particularity and have re-pled their RICO claims in accordance with this Court's guidance, focusing on the person/enterprise distinction previously found to be deficient.

Additionally, Plaintiffs properly assert all the elements of a breach of contract claim. *See Thompson v. American Gen. Life and Acc. Ins. Co.*, 404 F.Supp.2d 1023, 1028 (M.D. Tenn. 2005); *See* TAC ¶¶ 115-118. Accordingly, Defendant's contention that Plaintiffs have not alleged the formation of a contract is simply wrong.

## C. Plaintiffs Have Acted in Good Faith and Without Undue Delay, and Defendant Does Not Face Unfair Prejudice.

Defendant resorts to baseless smears to argue Plaintiffs lack good faith, accusing Plaintiffs of "repeated and brazen attempts to mislead the court," apparently referring to Plaintiffs' true assertion that many of their new allegations were unknown to them when the operative complaint was filed, as described in this reply and in the original motion. Dkt. 138 at 9.[2] Nor could the operative complaint have included the solicitations that NRA refused to

---

[2] Another criticism from Defendant is that Plaintiffs completed their document production after the target date they included in a status report. Dkt. 138 at 4. But this delay did not prejudice Defendant in any way, nor does it have any relevance to the pending Motion for Leave. Defendant also suggests that Plaintiffs have done something wrong by seeking leave to amend their complaint without first moving to compel Defendant to provide more fulsome responses to Plaintiffs' Second Set of Interrogatories. Dkt. No. 138 at 3-4. Although Plaintiffs wanted full responses before filing, they concluded that they could not meet and confer with Defendant in person and then litigate a motion to compel in time to comply with the Court's deadline for filing their motion for leave to amend. Putting aside the irony of Defendant faulting Plaintiffs for not forcing them to comply with their discovery obligations, the answers Defendant did provide were useful.

4

Case 3:19-cv-00679   Document 140   Filed 08/01/23   Page 5 of 8 PageID #: 1598

produce until this Court ordered it to do so. Dkt. 120.[3] Additionally—and contrary to Defendant's suggestions—Plaintiffs were not required to present newly-discovered evidence in support of their motion for leave to amend. All that Rule 15 requires required is an absence of "undue delay, bad faith, or dilatory motive." *Smith v. Gallia County Sheriff*, 2011 WL 2970931 at * 1 (S.D. Ohio 2011). Plaintiffs pointed to their new evidence in their motion for leave to amend to demonstrate their good faith reasons for seeking to amend.

Finally, Defendant NRA will not be unfairly prejudiced by allowing the proposed amendment. As Plaintiffs explained in their motion, discovery in this case is at an early stage. Dkt. 131 at 13.

\* \* \*

For all the reasons set forth above, this Court should grant Plaintiffs' motion for leave to file a Third Amended Complaint.

DATED: August 1, 2023

Respectfully submitted,

s/ Jordan Poole
*One of Plaintiffs' Attorneys*

Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Thomas Hanson (*pro hac vice*)
Jordan Poole (*pro hac vice*)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
julia@loevy.com

Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460

---

[3] Defendant calls these solicitations "not actionable" but provides no basis for that statement. *See* Dkt. No. 138 at 8.

Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on August 1, 2023, a true and exact copy of Plaintiffs' Reply in Support of their Motion for Leave to Amend was electronically filed with the Clerk's Office using the CM/ECF filing system and served via the Court's CM/ECF system and/or via email and/or U.S. Mail upon the parties listed below. Parties may also access this filing through the Court's CM/ECF system.

William A. Brewer
Malvina Palloj
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Ave., 14th Floor
New York, NY 10022
Email: wbb@brewerattorneys.com
mpalloj@brewerattorneys.com

and

Wallace A. McDonald
LACY, PRICE & WAGNER, P.C.
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
Email: amcdonald@lpwpc.com

                                            Respectfully submitted,
                                            s/ Jordan Poole
                                            *One of Plaintiffs' Attorneys*

                                            Michael I. Kanovitz (*pro hac vice*)
                                            Jonathan I. Loevy (*pro hac vice*)
                                            Thomas Hanson (*pro hac vice*)
                                            Julia Rickert (*pro hac vice*)
                                            Heather Sticht (BPR 030827)
                                            LOEVY & LOEVY
                                            311 N. Aberdeen St., 3rd Fl.
                                            Chicago, IL 60607
                                            O: (312) 243-5900
                                            mike@loevy.com

                                            Elizabeth Wang (*pro hac vice*)
                                            LOEVY & LOEVY
                                            2060 Broadway, Ste. 460
                                            Boulder, CO 80302
                                            O: (720) 328-5642
                                            elizabethw@loevy.com