IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID DELL'AQUILA, et al., )
on behalf of themselves and all )
others similarly situated, )
    Plaintiffs, )    Civil Action No. 3:19-cv-00679
)    Judge Campbell / Frensley
v. )
)
NATIONAL RIFLE ASSOCIATION )
OF AMERICA, )
    Defendant. )

**ORDER**

## I.    INTRODUCTION

Plaintiffs David Dell'Aquila, Loranda Borja, Todd Chesney, and Brent Weber (collectively, "Plaintiffs") brought this action on their own behalf and on behalf of all others similarly situated against Wayne LaPierre, the National Rifle Association of America ("NRA"), and NRA Foundation, Inc. alleging fraud related to the NRA's fundraising efforts. Docket No. 43 (Second Amended Complaint). Mr. LaPierre and NRA Foundation, Inc. have been dismissed. Docket Nos. 63, 64. The NRA has denied the substantive allegations and asserted affirmative defenses. Docket No. 66.

This matter is now before the Court upon Plaintiffs' Motion for Leave to File Third Amended Complaint. Docket No. 131.[1] Plaintiffs have also filed a proposed Third Amended Complaint. Docket No. 132.[2] The NRA has filed a Response in Opposition and other supporting documents. Docket Nos. 138, 138-1, 138-2, 138-3. Plaintiffs have filed a Reply. Docket No. 140.

---

[1] This document also functions as the Supporting Memorandum.
[2] A redacted version has been filed in the public record at Docket No. 131-1.

For the reasons set forth below, Plaintiffs' Motion (Docket No. 131) is **DENIED**.

## II.    LAW AND ANALYSIS

### A.    Motions to Amend Under Rules 15 and 16

There are two potential standards to consider when determining whether to grant a motion to amend. Rule 16 requires the judge to issue a scheduling order and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of this requirement is "to ensure that at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003), *quoting* Fed. R. Civ. P. 16, 1983 advisory committee's notes (internal quotation marks omitted). In contrast, Rule 15 contains a liberal standard instructing that courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision of which standard to apply depends on the timing of the motion. "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F. 3d at 909.

The Court set June 30, 2023, as the deadline for filing any motions to amend. Docket No. 128. Plaintiffs filed their Motion on June 30, 2023, complying with the Court's scheduling order. Docket No. 131. Therefore, the Motion will be evaluated under the standard set forth in Rule 15 and its related caselaw.

Rule 15 provides, in relevant part:

**(a) Amendments Before Trial.**

>    **(1)**    *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
>
>        (A)    21 days after serving it, or
>
>        (B)    if the pleading is one to which a responsive pleading

> is required, 21 days after service of a responsive pleading . . . .
>
> **(2) Other amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Plaintiffs cannot amend as a matter of course under Fed. R. Civ. P 15(a)(1)(A), because more than 21 days have passed since the Second Amended Complaint was served in January 2020. *See* Docket Nos. 43, 44. The NRA opposes the Motion, so Plaintiffs' only recourse is to amend with leave of court pursuant to Fed. R. Civ. P. 15(a)(2).

Under Rule 15, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But, leave to amend should be denied if the Court finds factors such as: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendments." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1995). "Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment." *Dyer v. Wiregrass Hospice, L.L.C.*, 532 F. Supp. 2d 933, 935 (M.D. Tenn. 2008), *citing Foman*, 371 U.S. at 182.

### B. Plaintiffs' Motion to Amend

Plaintiffs request permission to amend their Complaint "to add newly discovered facts that directly support their claims, including claims that were previously dismissed in this Court"; "replead[] critical legal theories that were improperly pled by prior counsel"; and "add[] defendants that are necessary parties in light of the scope of the misconduct at issue in this case." Docket No. 131, p. 1. Specifically, Plaintiffs seek to replead previously-dismissed RICO counts

3

and "support[] them with the newly discovered facts" and add new breach of contract claims. *Id.* at 8-9. Plaintiffs also seek to add as defendants the NRA's former advertising firm Ackerman McQueen and previously-dismissed defendants Wayne LaPierre and the NRA Foundation. *Id.* at 9. The NRA argues that Plaintiffs unduly delayed in bringing their Motion, that it is brought in bad faith because "Plaintiffs' 'facts' are anything but 'newly discovered,'" that allowing Plaintiffs to amend would greatly prejudice the NRA, and that the proposed amendments would be futile. Docket No. 138, p. 7.

The Court sees no evidence that Plaintiffs' Motion was brought in bad faith and will stop short of attributing to Plaintiffs a dilatory motive. But, as explained below, the Court does find that Plaintiffs have unduly delayed in bringing their Motion and that allowing the proposed amendments would unduly prejudice the NRA. Most importantly, allowing the proposed amendments would not be in the interests of justice, as the addition of the proposed new claims would not add to the operative complaint beyond adding new claims and a new defendant and reinstating claims and defendants already dismissed by the District Judge based on information that appears to have been long-available to Plaintiffs and indeed already forms the basis of allegations in the Second Amended Complaint.

1. **Undue Delay**

The NRA contends that Plaintiffs have unduly delayed in bringing this Motion because Plaintiffs' alleged new facts were in fact known to Plaintiffs "for years—in many cases even prior to this lawsuit's commencement." Docket No. 138, p. 21. Acknowledging that Plaintiffs were forced to acquire new representation, the NRA argues that "Plaintiffs' new counsel, who did press interviews on behalf of Plaintiffs since prior to filing his Notice of Appearance, has represented Plaintiffs in this matter for approximately a full year." *Id.* at 22 (footnote omitted). Further, the

4

NRA maintains that "in the subsequent year, the discovery cited by Plaintiffs—generic solicitations which Plaintiffs do not claim to have relied upon in making donations—does not form the basis for fraud or RICO violations based on same, and so does not remedy any defect in the operative pleading." *Id.*

Plaintiffs argue that they have "worked diligently to have this lawsuit heard and have persisted in the face of major setbacks that were beyond their control and were unrelated to the merits of their claims, including the suspension from practice of their prior counsel." Docket No. 131, p. 13. Plaintiffs also assert that "[a]lthough some time has passed since this case was originally filed, it is still in the early stages of fact discovery, and Plaintiffs now propose to add information to their complaint that was only recently uncovered as part of nationwide litigation involving the NRA." *Id.*

Plaintiffs point to four categories of information that they maintain have come to light since the Second Amended Complaint was filed on January 22, 2020 and warrant amendment of that document. Docket No. 131, p. 5-7. First, Plaintiffs refer to a lawsuit filed by the Attorney General of the State of New York against the NRA, specifically information contained in that lawsuit's complaint.[3] Docket No. 131, p. 6. Second (and relatedly), Plaintiffs refer to information produced in litigation between the NRA and its former advertising firm Ackerman McQueen, arguing that depositions taken in 2021 "revealed or confirmed newly discovered facts about the fraudulent scheme alleged in this action."[4] Docket No. 131, p. 7.

---

[3] *People of the State of New York by James v. National Rifle Assoc., Inc., et al.*, 165 N.Y.S. 3d 234 (N.Y. Aug. 2020).
[4] This appears to be a reference to *National Rifle Assoc. v. Ackerman McQueen et al.*, Case No. 3:19-cv-02074-G (N.D. Tex.) and/or *National Rifle Assoc. of America v. Ackerman McQueen et al.*, Case No. CL19001757 (Alexandria Ct. Ct.), *National Rifle Assoc. of America v. Ackerman McQueen et al.*, Case No. CL19002067 (Alexandria Ct. Ct.).

Plaintiffs contend that "[p]rior to the [New York] lawsuit and the subsequent litigation, Plaintiffs did not know the extent of the NRA's fraud, nor were they aware of Ackerman McQueen's critical role in perpetrating it." *Id.* at 6. Yet, the Second Amended Complaint alleges extensive fraud and specifically alleges that it was facilitated by Ackerman McQueen, indicating that this information was available to Plaintiffs in January 2020. *See* Docket No. 43, p. 17-22. Further, even if Plaintiffs had first learned of these facts from the New York Attorney General's complaint, Plaintiffs concede that that document was filed in August 2020. Docket No. 131, p. 6. The instant Motion was filed on June 30, 2023, nearly three years later, and approximately two years after the 2021 depositions taken in the Ackerman McQueen litigation.[5] This level of delay is undue.

Third, Plaintiffs contend that new information surfaced in the NRA's bankruptcy case, filed in the Northern District of Texas, in which the testimony of former NRA officers "further detailed Defendants' fraudulent scheme to improperly use donations and to conceal up [*sic*] their rampant misconduct." *Id.* This testimony allegedly included the assertion of the Fifth Amendment privilege against self-incrimination by the NRA's former treasurer, which Plaintiffs maintain "indicat[es] that the NRA is well aware its conduct at issue in this case was unlawful." *Id.*

Setting aside the impropriety of attempting to impute acknowledgement of illegal conduct from an assertion of the Fifth Amendment privilege, the Texas bankruptcy litigation that Plaintiffs refer to appears to have commenced and concluded in 2021. *See In re National Rifle Association of America*, 628 B.R. 262 (N.D. Tex. 2021). Plaintiffs do not adequately explain why a delay in filing until June 2023 is not undue.

---

[5] Because Plaintiffs neither attached nor cited to any documents, the Court is unaware of the exact dates of the alluded-to depositions, and relies here on the representations of counsel as to the existence of the depositions and their timing.

6

Finally, Plaintiffs point to information garnered from documents produced by the NRA in discovery pursuant to this litigation, arguing that the documents "bolster Plaintiffs' fraud and RICO theories" because "[t]hese solicitations reveal that the NRA and Wayne LaPierre repeatedly assured donors that their money would be used to support the mission of the NRA." Docket No. 131, p. 7. Yet the Second Amended Complaint contains substantially the same allegations, detailing solicitations from the NRA and Mr. LaPierre, including statements imputed to the NRA such as "Contributions raised will be used to advance the mission of the NRA" and alleging that "Defendants LaPierre and the NRA advised Plaintiffs that their funds would be used for gun safety education; to promote shooting sports and hunter safety; to foster wildlife conservation; and to protect gun ownership rights in the United States (collectively, the 'NRA's core mission'). Docket No. 43, p. 9, 17. Plaintiffs do not point toward any specific information in the discovery documents that was unknown to them at the time the Second Amended Complaint was filed.

The Court therefore finds that Plaintiffs have unduly delayed in bringing their Motion.[6]

### 2. Undue Prejudice

Sixth Circuit caselaw makes clear that delay is only disqualifying if it causes prejudice; that is, delay and prejudice are not synonymous. *See Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading,"); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (delay alone, regardless of its length is not enough to bar an amendment if the other party is not prejudiced).

Here, allowing the proposed amendments would unduly prejudice the NRA because this

---

[6] While the Court is cognizant of Plaintiffs' difficulties involving their prior counsel, current counsel has nevertheless represented Plaintiffs in this matter since August 2022 (with additional counsel added in November 2022). *See* Docket Nos. 89, 108.

four-year-old case is rapidly approaching the class certification deadline, set for October 20, 2023, less than two months from now. Docket No. 128. If the Motion is granted, that deadline will certainly need to be extended, and the case schedule restructured to allow for the addition of three new defendants who, according to the NRA, "*have not engaged in discovery in any form.*" Docket No. 138, p. 22 (emphasis in original).[7] Additionally, the NRA would have to bring a new motion to dismiss the previously-dismissed claims and Defendants, which Plaintiffs have not demonstrated should be reinstated. Neither the Parties' resources nor judicial economy would be served.

### 3. Futility

In the Sixth Circuit, any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). The policy consideration behind futility analysis and motions to amend is to prevent the expenditure of unnecessary effort and resources by the parties as well as the court. *See, e.g., Matlock v. Rose*, 731 F.2d 1236, 1240-41 (6th Cir. 1984). That policy consideration will be served in this instance because the Court finds that the Motion should be denied on the basis of undue delay and undue prejudice, thereby preventing the expenditure of future effort and resources by the Court and the Parties related to the proposed new claims. Because the Court's denial is based on other factors, this ruling does not implicate the conflict between denial of motions to amend based on futility and a magistrate judge's lack of authority to rule on a motion to dismiss without specific designation. *See* 28 U.S.C. § 636(b)(1)(A).

### III. CONCLUSION

The Court finds that Plaintiffs have unduly delayed in bringing their Motion and that the

---

[7] Plaintiffs do not dispute this contention. *See* Docket Nos. 131, 140.

8

proposed amendments would unduly prejudice the NRA. Equally important, the Court finds that this is not an instance where amendment should be permitted because "justice so requires." Fed. R. Civ. P. 15(a)(2). It appears that the essence (and many of the details) of the information upon which Plaintiffs based their proposed amendments has been known to Plaintiffs for some time, and indeed, is already reflected in the claims brought in the Second Amended Complaint. Allowing the amendments would therefore result in very little gain to Plaintiffs beyond essentially overruling the District Judge's previous dismissal of several claims and two former Defendants, while derailing the schedule of this four-year-old case on the brink of the class certification deadline. As to Plaintiffs' proposed new claims and new defendant, the Court similarly finds that the information upon which the proposed amendments is based is not recently-discovered. Instead, Plaintiffs' Motion appears to be another attempt after repeated failure to cure the deficiencies of its previous complaints. For the foregoing reasons, Plaintiffs' Motion (Docket No. 131) is **DENIED**.

       **IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**