IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>    Defendant. | NO. 3:19-cv-00679<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## ORDER

Pending before the Court is Plaintiffs' Motion for Review (Doc. No. 143) of Magistrate Judge Frensley's Order (Doc. No. 141) denying their motion for leave to file a third amended complaint. Defendant has filed a response in opposition to Plaintiffs' motion. (Doc. No. 146). Plaintiffs' Motion for Review (Doc. No. 143) is **GRANTED**. The Court will reverse or modify a non-dispositive ruling from the Magistrate Judge only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The Court has reviewed Plaintiffs' present motion, Judge Frensley's Order, and the file. The Court finds that Judge Frensley's ruling denying Plaintiffs' requested amendment that seeks to re-add Defendants Wayne LaPierre and the NRA Foundation, as well as the addition of Ackerman McQueen is neither clearly erroneous nor contrary to law. Accordingly, Judge Frensley's Order (Doc. No. 141) is **AFFIRMED** as to the denial of leave to amend the complaint to add LaPierre, the NRA Foundation, and McQueen as parties.

In considering Plaintiffs' other challenges to Judge Frensley's Order, the Court is guided by the long-held principle that cases ought to be decided on the merits rather than procedural technicalities. *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004). Plaintiffs assert that newly discovered information warrants the filing of the Third Amended Complaint, but provided only general descriptions to Judge Frensley and the undersigned; the NRA challenges the timing of when Plaintiffs' counsel knew that information and points to the purported public availability of that information well before Plaintiffs sought leave to file the Third Amended Complaint. Given that courts favor deciding cases on the merits and the fact that the most recent amendment, should it be allowed, may impact the scope of discovery and issues for trial, Plaintiff may file a renewed motion to amend, along with a proposed Third Amended Complaint consistent with this Ruling. Accordingly, the remainder of Judge Frensley's Order (Doc. No. 141) is **VACATED**.

Should Plaintiffs elect to file such a motion, counsel shall specifically identify what "newly acquired" information serves as the basis of the proposed amendment, the sources of that information, when counsel or Plaintiffs became aware of that information, and how they became aware of the information. Should Plaintiffs elect to renew their motion to amend, it shall be filed on or before **December 29, 2023**. Should Plaintiffs fail to so move by that deadline, the Second Amended Complaint shall remain the operative complaint.

In light of the foregoing, the deadline for filing for class certification will be reset. As such, Plaintiffs' motion for extension of time to file for class certification (Doc. No. 147) and the NRA's motion to strike Plaintiffs' class action allegations (Doc. No. 149) are **DENIED** as moot.

It is so **ORDERED**.

                                                                                    _____
                                                                                    WILLIAM L. CAMPBELL, JR.
                                                                                    UNITED STATES DISTRICT JUDGE