IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated, | Case No. 3:19-cv-679 |
| | Judge William L. Campbell |
| | Magistrate Judge Chip Frensley |
| *Plaintiffs* | |
| v. | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA | |
| *Defendant*. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RENEWED MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiffs' motion for leave to amend (ECF 152) should be granted. Contrary to Defendant's assertions, the proposed amendment will not unduly prejudice Defendant, meaning Plaintiffs' request for leave was not unduly delayed. Nor would amendment be futile; Plaintiffs have cured their pleading deficiencies, and their allegations sufficiently support their claims.

### A. Plaintiffs should be permitted to add new allegations to their complaint

Defendant objects to Plaintiffs' proposed additional facts on two grounds: (1) that Plaintiffs should have sought to add many of the allegations sooner because the information has long been public and (2) that many new allegations are similar to allegations in the operative complaint, and thus needless. Plaintiffs address the delay argument in the next section. As to the second argument, Plaintiffs' new proposed allegations provide additional particularity and often reference sworn testimony that was not available when the operative complaint was filed. *See, e.g.*, ECF 152-1 ¶¶ 58, 69-70, 90, 93-100, 102-04. Such additions are material, especially in a fraud case that must satisfy Rule 9(b).

Naturally, Plaintiffs' new allegations are grounded in the operative complaint—the same fraud scheme remains at issue—but new details supporting Plaintiffs' claims continually come to light. For example, public reporting after Plaintiffs filed their motion for leave revealed an audio recording from 2009 of the NRA's then-CFO discussing how the organization could hide illicit spending by CEO Wayne LaPierre with the assistance of Ackerman McQueen.[1] According to this reporting, Defendant's counsel in this case is "shocked" by the content of the recording, showing that new details do make a difference. In short, Plaintiffs should be permitted to bolster their claims with additional allegations about the NRA's conduct.

---

[1] Mike Spies, *Secret Recording Shows NRA Treasurer Plotting to Conceal Extravagant Expenses Involving Wayne LaPierre*, PROPUBLICA (Jan. 11, 2024), https://www.propublica.org/article/nra-wayne-lapierre-recording-private-jet-limousine-expenses?utm_source=threads&utm_medium=social&utm_campaign=propublica-threads.

## B. The NRA has failed to establish prejudice resulting from any delay by Plaintiffs in seeking leave to amend

For leave to amend to be denied on delay grounds, "significant prejudice" must be shown. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (reversing denial of leave to amend on grounds of delay). And Defendant has shown none. Defendant does not even address, much less rebut, Plaintiffs' argument that Defendant "will not be in a worse position if Plaintiffs are permitted to amend now than it would have been if Plaintiffs had amended sooner." Dkt. 152 at 19. The discovery the parties have engaged in, which was confined to class certification matters, would have been undertaken even if Plaintiffs had sought to amend earlier, and it will not have to be duplicated as a result of the proposed amendment. Defendant may choose to file a new motion to dismiss, but that process will be no more burdensome now than if Plaintiff had amended sooner. *See Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002) (explaining that the "inconvenience" of "another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend").

Defendant argues *Moore* is no longer good law and that *Morse v. McWhorter* holds there is "clear prejudice" when an amendment adds new substantive claims. ECF 155 at 21. Defendant is wrong. In *Morse*, which is entirely consistent with *Moore*, the Sixth Circuit reversed a denial of leave to amend—a request made after judgment was entered—because defendants would not be "significantly prejudiced." 290 F.3d at 801. The lack of new substantive claims was just one factor noted in finding no prejudice, and the court never suggested adding new claims would amount to "clear prejudice," as Defendant falsely contends. Other factors in *Morse* weighing in favor of finding no undue prejudice were that the defendant was "not faced with the prospect of duplicative discovery" and was long "on notice that plaintiffs would seek to amend their complaint." These factors favor allowing amendment in this case as well.

2

In a final attempt to show prejudice where there is none, Defendant provides this quotation—"'The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice'"—but then cites to a case that does not contain that quotation. ECF 155 at 20. The Sixth Circuit has elsewhere quoted the Second Circuit on that point, *see Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (quoting *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983)), but the Sixth Circuit has further explained that a prejudice finding requires consequences like the need to expend "significant additional resources to conduct discovery and prepare for trial," *id.* at 662-63. Defendant, however, will expend no more time or money than if Plaintiff had amended sooner.

## C. The proposed amendment is not futile

Defendant's primary futility argument consists of a long string cite that simply lists the elements of Plaintiffs' claims, followed by a bald assertion that Plaintiffs have not pled the requisite elements. ECF 155, fn. 12. A brief review of the proposed Third Amended Complaint shows this assertion to be flatly incorrect.[2]

Similarly without merit is Defendant's argument that the claims for breach of contract and tortious interference are time-barred. In support, Defendant cites a single case for the dubious proposition that the relation-back doctrine does not apply when the original complaint does not allege "an essential element of the claim." ECF 155 at 22 (citing *U.S. ex. rel. Whitcomb v. Physiotherapy Associates, Inc*., 555 F. Supp. 2d 949, 953 (W.D. Tenn. 2008)). Rule 15(c), however, says nothing about "essential elements of a claim," but rather permits relation-back when "the amendment asserts a claim … that arose out of conduct, transaction, or occurrence set

---

[2] *See, e.g.*, ECF 152-1 ¶¶ 123-124 (alleging actual and reasonable reliance); 130-131 (alleging contract formation with NRA); 135-136 (alleging contract formation with NRA Foundation); 171 and 185 (alleging but-for causation for RICO claims).

3

out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Stated another way, a party is "not entitled to the protection of the statute of limitations against the later assertion by amendment of … claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999). Furthermore, the rule is to be liberally construed. *U.S. ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 516 (6th Cir. 2007).

*Whitmore* does not stand for a different proposition. Like Rule 15, the case says nothing about the "essential elements of a claim" but rather denied amendment because the facts alleged in the original complaint gave no notice to defendant of the proposed amended claim. Here, while Plaintiffs have discovered extensive details about Defendant's wrongful conduct since the filing of the operative complaint, the basics—that Defendant solicited donations from Plaintiffs that were then used for illicit purposes—remain the same. Accordingly, under Rule 15 and its liberal construction, Plaintiffs' contract and tortious interference claims are not time-barred.

Defendant's argument that the proposed Third Amended Complaint fails to state a claim also ignores the facts alleged in the proposed amendment. Defendant asserts that Plaintiffs have failed to allege fraud with particularity, ignoring the extensive allegations of direct quotes attributed to the NRA set out in the complaint.[3] The same is true with respect to Defendant's arguments as to falsity,[4] reliance,[5] and causation.[6]

---

[3] ECF 152-1, ¶¶ 15-49, 121. A number of the alleged misrepresentations are directly from the NRA, but Defendant contends that LaPierre's false statements cannot be imputed to the NRA. The single case Defendant cites (*Griffith Motors, Inc. v. Parker*, 633 S.W.2d 319, 322 (Tenn. Ct. App. 1982)) is an imputed *knowledge* case that provides no support for the ludicrous proposition that a corporation cannot be liable for fraudulent statements made by corporate officers conducting the corporation's business.
[4] ECF 152-1, ¶¶ 85-86, 125.
[5] ECF 152-1, ¶¶ 123-24.
[6] ECF 152-1, ¶¶ 127-28. Defendant's argument that some of its misrepresentations are not alleged to have been received by Plaintiffs concedes that many misrepresentations were sent directly to Plaintiffs.

4

Defendant's effort to avoid the RICO claims by painting itself as the victim of its conspiracy fares no better. Defendant's only support for this argument is noting that the New York Attorney General seeks recovery of money for the NRA, not against it. ECF 155 at 24. This argument, of course, intentionally misreads the purpose of this action, which is to seek redress for NRA donors who were lied to by the NRA. The suggestion that the NRA is a victim in this context is divorced from reality. Finally, contrary to Defendant's argument, Plaintiffs have adequately alleged the NRA's agreement to participate in the RICO enterprise,[7] as well as the elements of tortious inference and breach of contract.[8]

### D. The proposed amendment cures the prior deficiencies noted by the Court

Plaintiffs' motion for leave set forth in exhaustive detail how the allegations of the proposed amendment cured the deficiencies noted in the Court's prior Order granting Defendants' motion to dismiss the Second Amended Complaint.[9] Defendant's response simply ignores this argument and asserts, in *ipse dixit* fashion, that the prior deficiencies have not been cured. Given Defendant's apparent concession as to Plaintiffs' argument on this point, Plaintiffs stand on those arguments.

### CONCLUSION

For all the reasons set forth above, this Court should grant Plaintiffs' motion for leave to file a Third Amended Complaint.

DATED: January 26, 2024          Respectfully submitted,

s/ Julia Rickert
*One of Plaintiffs' Attorneys*

Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)

---

[7] ECF 152-1, ¶¶ 144-49.
[8] ECF 152-1 ¶¶ 130-33; 135-39.
[9] ECF 152, pp. 14-16.

Julia Rickert (*pro hac vice*)
Thomas Hanson (*pro hac vice*)
Jordan Poole (*pro hac vice*)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
julia@loevy.com

Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

       I hereby certify that on January 26, 2024, a true and exact copy of Plaintiffs' Reply in Support of their Motion for Leave to Amend was electronically filed with the Clerk's Office using the CM/ECF filing system and served via the Court's CM/ECF system and/or via email and/or U.S. Mail upon the parties listed below. Parties may also access this filing through the Court's CM/ECF system.

William A. Brewer
Malvina Palloj
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Ave., 14th Floor
New York, NY 10022
Email: wbb@brewerattorneys.com
mpalloj@brewerattorneys.com

and

Wallace A. McDonald
LACY, PRICE & WAGNER, P.C.
249 N. Peters Rd., Suite 101
Knoxville, TN 37923
Email: amcdonald@lpwpc.com

                                                Respectfully submitted,
                                                s/ Julia Rickert
                                                *One of Plaintiffs' Attorneys*

                                                Michael I. Kanovitz (*pro hac vice*)
                                                Jonathan I. Loevy (*pro hac vice*)
                                                Julia Rickert (*pro hac vice*)
                                                Thomas Hanson (*pro hac vice*)
                                                Jordan Poole (*pro hac vice*)
                                                Heather Sticht (BPR 030827)
                                                LOEVY & LOEVY
                                                311 N. Aberdeen St., 3rd Fl.
                                                Chicago, IL 60607
                                                O: (312) 243-5900
                                                mike@loevy.com

                                                Elizabeth Wang (*pro hac vice*)
                                                LOEVY & LOEVY
                                                2060 Broadway, Ste. 460
                                                Boulder, CO 80302
                                                O: (720) 328-5642
                                                elizabethw@loevy.com

                                                *Counsel for Plaintiff*