**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,**<br>**Plaintiffs,**<br>**v.**<br><br>**NATIONAL RIFLE ASSOCIATION OF AMERICA**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 3:19-cv-00679**<br>**Chief Judge Campbell/Frensley** |

# CASE MANAGEMENT ORDER

**A. JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. § 1331, 1332 and 1367.

**B. BRIEF THEORIES OF THE PARTIES:**

**For Plaintiff: Plaintiff's Third Amended Complaint seeks redress for** named Plaintiffs and similarly situated individuals arising from Defendant's alleged funds donated to Defendant and third-party National Rifle Association Foundation ("NRA Foundation") from November 30, 2015, through January 26, 2019. Specifically, Plaintiffs allege that Defendant intentionally misrepresented the purposes for which donated funds would be used, breached promises it made to donors, and conspired with the NRA Foundation and third-party Ackermann McQueen to use donations to fund the extravagant lifestyle of Defendant's former CEO Wayne LaPierre as well as his family members and associates. Based on these allegations, Plaintiffs allege claims for fraud, breach, tortious interference, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and RICO conspiracy.

For Defendant: Denies any and all liability. Any misuse of funds was *de minimus* and does not merit the relief sought by plaintiffs, and in particular, the certification of this matter as a class

action.

C. ISSUES RESOLVED: Jurisdiction (personal and subject matter), venue, motions to dismiss.

D. ISSUES STILL IN DISPUTE: Liability on all claims, class certification, and damages.

E. INITIAL DISCLOSURES: The parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. By **August 14, 2025,** the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. By no later than **January 30, 2026**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion

for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **January 16, 2026**. Written discovery should proceed promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conferred in person and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after conferring should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All motions related to fact discovery shall be filed by no later than **January 9, 2026**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that counsel for all parties conferred and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add

parties shall be filed by no later than **December 21, 2025**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I. CLASS CERTIFICATION MOTION: Plaintiffs shall file their motion for class certification on or before **March 13, 2026**. Defendant shall respond by **April 3, 2026**, and Plaintiff shall reply by **April 17, 2026**.

J. DISCLOSURE AND DEPOSITIONS OF EXPERTS: Other than any experts related to the motion for class certification expert witnesses shall be disclosed in accordance with a schedule to be determined after the Court issues a ruling on class certification. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C). Expert disclosures and depositions related to class certification shall be completed by **January 16, 2026**.

K. TELEPHONE STATUS CONFERENCE: A status conference shall be held telephonically on **November 10, 2025, at 8:30 a.m.,** to address: the issue of class certification, status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or

has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

L. DISPOSITIVE MOTIONS: No deadline for dispositive motions will be set until after the Court rules on Plaintiffs' motion for class certification.

M. ELECTRONIC DISCOVERY: The parties agree to the default standards set forth in Administrative Order No. 174-1.

N. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the class, in the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS: Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative order No. 167 (Administrative Practices and Procedures for Electronic Case Filing)

and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, documents by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide those documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** A target trial date shall be recommended after a ruling on Plaintiffs' class certification motion (including expert discovery not related to class certification), dispositive motions. Therefore, no estimated trial time or proposed trial date is provided at this time. The Parties shall request a case management conference within fourteen (14) days of the Court's ruling on class certification.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**