IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>National Rifle Association of America,<br><br>Defendant | Case No. 3:19-cv-679<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Jeffery S. Frensley |

**STIPULATED AGREEMENT AND ORDER**
**UNDER FED. R. EVID. 502(d)**

Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber and Defendant National Rifle Association of America ("NRA") (together, the "Parties") jointly request that this Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in the above-captioned matter and to protect certain privileged and otherwise protected documents and electronically stored information (the "document" or "documents") against claims of waiver in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request, or an informal production.

Accordingly, the Parties hereby **STIPULATE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Civil Procedure 502(d) and (e), as follows:

1. Production of a document or information subject to a claim of attorney-client privilege, work product doctrine, or any other applicable privilege or protection, is not a waiver of privilege or protection from discovery in this litigation or in any other proceeding.

1

a. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information under this Order.

b. The Parties intend this Order to provide the maximum protection against waiver of privilege available under Rule 502(d).

2. Upon written request from any Designating Party that has inadvertently failed to designate material that it believes is privileged and/or covered by any work product or other protection, or in the event a Receiving Party receives documents or information it reasonably believes is privileged and/or covered by any work product or other protection, the Receiving Party shall immediately return such privileged materials and all copies to the Producing Party. Immediately upon receiving notice from the Designating Party that identifies inadvertently produced material, the Receiving Party shall not view or otherwise engage with the material in any way. Upon receipt of a written demand for return of an inadvertently produced document, the Receiving Party shall immediately return the document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

3. Pending resolution of the matter by the Court, the Parties shall not use any documents that are claimed to be inadvertently produced in this litigation.

4. Return of the inadvertently produced document shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an order that such inadvertently produced document has been improperly designated or should be produced.

5. Nothing in this Order prevents any party from raising subject-matter waiver if a party affirmatively uses privileged or work-product information to prove any claim, defense, or issue in this case.

6. This Order shall govern the treatment of privileged or protected material and shall supersede paragraph 5.2.5 of the Parties' Protective Order (Dkt. No. 125) and any prior agreements, stipulations, or orders concerning the return or handling of privileged documents. In the event of any conflict between this Order and any other agreement or order, this Order shall control.

7. Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of Court until it is formally approved by the Court.

8. The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

**AS STIPULATED AND AGREED, IT IS SO ORDERED.**

Dated: March 5, 2026

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

Respectfully submitted,

s/ Thomas M. Hanson
*One of Plaintiffs' Attorneys*
Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
Thomas M. Hanson (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
hanson@loevy.com

Elizabeth Wang (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com

*Attorneys for Plaintiffs*

s/ Aubrey B. Harwell, Jr.
Aubrey B. Harwell, Jr.
ADAMS & REESE LLP
1600 West End Ave, Suite 1400
Nashville, TN 37203
Telephone: (615) 259-1450
Email: aubrey.harwell@arlaw.com

s/ Carl W. Hittinger
Carl W. Hittinger (*pro hac vice*)
Tyson Y. Herrold (*pro hac vice*)
Devin L. Redding (*pro hac vice*)
Baker & Hostetler, LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
Telephone (215) 564-2898
chittinger@bakerlaw.com
therrold@bakerlaw.com
dredding@bakerlaw.com

Thomas H. Dundon
WOMBLE BOND DICKINSON (US) LLP
1222 Demonbreun St Ste 1201
Nashville, TN 37203
Telephone: (629) 259-1450
tdundon@wbd-us.com

Jay Harbison
Eric G. Osborne (029719)
Micah N. Bradley
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Tel: (615) 742-4200
Fax: (615) 742-4539
jharbison@srvhlaw.com
eosborne@srvhlaw.com
mbradley@srvhlaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

LOVEY & LOVEY
Michael I. Kanovitz (admitted *pro hac vice*)
Jonathan I. Loevy (admitted *pro hac vice*)
Julia T. Rickert (admitted *pro hac vice*)
Thomas Hanson (admitted *pro hac vice*)
Jordan Poole (admitted *pro hac vice*)
Heather Sticht (BPR # 30827)
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
mike@loevy.com
jon@loevy.com
julia@loevy.com
hanson@loevy.com
poole@loevy.com
sticht@loevy.com

Elizabeth Wang (admitted *pro hac vice*)
2060 Broadway, Ste. 460
Boulder, CO 80302
(720) 328-5642
elizabethw@loevy.com

*Counsel for Plaintiffs*

                                                                   /s/ Aubrey B. Harwell, Jr.
                                                                   Aubrey B. Harwell, Jr.