IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA<br><br>Defendant. | Case No. 3:19-cv-00679<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Jeffery S. Frensley |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber, individually and on behalf of the putative class ("Plaintiffs"), by and through their counsel, hereby respectfully move for class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). In support, Plaintiffs submit the following Memorandum of Law.[1]

**I. INTRODUCTION**

This action arises from Defendants' alleged misuse and diversion of charitable donations made by millions of individuals across the United States to the National Rifle Association of America ("NRA") and the NRA Foundation. Plaintiffs allege that Defendants solicited donations by representing that contributed funds would be used to advance the organizations' stated missions and would be managed in accordance with applicable laws governing nonprofit organizations. Plaintiffs further allege that Defendants instead diverted and misspent donor funds on matters

---

[1] As set forth in Plaintiffs' concurrently filed Motion to Amend the Case Management Order, Plaintiffs respectfully submit that this motion should be carried pending completion and further supplementation upon completion of fact discovery.

1

unrelated to those missions and in violation of governing law. Based on these allegations, Plaintiffs have alleged claims for fraud, breach of contract, tortious interference, violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and RICO conspiracy.

These claims are uniform to the class members, raising the same factual and legal issues for each of the millions of class members, and will be proved as to each of them using the exact same evidence. The vast majority of the class members donated relatively small amounts of money, such that there is no practical way that they could pursue these claims without conglomerating them. Thus this case presents precisely the type of dispute for which the class action device was designed, a large number of factually identical claims which do not individually justify the work needed to obtain justice. Plaintiffs therefore seek certification of two nationwide classes of donors pursuant to Rule 23(a) and Rule 23(b)(3).

## II. PROPOSED CLASSES

Plaintiffs seek certification of the following classes:

**NRA Class:**

All persons residing in the United States who donated funds to the National Rifle Association of America from November 30, 2015 through January 26, 2019.

**NRA Foundation Class:**

All persons residing in the United States who donated funds to the NRA Foundation from November 30, 2015 through January 26, 2019.

Plaintiffs reserve the right to amend these class definitions as appropriate during discovery.

## III. LEGAL STANDARD

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. To obtain certification, Plaintiffs must demonstrate that the proposed classes satisfy the four

requirements of Rule 23(a):

1. Numerosity

2. Commonality

3. Typicality

4. Adequacy of representation

Fed. R. Civ. P. 23(a); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012).

If these prerequisites are met, Plaintiffs must also demonstrate that the action qualifies under Rule 23(b). Plaintiffs seek certification under Rule 23(b)(3), which requires a showing that:

1. Questions of law or fact common to class members predominate over individual questions; and

2. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).[2]

While "[o]rdinarily … the class should be predicated on evidence the parties present concerning the maintainability of the class action … it 'is not always necessary to probe behind the pleadings before coming to rest on the certification question, because sometimes there may be no disputed factual and legal issues that strongly influence the wisdom of class treatment.'" *Young*, 693 F.3d at 537 (quoting *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012)). This is such a case.[3]

---

[2] Although not referenced in Rule 23, the Sixth Circuit also recognizes that the class definition must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young*, 693 F.3d at 537-38 (quoting 5 James W. Moore *et al.*, *Moore's Federal Practice* § 23.21). Here, there can be no argument this requirement is not met, given that the proposed class definitions utilize easily established objective criteria to determine class membership.

[3] Plaintiffs have sought class discovery and that discovery is not yet completed. For example, Defendant has refused any discovery into issues relating to the NRA Foundation on the grounds that such information is not discoverable prior to class certification. *See* Ex. 1. The Parties continue to meet and confer on these issues. Plaintiffs are bringing

3

## IV. ARGUMENT

### A. Plaintiffs Satisfy Rule 23(a)

*Numerosity*

Rule 23(a)(1) requires that the proposed classes be so numerous that joinder of all members is impracticable. Although Rule 23 does not specify a number at which joinder becomes impracticable, courts frequently recognize that as few as 40 members make joiner impracticable. *City of Goodlettsville v. Priceline.com, Inc.*, 267 F.R.D. 523, 529 (M.D. Tenn. 2010). When the class is made up of hundreds or thousands, the numerosity requirement is unquestionably satisfied. *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 403 (M.D. Tenn. 2019) (*citing Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 n. 1 (6th Cir. 1997) (joinder of parties impracticable for class with over 1100 members and "[t]o reach this conclusion is to state the obvious")).

Plaintiffs have asserted claims on behalf of two classes. The first class is defined as: all persons residing in the United States who have donated funds to the NRA from November 30, 2015 through January 26, 2019 (the "NRA Class"). The second is defined as: all persons residing in the United States who have donated funds to the NRA Foundation from November 30, 2015 through January 26, 2019 (the "NRA Foundation Class"). Both proposed classes easily satisfy the numerosity requirement of Rule 23.

As to the NRA Class, Defendant concedes that more than five million individuals donated to the NRA during the class period. *See* Exhibit 1, Defendant's Supplemental Responses and

---

this motion pursuant to the deadline set in the Court's scheduling Order so as to comply with the Order. To the extent that Defendants raise factual issues in response, the Court should enter and continue the motion to allow orderly completion of outstanding discovery that may bear on the issues.

Objections to Plaintiffs' Interrogatories, at 5. The identities and contact information of class members can be obtained from the business records maintained by the NRA and the NRA Foundation.

As to the NRA Foundation Class, Plaintiff has not yet learned the precise number of individual Foundation donors through discovery, *id.* at 5-6 (Defendant objecting to providing this information), but that number is certainly well over 40. The substantial size of the Foundation, which Defendant has explained transferred over $36 million to the NRA during the class period, *id.* at 14, provides the basis for a reasonable inference that the NRA Foundation class is sufficiently numerous. *See Kerns v. Caterpillar, Inc.,* No. 3:06-CV-01113, 2007 WL 2044092, at *3 (M.D. Tenn. July 12, 2007) (reasonable inferences from the evidence are to be drawn at the class certification stage).

Given the massive number of affected donors nationwide, joinder of all members would be impracticable. Notice to the class members can be efficiently provided through a combination of email and public notice.

*Commonality*

Rule 23(a)(2) requires that there be questions of law or fact common to the class. Courts "start from the premise that there need be only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013). "The standard is not [that] demanding. 'Rule 23(a) simply requires a common question of law or fact.'" *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 583 (W.D. Mich. 2001) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997)).

Common questions of law and fact exist for both proposed classes. They include, among others:

**Questions Common to the NRA Class**

1. Whether the NRA was contractually obliged to use donor funds to further its stated mission.

2. Whether the NRA used donated funds in compliance with applicable law, including laws governing nonprofit organizations.

3. Whether the NRA misspent donor funds on matters unrelated to its stated mission, including luxury goods and travel for Wayne LaPierre and members of his family.

4. Whether the NRA acted contrary to the Universal Disclosure Statement that it provided to all donors.

5. Whether the NRA laundered donor funds through advertising agency Ackerman McQueen.

6. Whether the NRA committed fraud through its use of the mails and wires.

7. Whether the NRA must repay donations made by Plaintiffs and class members, together with costs and punitive damages.

**Questions Common to the NRA Foundation Class**

1. Whether the NRA exercised control over the operations and finances of the NRA Foundation.

2. Whether the NRA used its control of the Foundation to plunder the Foundation's funds.

3. Whether the Foundation was legally or contractually obliged to use its funds to further the Foundation's stated mission.

4. Whether the Foundation complied with laws governing nonprofit organizations.

5. Whether the Foundation, under control of the NRA, misspent donor funds, including by transferring funds to the NRA.

6. Whether Foundation funds were used for the benefit of individuals, such as Wayne LaPierre.

7. Whether the Foundation's conduct violated applicable nonprofit laws.

8. Whether the NRA committed a predicate RICO offense by obtaining and misusing Foundation funds.

9. Whether Defendants must repay donations made by Plaintiffs and class members.

These issues arise from Defendants' uniform course of conduct and are capable of

6

Case 3:19-cv-00679    Document 215    Filed 03/13/26    Page 6 of 14 PageID #: 2717

classwide resolution. Accordingly, commonality is satisfied.

*Typicality*

Rule 23(a)(3) requires that the claims of the class representatives be typical of the claims of the class. "Typicality is met if the class members' claims are fairly encompassed by the named plaintiffs' claims." *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 501 (M.D. Tenn. 2019). "This requirement ensures that the class representative's interests are aligned with the interests of the represented class members so that, by pursuing its own interests, the class representative also advocates the interests of the class members." *Id.* (citing *In re Whirlpool Corp.*, 722 F.3d at 852-53.

The named Plaintiffs satisfy this requirement. Each is an NRA and/or NRA Foundation donor during the class period, as confirmed by Defendant's Interrogatory responses. Exhibit 1 at 5 ("28 is the total number of donations from Plaintiffs during the relevant time period."). Defendant has further admitted that it sent various representations regarding the use of donated funds to all donors, including specifically the named Plaintiffs, during the relevant time period. *See*, *e.g.*, Def.'s Ans. To Third Am. Compl., Dkt. 193, at ¶¶ 27-28, 31-37, 40-49.

Additionally, it is uncontested that Plaintiff Dell'Aquila also donated funds to the NRA Foundation during the class period. The NRA's misuse of Foundation funds through racketeering activity injured Dell'Aquila in the same way as all Foundation donors, making his claims typical of those of the NRA Foundation Class.

Because Plaintiffs' claims arise from the same course of conduct and the same legal theories apply to all class members, the typicality requirement is satisfied.

*Adequacy*

The adequacy requirement of Rule 23(a)(4) requires that the "representative parties will

7

fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The two criteria for determining whether class representatives are adequate, as required for class certification, are (1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 405 (M.D. Tenn. 2019) (citing *Senter*, 532 F.2d at 525).

As discussed above, each of the named plaintiffs' interests are thoroughly aligned with those of the respective class members. Moreover, the fact that these plaintiffs have continued to prosecute this action—even going so far as to personally file pleadings to keep the case alive after they were abandoned by their original counsel—demonstrates that they will vigorously prosecute this action.

As to adequacy of counsel, courts have repeatedly recognized the Loevy firm's success and its reputation in complex cases, including class actions, and firm lawyers have been appointed as class counsel in numerous cases. *See, e.g., Lewis v. Magnite, Inc.*, No. 25-cv-03448-MWC-SSC, Dkt. 39 at 6 (C.D. Cal. Sep. 16, 2025) (appointing Loevy as Interim Class Counsel on the strength of Mr. Loevy, Mr. Kanovitz, and Mr. Hanson's qualifications); *Aranda v. Caribbean Cruise Line, Inc.,* 12 C 4069, 2017 WL 1369741, at *9 (N.D. Ill. Apr. 10, 2017) (noting the firm's expertise in conducting class action trials and stating "that counsel provided exceptional representation for the class and produced high-value output, securing the largest and strongest TCPA settlement in history" in case where firm lawyer served as co-class counsel)*, aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.,* 896 F.3d 792 (7th Cir. 2018); *In re Clearview AI, Inc. Consumer Privacy Litig.,* 2025 WL 1371330, *9 (N.D. Ill. May 12, 2025) (approving creative data privacy settlement on behalf of over 100 million class members and noting Lead Class Counsel team of Mr.

8

Loevy, Mr. Kanovitz and Mr. Hanson "has shown its significant experience in class action litigation and settlement throughout the case").

Accordingly, the adequacy requirement is met.

**B.     Plaintiffs Satisfy Rule 23(b)(3)**

*Predominance*

"To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 459–60 (6th Cir. 2020); *see Young*, 693 F.3d at 544 ("While the commonality element of Rule 23(a)(2) requires showing one question of law or fact common to the class, a Rule 23(b)(3) class must show that common questions will *predominate* over individual ones.") (emphasis in original). "The Supreme Court has emphasized that 'Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class.'" *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016) (quoting *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013)) (emphasis in original). "Common questions are those 'that can be proved through evidence common to the class.'" *Id.* (quoting *In re Whirlpool Corp.*, 722 F.3d at 858).

In this case, liability turns on Defendants' conduct in:

- soliciting donations,
- representing how those funds would be used, and
- allegedly diverting those funds for improper purposes.

Evidence regarding these practices—including financial records, internal communications, and fundraising materials—will be common to all class members. The predominance inquiry is not

9

focused on whether proof will establish the elements of the claim, but rather whether common questions will predominate over individual ones for each claim. *See In re Whirlpool Corp.*, 722 F.3d at 858. In short, the inquiry is tied to the proof, not to the answer. Here, the evidence in support of Plaintiffs' claims focuses entirely on Defendant's conduct; there are no individual inquiries for individual class members, much less inquiries that would predominate over common questions. Accordingly, the predominance requirement is met.

<u>Superiority</u>

To satisfy the superiority requirement, Plaintiffs must demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "In undertaking this analysis, the Court examines four factors: (A) The class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *In re Nissan N. Am., Inc. Litig.*, No. 3:19-CV-00843, 2023 WL 2749161, at *12 (M.D. Tenn. Mar. 31, 2023), *vacated and remanded on other grounds*, 122 F.4th 239 (6th Cir. 2024).

This requirement is satisfied for several reasons. First, individual damages are likely modest relative to the cost of litigation, as most of the NRA's donations during the class period came from donors who gave less than $200.00.[4] Accordingly, most donors would have insufficient incentive to pursue individual lawsuits; indeed, to Plaintiffs' knowledge no other class member has filed an individual suit alleging similar claims based upon similar facts.

Moreover, millions of individual actions would overwhelm the judicial system and risk

---

[4] *NRA Breaks 15-Year Fundraising Record After Parkland Shooting*, Apr. 24, 2018, available at https://www.bbc.com/news/world-us-canada-43884698.

inconsistent rulings. Maintaining this action as a class action, on the other hand, promotes judicial efficiency by allowing a single court to resolve common issues in one proceeding. And, finally, there are no issues of manageability present here, where counsel for both parties as well as the Court are all well versed in managing class action litigation.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Certify the proposed NRA Class and NRA Foundation Class pursuant to Rule 23(a) and Rule 23(b)(3);

2. Appoint the Named Plaintiffs as Class Representatives;

3. Appoint Plaintiffs' counsel as Class Counsel pursuant to Rule 23(g); and

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
s/ Thomas M. Hanson  *One of Plaintiffs' Attorneys*
Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
Thomas M. Hanson (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
hanson@loevy.com

Elizabeth Wang (*pro hac vice*)
Jordan Poole (*pro hac vice*)
LOEVY & LOEVY
2060 Broadway, Ste. 280
Boulder, CO 80302
O: (720) 328-5642
elizabethw@loevy.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 13, 2026, I conferred with Defendant's counsel regarding the relief requested in the motion. Defendant's counsel advised that Defendant is opposed to the relief requested herein.

/s/ Thomas M. Hanson
Thomas M. Hanson

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026, a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

| | |
|---|---|
| Michael Kanovitz (*pro hac vice*)<br>Jonathan I. Loevy (*pro hac vice*)<br>Thomas M. Hanson (*pro hac vice*)<br>Julia Rickert (*pro hac vice*)<br>Heather Sticht (BPR 030827)<br>LOEVY & LOEVY<br>311 N. Aberdeen St., 3rd Fl.<br>Chicago, IL 60607<br>O: (312) 243-5900<br>hanson@loevy.com<br><br>Elizabeth Wang (*pro hac vice*)<br>LOEVY & LOEVY<br>2060 Broadway, Ste. 280<br>Boulder, CO 80302<br>O: (720) 328-5642<br>elizabethw@loevy.com<br><br>*Attorneys for Plaintiffs* | WOMBLE BOND DICKINSON (US) LLP<br>1222 Demonbreun St Ste 1201<br>Nashville, TN 37203<br>Telephone: (629) 259-1450<br>tdundon@wbd-us.com<br><br>Aubrey B. Harwell, Jr.<br>ADAMS & REESE LLP<br>1600 West End Ave, Suite 1400<br>Nashville, TN 37203<br>Telephone: (615) 259-1450<br>Email: aubrey.harwell@arlaw.com<br><br>William J. Harbison II<br>1600 West End Avenue, Suite 1750<br>Nashville TN 37203<br>Telephone: 615/742-4577<br>Email: jharbison@srvhlaw.com<br><br>Carl W. Hittinger (*pro hac vice*<br>Baker & Hostetler, LLP<br>1735 Market Street<br>Suite 3300<br>Philadelphia, PA 19103-7501<br>Telephone (215) 564-2898<br>chittinger@bakerlaw.com<br><br>*Attorneys for Defendant* |

/s/ *Thomas M. Hanson*
Thomas M. Hanson

14

Case 3:19-cv-00679   Document 215   Filed 03/13/26   Page 14 of 14 PageID #: 2725