IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 3:19-cv-00679** |
| | ) | **Judge Campbell/Frensley** |
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## ORDER

### I. INTRODUCTION

Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber ("Plaintiffs") brought this action against the National Rifle Association of America ("Defendant") alleging fraud, breach of contract, tortious interference, and violations of the Racketeer Influenced and Corrupt Organizations Act., 18 U.S.C. § 1961, *et seq*. ("RICO") arising out of Defendant's alleged improper use of Plaintiffs' donations. Docket No. 164, pp. 1–3. The Court entered an Initial Case Management Order on July 11, 2025. Docket No. 198.

This matter is now before the Court upon several motions filed by the parties. These include Plaintiffs' "Opposed Motion Instanter to Amend Case Management Order." Docket No. 214 ("Motion to Amend"_. Defendants have not responded to this Motion, although in their "Notice of Response" to Plaintiffs' concurrently filed Motion for Class Certification, Defendants

assert that the Motion to Amend has been rendered moot by Plaintiffs' filing of a Motion for Class Certification. Docket No. 217. Additional related motions before the Court are the parties' Joint Motion to Extend Fact Discovery Cutoff (Docket No. 209), Plaintiffs' Request for Status Conference (Docket No. 221), and Defendant's Motion for Discovery Conference (Docket No. 222). For the reasons set forth below, Plaintiffs' Motion (Docket No. 214) is GRANTED IN PART. The parties' Joint Motion (Docket No. 209) is GRANTED. In light of the deadline extensions granted, Plaintiffs' and Defendant's Motions seeking conferences (Docket Nos. 221 and 222) are DENIED without prejudice to refiling if still necessary given the additional time provided.

## II. LAW AND ANALYSIS

### A. Motions to Amend a Case Management Order

In the Sixth Circuit, "[w]ith good reason, district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). "Pursuant to Rule 16(b), a scheduling order establishing deadlines for matters such as joinder and amendments to pleadings 'shall not be modified except upon a showing of good cause and by leave of the district judge.'" *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) *quoting* Fed. R. Civ. P. 16(b). Good cause is assessed primarily by the moving party's diligence to meet the requirements established in the case management order. *Id., citing Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* However, "[w]hile a consideration of potential prejudice to the nonmovant is a factor the court should consider in deciding whether or not to amend a scheduling order, even in the absence of prejudice the plaintiff must explain its failure for asserting the amendment in a timely fashion."

*O'Connor v. Lampo Group, LLC.*, No. 3:20-cv-00628, 2021 U.S. Dist. LEXIS 250867, 2021 WL 6500712 at *2 (M.D. Tenn. 2021).

**B. <u>Plaintiffs' Motion to Amend the Case Management Order</u>**

Plaintiffs move to amend the current Case Management Order (Docket No. 198) by extending all dates by twelve months. Docket No. 214, p. 1. Plaintiffs note that there is no current trial date or deadline for filing dispositive motions. *Id.* at 2. Plaintiffs contend that at the November 11, 2025, status conference (*see* Docket No. 204), Plaintiffs stated the schedule would need to be extended and "understood the Court would prefer that any such motion be filed after the Parties had a better idea of how much time would be necessary." *Id.* After the status conference, Plaintiffs explain that "the Parties' discussions regarding discovery continued, and on January 9, 2026, the Parties filed a Joint Motion to Extend fact discovery by one year." *Id., citing* Docket No. 209. Plaintiffs state that both sides had "reached agreement on the scope of Defendant's initial ESI search on February 9, 2026, and Defendant's collection and review of responsive documents is ongoing. Defendant's counsel has advised that the production will begin on March 30, 2026 and move forward at a fairly steady pace thereafter until completion." *Id.* at 3.

Plaintiffs state that they believed the extension in the Joint Motion applied to the other deadlines in the Case Management Order: "[g]iven that the Case Management Order provides for the completion of fact discovery prior to briefing on class certification, and that Defendant has conducted itself as if fact discovery will be extended, Plaintiffs' counsel was under the impression that an equivalent extension of the class certification deadline would be agreeable to Defendant." *Id.* Plaintiffs "regret[] having erred in assuming that the Parties would continue to move this case forward in a cooperative manner, and apologize[] to the Court for having to deal

with these issues in serial filings." *Id.* Plaintiffs request a year extension to all dates in the scheduling order, and state that "Defendant has not yet begun its ESI production, Plaintiffs are still responding to written discovery, and no depositions have been taken . . . Defendant did not identify any prejudice in opposing Plaintiffs' request, and Plaintiffs are aware of none." *Id.*

Plaintiffs note that they are concurrently filing their Motion for Class Certification and request they be allowed to supplement the class certification motion upon completion of discovery. *Id.* at 4. Plaintiffs acknowledge that the filing of this motion does not meet the Case Management Order's requirement that a motion to amend be filed seven days prior to any impacted deadline but note that "Plaintiffs' counsel was proceeding under the mistaken impression that the Parties were moving in lockstep with respect to the amount of time needed to complete discovery and prepare class certification and dispositive motions." *Id.*

As previously noted, Defendant did not file a Response to Plaintiffs' Motion to Amend. However, in Defendant's Notice of Response to Plaintiffs' Motion for Class Certification, Defendant stated that Plaintiffs' Motion to Amend "has been rendered moot by Plaintiffs' subsequent timely filing of their Motion For Class Certification and therefore requires no response." Docket No. 217, p. 1.

**C. <u>Analysis</u>**

Plaintiffs have demonstrated good cause sufficient to warrant an amendment of the Case Management Order. Plaintiffs have explained their presumption that the Order would be extended to match the Parties' Joint Motion for Extension of Time to Complete Discovery. Docket No. 214, p. 4. In the Joint Motion for Extension of Time to Complete Discovery, both parties request that there be a "one-year extension of the fact discovery deadline to January 18, 2027." Docket No. 209, p. 2. The proposed extension of fact discovery marks a clear departure

from the Case Management Order, which stated that "[t]he parties shall complete all written discovery and depose all fact witnesses on or before **January 16, 2026**." Docket No. 198, p. 3 (emphasis in original).

The Case Management Order set the deadline for Plaintiffs to file their motion for class certification just under two months from that date, on March 13, 2026. *Id.* at 4. Given that discovery was supposed to occur prior to the Plaintiffs' deadline to file a motion for class certification and that the parties reached an agreement to extend fact discovery by a year, it is appropriate for the Court to exercise its broad discretion and extend all dates in the Initial Case Management Order (Docket No. 198) by one year to correspond with the Joint Motion for Extension of Time to Complete Discovery (Docket No. 209). *See Kimble*, 439 F.3d at 336. Furthermore, the Court finds there is no prejudice to Defendant substantial enough to deny the Motion given the aforementioned agreement to extend discovery.

Nevertheless, the Court finds that the parties have not demonstrated the need to extend the deadline for filing motions to amend or to add parties. This 2019 case is already on its Third Amended Complaint; additional amendments are unwarranted.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (Docket No. 214) is GRANTED IN PART. In consultation with Judge Campbell's chambers, all deadlines in the current Case Management Order (Docket No. 198) are extended by one year, except for the deadline to file motions to amend or to add parties, which will not be extended. Additionally, before Plaintiffs file their motion for class certification, the parties must attempt to resolve this case through mediation and must file a notice as to the result of that attempt.

Because the request in the parties' Joint Motion to Extend Fact Discovery Cutoff is encompassed by the new deadlines proposed in Plaintiffs' Motion, that Motion (Docket No. 209) is also GRANTED. In light of the deadline extensions granted, Plaintiffs' and Defendant's Motions seeking conferences (Docket Nos. 221 and 222) are DENIED without prejudice to refiling if still necessary given the additional time provided.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**