# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-cv-00679<br><br>Judge William L. Campbell, Jr.<br><br>Magistrate Jeffery S. Frensley |

**<u>JOINT DISCOVERY DISPUTE STATEMENT</u>**

Pursuant to Local Rule 37.01, the Court's August 31, 2026 Order, and Magistrate Judge Frensley's Case Procedures section III.D.3, the Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber, individually and on behalf of the putative class ("Plaintiffs"), and Defendant National Rifle Association of America ("NRA") (collectively, the "Parties"), respectfully submit the following Joint Discovery Dispute Statement in connection with the NRA's renewed motion for a discovery conference.

**Defendant's Preliminary Statement**

This dispute concerns Plaintiffs' responses to interrogatories served by the NRA on January 16, 2026, seeking information regarding the factual basis for allegations asserted in Plaintiffs' Third Amended Complaint. Despite multiple rounds of responses, supplemental responses, and extensive meet-and-confer efforts, Plaintiffs have not fully provided the information requested.

At issue is whether Plaintiffs have adequately identified: (1) the donations underlying their claims; (2) the communications or solicitations upon which they allegedly relied; and (3) the

factual bases for their allegations that they relied on representations regarding the use of donated funds and were injured by the NRA's alleged misuse of those funds. The NRA maintains that Plaintiffs' responses to Interrogatory Nos. 1, 4, 6, and 7 remain incomplete because they do not provide the information sought by those interrogatories.

On January 16, 2026, the NRA served interrogatories and requests for production seeking, among other things, information concerning the factual bases for Plaintiffs' claims, their alleged reliance on purported misrepresentations by the NRA, and the relationship between those representations and Plaintiffs' alleged injuries. At Plaintiffs' request, the Parties agreed to extensions of time for Plaintiffs to respond. Plaintiffs served responses and objections on March 27, 2026, objecting on timeliness grounds to the NRA's January 16, 2026 interrogatories and requests for production.

Following a meet-and-confer on April 1, 2026, Plaintiffs agreed to provide substantive supplemental responses notwithstanding their previously asserted timeliness objections, and served those supplemental responses on May 15, 2026. The Parties subsequently conferred regarding the adequacy and verification of those responses, including during a conference on June 22, 2026. On July 2, 2026, Plaintiffs David Dell'Aquila, Todd Chesney, and Brent Weber served verified interrogatory responses. Plaintiff Lorannda Borja did not provide a verification.

After reviewing Plaintiffs' supplemental and verified responses, the NRA advised that certain interrogatory responses remained deficient because they did not identify the information requested. The Parties engaged in further correspondence and conferral efforts, including videoconferences and an in-person conference in Nashville, Tennessee, on July 15, 2026, but were unable to resolve the disputes concerning Plaintiffs' responses to Interrogatory Nos. 1, 4, 6, and 7.

The Parties subsequently submitted competing requests for conferences regarding outstanding discovery and case-management issues. Dkt. Nos. 221, 222. In its August 31, 2026 Order, the Court extended the deadlines in the Case Management Order by one year and denied those conference requests without prejudice to renewal if a conference remained necessary. Dkt. No. 225.

Throughout this period, the NRA continued producing responsive documents and ESI, including productions made on March 30, April 16, July 6, September 21, and October 6, 2026, totaling 10,593 documents (74,588 pages).

With the scheduling issues resolved, the Parties conferred by videoconference on September 17, 2026, in a renewed attempt to resolve the outstanding discovery disputes. Those efforts did not resolve the Parties' disagreements concerning Interrogatory Nos. 1, 4, 6, and 7. Because the Parties have exhausted their meet-and-confer efforts and the disputes remain unresolved, the NRA respectfully submits the remaining interrogatory disputes for the Court's resolution.

**Plaintiffs' Preliminary Statement**

Plaintiffs concur with Defendant's Preliminary Statement except as follows:

1. As is set forth below, Plaintiffs have adequately responded to the discovery requests at issue.
2. Plaintiffs did not withdraw their timeliness objection. To the contrary, they agreed to provide responses to the discovery requests despite their patent untimeliness to ensure the litigation was not completely stalled pending the Court's ruling on the Parties' Joint Motion to Extend. This concession was particularly important given that Defendant's counsel

advised that Defendant had ceased its production of ESI (which had been timely requested) in response to Plaintiffs' assertion of the timeliness objection.

The following items are in dispute,[1] from the following discovery requests propounded by the NRA:

**Defendant National Rifle Association's Interrogatories to Plaintiffs David Dell'Aquila, Lorannda Borja, Todd Chesney, and Brent Weber (attached as Exhibit A, Plaintiffs' Responses attached as Exhibit B):**

**Interrogatory No. 1**, seeking identification of each donation made to the NRA or NRA Foundation during the liability period that forms the basis of his or her claims, including the date, amount, recipient, and any information communicated to the NRA or NRA Foundation in connection with the donation.

**Defendant's position**: Plaintiffs' response is deficient because several Plaintiffs fail to provide the information requested by the interrogatory to identify the information communicated to the NRA or NRA Foundation in connection with all donations that were identified in the responses.

Plaintiff Dell'Aquila substantially complied with the interrogatory by producing a chart identifying donations, dates, amounts, recipients, related communications, and benefits received. The remaining Plaintiffs have not provided the full information requested by the interrogatory, including the date, amount, recipient, and any information communicated to the NRA or NRA Foundation that they relied upon in connection with the donation or contribution. The NRA

[1] Defendant's positions on each of these discovery requests are included herein as "Defendant's position" and Plaintiffs' position on each of these discovery requests are included herein as "Plaintiffs' position."

therefore contends that these responses are incomplete and requests supplementation with all responsive information currently available.

**Plaintiffs' position:**

All Plaintiffs, with the exception of Ms. Borja,[2] have provided a full and verified response to this Interrogatory, as set forth below:

1. Defendant acknowledges the adequacy of Plaintiff Dell'Aquila's response.
2. Plaintiff Chesney responded: "Plaintiff made a one-time donation of approximately $80 to the NRA in June of 2018. He had no communication with the NRA regarding this donation, and provided no instructions to the NRA regarding the donation. Plaintiff received an NRA magazine subscription for his donation." Defendant has not explained why it considers this response unsatisfactory.
3. Plaintiff Weber responded: "[H]e has given money to the NRA both as membership payments and for lobbying efforts. Plaintiff continues to investigate the details of these payments, and will supplement as appropriate." While this response is admittedly less detailed, it is Plaintiff Weber's response based on his recollection and review of records. Defendant does not explain how this response is insufficient.

**Interrogatory No. 4**, seeking identification by Bates number of each communication by the NRA or the NRA Foundation that each Plaintiff relied upon in making a donation, including the date and amount of the corresponding donation, the recipient of the donation, and the statement relied upon.

[2] While preparing responses to these discovery requests, Ms. Borja ceased communicating with Plaintiffs' counsel. Plaintiffs' counsel will continue efforts to reach out to her, but recognizes that if she does not respond her claims will need to be dismissed.

**Defendant's position:** Plaintiffs' responses are deficient because they do not identify which communications they contend they relied upon, which specific donations were allegedly made in reliance on those communications, or which statements from the NRA or NRA Foundation that supposedly influenced any donation decision. Instead, Plaintiffs refer generally to a "continuous stream of communications" from the NRA and the NRA Foundation and state that responsive documents will be produced.

The Parties' discussion during their July 15, 2026 meet-and-confer further clarified the nature of the dispute. Plaintiffs represented that they had produced all responsive documents, that no named Plaintiff, other than David Dell'Aquila, possessed responsive NRA or NRA Foundation solicitation materials or communications, and that they did not possess such materials for the remaining Plaintiffs. Given those representations, Plaintiffs cannot satisfy the interrogatory by referring to a future document production in lieu of a substantive response, particularly where they acknowledge that they do not possess any further responsive documents.

Interrogatory No. 4 seeks identification of the communications Plaintiffs allegedly relied upon and the specific donations allegedly made in reliance on those communications. That information is uniquely within Plaintiffs' knowledge and, to the extent that the Third Amended Complaint does not identify those communications or donations with specificity, discovery is the appropriate mechanism for obtaining such factual details. *See JRS Partners v. Warren*, No. 3:17-cv-01258, 2019 WL 7461200, at *4 (M.D. Tenn. July 31, 2019) ("Any lack of detail in the complaint can be fleshed out during discovery." (internal quotation marks omitted)). Even if Plaintiffs no longer possess the underlying communications, they must identify the communications, statements, and corresponding donations to the extent the information is reasonably available to them. *See, e.g.*, *Boegh v. Harless*, No. 5:18-CV-00123-TBR-LLK, 2021

WL 1923365, at *2 (W.D. Ky. May 13, 2021) ("If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." (quoting *Lindholm v. BMW of N. Am., LLC*, No. 3:15-CV-03003-RAL, 2016 WL 452315, at *5 (D.S.D. Feb. 5, 2016))).

Plaintiffs' generalized reference to a "continuous stream of communications" does not identify any particular communication, statement, donation, or corresponding document. The NRA therefore requests that Plaintiffs supplement their written response to identify the communications and statements and the donations allegedly made in reliance on those communications.

**Plaintiffs' position:**

As Plaintiffs' Complaint makes clear, Plaintiffs (and the putative class) do not rely on any one specific communication from the NRA as the basis for their claims. Rather, Plaintiffs were inundated with emails, mailed solicitations, and copy from Defendant's website seeking donations to support the NRA's and NRA Foundation's respective missions. As Defendant acknowledges, Plaintiff Dell'Aquila has produced the solicitations he received during the relevant time period; the other Plaintiffs no longer have any such documents in their possession. Accordingly, each Plaintiff has responded, as Defendant acknowledges, that "he has reviewed and relied upon a continuous stream of communications from both the NRA and the NRA Foundation, all of which repeatedly conveyed the message and prom ise that any money he set to either organization would be used to fulfill the NRA and the NRA Foundation's respective missions." Defendant's complaint that such responses do not adequately identify a specific representation (which Plaintiffs' dispute) goes ot the merits of Plaintiffs' claims, but does not make the discovery responses insufficient.

**Interrogatory No. 6**, seeking the basis for allegations in the Third Amended Complaint, including paragraphs 56, 123-24, 150-51, 171, and 185, that unnamed members of the putative class relied upon false statements by the NRA or NRA Foundation in donating money.

**Defendant's position**: Plaintiffs' responses to Interrogatory No. 6 are deficient because they fail to identify the facts, witnesses, communications, solicitations, and other documents that form the basis for Plaintiffs' allegation that they relied on false statements by the NRA or the NRA Foundation in donating money. Instead, Plaintiffs principally rely on references to the Third Amended Complaint and broadly reference their document production without identifying specific materials that purportedly support those allegations.

Interrogatory No. 6 seeks the factual basis for Plaintiffs' allegations, and courts routinely require substantive responses to such discovery. *See, e.g.*, *Percell v. Kentucky Dep't of Mil. Affs.*, No. 3:16-CV-00721-RGJ-LLK, 2018 WL 4677783, at *4 (W.D. Ky. Sept. 28, 2018) ("Fact interrogatories are consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires that plaintiffs must have some factual basis for the allegations in their complaint." (cleaned up)); *see also, e.g.*, *Cable & Computer Tech. Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 & n. 3 (C.D. Cal. 1997) ("The . . . disputed interrogatories [seeking all facts upon which allegations are based] . . . are straightforward 'factual' contention interrogatories which plaintiff should also be able to answer now. Requiring the answer to these 'factual' contention interrogatories is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires that plaintiffs must have some factual basis for the allegations in their complaint." (internal quotation marks omitted)); *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (sanctioning plaintiff for refusing to provide answers to interrogatories that "requested the basis for the plaintiffs' allegations").

Plaintiffs' references to pleadings and document productions do not respond to the interrogatory's request for the factual basis of these allegations, as they do not identify the particular facts, documents, communications, witnesses, or other sources that Plaintiffs contend support allegations of reliance by unnamed putative class members. *Hyland v. Home Servs. of Am.*, No. 3:05CV-612-R, 2008 WL 11357996, at *7 (W.D. Ky. Mar. 26, 2008) (collecting cases) ("[A] party may not sidestep its obligation to properly answer interrogatories merely by referring its opponents to the party's pleadings rather than providing that information available which is responsive to the request."); *see also Cable & Computer Tech Inc.*, 175 F.R.D. at 652 & n. 3; *Hansel*, 169 F.R.D. at 305.

The absence of any identified communications, solicitations, or other documents is particularly notable given the substantial solicitation discovery already produced in this action. The NRA has produced approximately 655 solicitation-related documents totaling more than 11,000 pages, including solicitation emails sent directly to Plaintiffs Dell'Aquila, Weber, Borja, and Chesney, as well as hundreds of solicitations distributed to NRA members during the relevant class period. Yet Plaintiffs still fail to identify the specific communications, solicitations, statements, witnesses, or other evidence allegedly establishing reliance by unnamed putative class members. Nor does Plaintiffs' reliance on the NRA's Uniform Disclosure Statement answer the interrogatory. Plaintiffs do not identify the purportedly false statement, the individuals who allegedly relied on it, when any such reliance occurred, or the facts supporting that allegation.

Accordingly, the NRA requests that Plaintiffs supplement their response to identify the facts, witnesses, communications, solicitations, documents, and other sources of information supporting their allegations concerning reliance by unnamed putative class members.



Case 3:19-cv-00679 Document 226-1 Filed 10/08/26 Page 10 of 14 PageID #: 2829

**Plaintiffs' position:**

This Interrogatory requests that Plaintiffs produce information sent to third parties, which Defendant knows Plaintiffs do not have in their possession, custody or control. Accordingly, Plaintiffs objected on the grounds that the Interrogatory is not proportional to the needs of the case, and also that it seeks information Plaintiffs do not possess. To the contrary, Defendant knows (or should know) what solicitations it has sent to unnamed class members, but has resisted producing such information. And the limited information Defendant has produced has established that it sent its Uniform Disclosure Statement – which specifies that donations will be used to support Defendant's mission – to the donors who make up the putative class, thus establishing the allegations set forth in Plaintiffs' Complaint. Simply put, Plaintiffs cannot provide information that they do not possess, nor should they be compelled to do so.

**Interrogatory No. 7**, seeking identification of the basis for alleging that donations by Plaintiffs or unnamed members of the putative class to the NRA or NRA Foundation were used for fraudulent purposes rather than to advance the mission of the NRA or the NRA Foundation.

**Defendant's position**: Plaintiffs' response is deficient because Plaintiffs do not identify with specificity the facts, documents, persons, or other sources supporting the basis of Plaintiffs' allegations that donations by Plaintiffs or unnamed putative class members were used for fraudulent purposes rather than to advance the mission of the NRA or the NRA Foundation.

Plaintiffs instead respond that, as detailed in the Third Amended Complaint, the alleged fraud has been the subject of public reporting, the NRA's bankruptcy proceedings, and civil suits brought by the New York Attorney General's Office and the District of Columbia Attorney General's Office. Plaintiffs do not specify which portions of those proceedings form the basis for

the allegation that donor funds were used for fraudulent purposes or how those materials support the specific allegations asserted in this action. *Morgan v. AMISUB (SFH), Inc.*, No. 18-cv-2042-TLP-tmp, 2020 WL 4274586, at *4 (W.D. Tenn. July 24, 2020) (explaining that a party's "ability to obtain the information sought from alternative sources does not relieve [the responding party] of [its] obligation to respond in accordance with the Federal Rules of Civil Procedure," or "excuse the failure to answer [those] interrogatories"); *see also Cable & Computer Tech. Inc.*, 175 F.R.D. at 652 & n. 3; *Hansel v. Shell Oil Corp.*, 169 F.R.D. at 305.

Rule 33 requires a responding party to provide the information available to it and, where relying on documents, to identify those materials with sufficient specificity. *See* Fed. R. Civ. P. 33(b)(3), (d). General references to public reporting, litigation, and governmental investigations are not a substitute for a complete interrogatory response. *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) ("Plaintiffs are not permitted to answer interrogatories by generically referring to . . . broad classes of documents with no articulation of where this information may be found."); *see also United States v. Life Care Ctrs. of Am., Inc.*, Nos. 1:08-CV-251, 1:12-CV-64, 2016 WL 3198032, at *3 (E.D. Tenn. Mar. 24, 2016).

Nor does Plaintiffs' reference to additional, unspecified documents that the NRA allegedly "has as yet refused to produce" cure this deficiency. Plaintiffs neither identify the documents they contend have been withheld nor explain why any such materials are necessary to answer this interrogatory. Indeed, Plaintiffs contend that the alleged misuse of donor funds is established by the Third Amended Complaint, public reporting, governmental investigations, and materials already in their possession. If Plaintiffs rely on particular reports, court filings, testimony, audits, financial records, witnesses, or other materials, those sources must be identified. Likewise, if Plaintiffs contend that specific expenditures support their allegation that donor funds were used

for fraudulent purposes, those expenditures must be identified with the specificity required by Rule 33.

The NRA therefore requests that Plaintiffs supplement their response to identify the facts, witnesses, documents, and other sources of information supporting their allegation that donations by Plaintiffs or unnamed putative class members were used for fraudulent purposes.

**Plaintiffs' position:**

The notion that Defendant has been deprived of the factual basis of Plaintiffs' claim is risible. Plaintiffs' Complaint is replete with specific examples of Defendant's misuse of donor funds, frequently with citation to the particular document or reporting upon which the allegation is based. Plaintiffs have produced those documents in their possession that detail some of the NRA's misdeeds, and Defendant has resisted Plaintiff's efforts to seek discovery into its own knowledge of the various legal proceedings in which those misdeeds have been extensively documented. Accordingly, Plaintiffs' response to this Interrogatory, combined with the detailed allegations of the Complaint and the documents that Defendant has as yet refused to produce, are more than sufficient to advise Defendant of the facts upon which Plaintiffs' claims are based.

The Parties have not resolved the foregoing disputes through the meet-and-confer process. The NRA therefore respectfully requests that the Court direct Plaintiffs to serve complete responses to Interrogatory Nos. 1, 4, 6, and 7 and grant such other relief as the Court deems just and appropriate. Plaintiffs submit that their responses are sufficient for the reasons set forth above, and that no further response is necessary.

Dated: October 8, 2026

*/s/ Thomas M. Hanson*
*One of Plaintiffs' Attorneys*
Michael I. Kanovitz (*pro hac vice*)
Jonathan I. Loevy (*pro hac vice*)
Thomas M. Hanson (*pro hac vice*)
Julia Rickert (*pro hac vice*)
Heather Sticht (BPR 030827)
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: (312) 243-5900
hanson@loevy.com

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ Aubrey B. Harwell, Jr.*
Aubrey B. Harwell, Jr.
ADAMS & REESE LLP
1600 West End Ave, Suite 1400
Nashville, TN 37203
Telephone: (615) 259-1450
Email: aubrey.harwell@arlaw.com

*/s/ Carl W. Hittinger*
Carl W. Hittinger (*pro hac vice*)
Tyson Y. Herrold (*pro hac vice*)
Devin L. Redding (*pro hac vice*)
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 564-2898
chittinger@bakerlaw.com
therrold@bakerlaw.com
dredding@bakerlaw.com

Eric G. Osborne (No. 029719)
William J. Harbison II (No. 033330)
Micah Bradley (No. 038402)
SHERRARD ROE VOIGT &
HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone: (615) 742-4200
Facsimile: (615) 742-4539
eosborne@srvhlaw.com

Thomas H. Dundon, BPR No. 004539
WOMBLE BOND DICKINSON (US)
LLP
1222 Demonbreun Street, Suite 1201
Nashville, TN 37203
Telephone: (629) 312-1821
Email: tom.dundon@wbd-us.com

*Attorneys for Defendant NRA*