IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID DELL'AQUILA, LORANNDA BORJA, TODD CHESNEY, and BRENT WEBER, on behalf of themselves and all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **NO. 3:19-cv-00679** |
| **v.** | ) | **JUDGE CAMPBELL** <br> **MAGISTRATE JUDGE FRENSLEY** |
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Plaintiffs' motion for class certification (Doc. No. 215), which was filed on March 13, 2026. In August 2026, the Magistrate Judge extended the parties' discovery deadlines and other case management deadlines by one year. Accordingly, and after conferring with Judge Frensley's chambers, the pending motion for class certification (Doc. No. 215) is **DENIED** without prejudice to refiling in accordance with the new case management deadlines.

The parties are advised that their forthcoming class certification briefing should comport with the Sixth Circuit's recent authority expounding on the "rigorous analysis" that district courts must conduct when considering such motions.

> Civil Rule 23(a) requires the plaintiff to identify "questions of law or fact common to the class." In asking whether the trial court conducted a "rigorous analysis" of commonality, *Dukes*, 564 U.S. at 351, 131 S.Ct. 2541, the answer does not turn on whether the district court wrote a long opinion or held multiple hearings. It turns on whether the court examined the material elements of each claim and determined which ones, if any, yield a common answer.…

> …the district court must do more than identify whether the plaintiffs' questions have some common answers. That's because not every question with a common answer meets Civil Rule 23(a). It's only "central" issues that matter. *Dukes*, 564 U.S. at 350…
>
> The only way to determine whether an issue is central is to deal with the material elements of each claim. *Doster*, 54 F.4th at 430. The district court must examine each cause of action, identify the relevant elements, and evaluate how the common answer at hand helps to resolve at least one of them. And it must repeat this analysis for all ten classes. That is the only way to assess whether the proposed class questions can resolve *each* claim in *each* class.
>
> …the district court's analysis and the plaintiffs' briefing failed to identify a single legally significant common question because they did not attempt to match any common question to any element of any of the plaintiffs' claims.

*In re Nissan North America, Inc. Litigation*, 122 F.4th 239, 246-51 (6th Cir. 2024) (emphasis in original); *Clippinger v. State Farm Automobile Insurance Company*, 173 F.4th 817, 827 (6th Cir. 2026) ("Commonality thus requires courts to identify the elements of the class's claims that the purported common question will affect."). "A question is not common if the answer requires evidence that varies from member to member." *Speerly v. General Motors, LLC*, 143 F.4th 306, 318 (6th Cir. 2025) (citation modified). "To identify such variances, a careful analysis of commonality must assess potential dissimilarities within the proposed class and explain why these apparent differences do not defeat class certification." *In re Nissan*, 122 F.4th at 247. Additionally:

> [Rule 23(b)(3)] requires a court to put the common issues on one side, the individual issues on the other, then "qualitatively evaluate which side 'predominates.'"

*Id*. at 252 (internal citation omitted). "This inquiry requires a district court to make a claim-by-claim comparison of the common and non-common questions to see which ones, if any, predominate." *Speerly*, 143 F.4th at 320.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE